```
ALLEN HYMAN, ESQ. (CBN: 73371)
CHRISTINE COVERDALE, ESQ. (CBN: 195635)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
P: (818) 763-6289 or (323) 877-3405
F: (818) 763-4676
Email: lawoffah@aol.com

Attorneys for Plaintiff,
LARIN CORPORATION
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARIN CORPORATION, | Case No. CV 06-1394 ODW (OPx) |
| Plaintiff, | ~~[PROPOSED]~~ PROTECTIVE ORDER |
| v. | |
| ALLTRADE, INC., a California corporation; ALLTRADE TOOLS, LLC, a California limited liability company; ANDRE LIVIAN, an individual, | |
| Defendants. | |

## ORDER

To adequately protect material entitled to be kept confidential, to ensure that protection is afforded only to material so entitled, and to facilitate the prompt resolution of disputes over confidentiality, it is, pursuant to this Court's authority under F.R.C.P. Rule 26(c) and with the consent of the parties, ORDERED:

///

///

## The Subject Matter Of This Protective Order

1. This Order shall apply to documents, things or information produced in discovery in this case that contain trade secrets or confidential research, development, or commercial information of the producing party encompassed by F.R.C.P. Rule 26(c)(7). If the producing party has made a good faith determination that such documents, things, or information contains such trade secrets or confidential research, development or commercial information of the producing party, then the producing party may designate such material as either "Confidential Material" and/or as "Trade Secret," or "Attorneys Eyes Only," ("AEO").

2. The definitions applicable to this Order are:

(a) "Document" shall mean any written, typed or printed matter of any kind, photographs, computer files, or any other medium for preserving, duplicating or recording written or spoken information.

(b) "Independent Consultant(s)" shall mean any technical consultant(s) or expert(s) hired solely for the purpose of assisting with this action.

(c) "Independent Consultant(s)" does not include any consultant(s) or expert(s) who were employees, are present employees or who were or are consultants to the parties, or who are the parties.

(d) "Party Document" shall mean any document produced by a party.

(e) "Receiving Party" refers to the party or parties who received the material in question.

(f) "Confidential Information," is information that is

confidential, which in the party's estimation is normally of a confidential business nature, that can be disclosed to the opposing party without potential injury or harm to the disclosing party.

(g) "Trade secret" or Attorneys Eyes Only ("AEO") is documentation, or information, including a formula, compilation of information, specifications, or manufacturing or other business information that:

(i) derives independent economic value, actual or potential, from not being generally known, and not readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, or is proprietary business information that would not be disclosed to a competitor, and

(ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

3. There are two categories of disclosure: (1) "Confidential" and (2) "Trade Secret" or AEO.

4. A producing party designating disclosures (information, documents or testimony) as "Confidential Material" shall place or cause to be placed upon such material a "Confidential" legend, or shall designate the deposition testimony confidential, or shall mark or shall designate the documents by Bates stamp numbers or other numerical identification as "Confidential" in writing to the receiving party.

5. A producing party designating disclosures (information, documents or testimony) as "Trade Secret" or AEO, shall identify the deposition testimony as "Trade secret," or AEO, or shall mark or shall designate the documents by Bates stamp

1  number or other numerical designation as AEO, and shall notify the
2  opposing party in writing of the designation.
3      6.  Disclosures designated as "Confidential" will be
4  disclosed only to: (a) independent counsel and their staff; (b)
5  independent consultants, and (c) the opposing party's designees,
6  (which can include in-house counsel, or officers or other employees
7  of the party).  Prior to the independent consultant, or any of the
8  opposing party's designees, receiving confidential information,
9  they must agree in writing to be bound by this Protective Order (by
10 execution of Exhibit A attached).
11     7.  Disclosures designated as "Trade Secret" or AEO will
12 be disclosed only to: (a) independent counsel and their staffs, and
13 (b) independent counsel retained experts.  Prior to independent
14 counsel retained experts receiving access to "Trade Secret" or AEO
15 information, they must agree in writing to be bound by this
16 Protective Order (by execution of Exhibit A attached).

### Permissible Use Of Confidential And Trade Secret Material ("AEO") Disclosures

19     8.  Disclosures designated as "Confidential" or AEO, or
20 "Trade Secret," shall be used solely for purposes of all aspects of
21 this case, including but not limited to: discovery, pre-trial
22 proceedings, trial preparation, trial, and appellate proceedings.
23     9.  With regard to corporate parties, the receiving
24 party is to designate one or more corporate representatives of the
25 receiving party who is to have access to Confidential Material,
26 upon independent counsel providing the attorneys of the disclosing
27 party with a listing of the identity or identities of those
28 corporate representatives who have received confidential

information, identifying the particular confidential information disclosed to each corporate representative. Each corporate representative will execute a non-disclosure agreement (attached as Exhibit A), a copy of which shall be furnished to the disclosing party within two (2) days of execution.

10. Before any disclosure of Confidential Material and/or Trade Secret Material is made to an Independent Consultant, the Independent Consultant shall sign the agreement to be bound by this Protective Order, attached as "Exhibit A."

**Confidentiality Agreement To Be Signed By Certain Persons**

11. All persons who receive "Confidential Material" and/or "Trade Secret" material, except retained counsel for any party in this case and their staff, and court reporters and court personnel, shall execute the "Agreement to be Bound by Protective Order" (attached as Exhibit A). Counsel for the party who discloses the "Confidential Material" or "Trade Secret" material shall retain all such signed agreements until final termination of this case.

12. To the extent that any disagreements arise regarding objections to designations as "Confidential" or as "Trade Secret" or AEO, the parties will meet and confer in good faith to attempt to resolve their disputes and if unable to resolve their dispute, and should a party wish court intervention as to appropriate classification, the parties will prepare a Joint Statement regarding any document or information to which a party requests relief from this protective order which shall be filed under seal with the Magistrate Judge for the Magistrate Judge's determination.
///

### Filing Of Documents Or Testimony That Has Been Designated As Confidential or AEO

13. With regard to any motion or filing in which a party wishes to include Confidential or AEO disclosures, the party filing the document shall designate on the face of the document under the heading of the document, "Filed Under Seal," and shall present the document to the Clerk of the Court in an unsealed envelope, with a face page of the document stapled to the front of the envelope, and a copy of this protective order stapled to the rear of the envelope. *Such documents shall comply with Local Rule 79-5.*

### Declassification

14. Counsel for the parties acknowledge the Court discourages over-inclusion of "Confidential" and "Trade Secret" or AEO designation. The Court reserves its right, on its own motion, to order that material designated "Confidential" or "Trade Secret" or AEO shall cease to be designated or treated as "Confidential" or "Trade Secret" or AEO. Moreover, should any party (or other aggrieved person permitted by the Court to intervene for such purpose) object to the designation of material as "Confidential," or "Trade Secret" ("AEO") and should the parties be unable to resolve this objection informally, then the objecting party may move the Court for an order that the designated material shall cease to be designated as "Confidential" or "Trade Secret" AEO. Such motion shall be made pursuant to the procedures stated in Local Rules 37-2.

15. Termination of this litigation shall not relieve any person from the obligations of this Order, unless the court so orders. Upon the conclusion or final settlement of this

litigation, all persons subject to the terms, within twenty (20) business days after such conclusion or settlement, shall assemble and return to the producing party all Documents containing "Confidential Material" or "Trade Secret" material (including all copies thereof) and those portions of transcripts containing "Confidential Material" or "Trade Secret" material, and shall return such outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, reflect, contain, concern, or disclose "Confidential Material" or "Trade Secret" material, except that each party's lead litigation counsel of record may retain an archival copy of pleadings, transcripts and work product which contain "Confidential Material" or "Trade Secret" material, which materials shall nonetheless remain subject to this Protective Order.

### Termination Of Action

16. No later than thirty (30) days after the conclusion of the trial and any appeal or other termination of this litigation, all "Confidential Material" and "Trade Secret" material received under the provisions of this Order shall be tendered back to the producing party, or, at the discretion of the producing party, destroyed. Provisions of this Order insofar as they restrict the use or communication of "Confidential Material" and/or "Trade Secret" material shall, without written permission of the producing party or further order of this Court, continue to be binding on all persons subject to the terms of this Order.

### No Waiver Of Claims, Counterclaims, Or Defenses

17. Neither the entering into of this Stipulation and Order, nor the taking of any action in accordance with the

provisions of this Order, nor the failure to object to the taking of any action in accordance with this Order, shall be construed as a waiver of any claim, counterclaim or defense in this case.

### Modification

18. The terms and provisions of this Order are subject to modification, extension or limitation as may be hereafter agreed to by all parties in writing and subject to the Court's approval or by order of this Court.

Dated: November 2, 2007

_____
United States Magistrate Judge

APPROVED AND STIPULATED TO:

LAW OFFICES OF ALLEN HYMAN

_____
Allen Hyman
Attorneys for Plaintiff
LARIN CORPORATION

STEPTOE & JOHNSON

_____
Seong Kim, Esq.
Dylan Ruga, Esq.
Attorneys for Defendants
ALLTRADE, INC., ALLTRADE TOOLS, LLC
And ANDRE LIVIAN

S:\PC\LARIN CORP\ProtectOrd110107ne.wpd

-8-

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1. I, _____, hereby acknowledge that I have read and understand this Protective Order and I agree to be bound by all of its terms and conditions;

2. I acknowledge that I understand that unauthorized use or disclosure of the "Confidential Material" or "Trade Secret" material may constitute contempt of court; and

3. I acknowledge that I understand that by signing this "Agreement to Be Bound by Protective Order," I consent to the exercise of personal jurisdiction by this Court with respect to any proceeding relating to enforcement of this Protective Order, including, without limitation, any proceeding relating to contempt of court.

DATED: _____

SIGNATURE: _____

NAME: _____

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10737 Riverside Drive, North Hollywood, California 91602.

    On November 2, 2007, I served the foregoing document described as **[PROPOSED] PROTECTIVE ORDER** on the parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

[X]    (BY MAIL) to the addressees as indicated on the attached Service List, as follows: I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at North Hollywood, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee as indicated on the attached service list.

[X]    (BY FACSIMILE) I sent such document via facsimile to the offices of the addressees as indicated on the attached service list.

[ ]    (BY OVERNIGHT MAIL SERVICE) I caused such document to be delivered via Overnight Mail to the addressees as indicated on the attached service list.

[ ]    (STATE) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on November 2, 2007, at North Hollywood, California.

*/s/ Rory P. Rentmeester*
Rory P. Rentmeester

**SERVICE LIST**

Seong H. Kim, Esq.
Dylan Ruga, Esq.
Steptoe & Johnson, LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
T: (310) 734-3232
F: (310) 734-3231

PC-10:C:\Documents and Settings\Rory Rentmeester\Desktop\CASES\Larin\Proof of Service.wpd
2