# ORIGINAL

1 | ALLEN HYMAN, ESQ. (CBN: 73371)
LAW OFFICES OF ALLEN HYMAN
2 | 10737 Riverside Drive
North Hollywood, California 91602
3 | P: (818) 763-6289 or (323) 877-3405
F: (818) 763-4676
4 | Email: lawoffah@aol.com

5 | Attorneys for Plaintiff,
LARIN CORPORATION

```
┌─────────────────────────────────┐
│             FILED               │
│  CLERK, U.S. DISTRICT COURT     │
│                                 │
│         NOV 1 3 2007            │
│                                 │
│ CENTRAL DISTRICT OF CALIFORNIA  │
│ EASTERN DIVISION     BY DEPUTY  │
└─────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

LARIN CORPORATION,

        Plaintiff,

    v.

ALLTRADE, INC., a California
corporation; ALLTRADE TOOLS,
LLC, a California limited
liability company; ANDRE
LIVIAN, an individual,

        Defendants.

) Case No. CV 06-1394 ODW (OPx)
)
) **JOINT STIPULATION AS TO**
) **PLAINTIFF'S MOTION TO COMPEL**
) **FURTHER RESPONSES AND DOCUMENTS**
) **WITH REGARD TO PLAINTIFF'S SECOND**
) **SET OF REQUESTS FOR PRODUCTION OF**
) **DOCUMENTS TO DEFENDANT ALLTRADE**
) **TOOLS, LLC; AND FOR SANCTIONS**
)
) **[LOCAL RULE 37-2.2]**
)
) **Motion To Compel**
) **Date:   December 4, 2007**
) **Time:   9:30 a.m.**
) **Place:  Courtroom 3, the Honorable**
)          **U.S. District Court Judge**
)          **Oswald Parada, Presiding**

**DISCOVERY CUTOFF**
**DATE: February 4, 2008**

**PRETRIAL CONFERENCE**
**DATE: March 24, 2008**

**TRIAL**
**DATE: April 22, 2008**

26 | ///

27 | ///

28 | ///

S:\PC7\LARIN CORP\JOINTSTIP2-110907.wpd

# TABLE OF CONTENTS

PLAINTIFF'S INTRODUCTORY STATEMENT  . . . . . . . . . . . . . .  3

DEFENDANT'S INTRODUCTORY STATEMENT  . . . . . . . . . . . . . .  6

REQUESTS FOR PRODUCTION IN DISPUTE  . . . . . . . . . . . . . .  8

1

**PLAINTIFF'S INTRODUCTORY STATEMENT**

2         During 2002 to 2006, Plaintiff LARIN had developed and
3 marketed a type of stool, which LARIN sold at wholesale to certain
4 retailers (Sam's Club and Costco), in a LARIN designed box with
5 distinct advertisement on the LARIN box, (distinctive coloring,
6 design of the advertisement, including photographs of LARIN persons
7 using the LARIN stool in a club, in their garage, or at a repair
8 shop) (pictures of the LARIN Box is attached as Exhibit No. 2 to
9 the Declaration of AH), (Complaint, Paras. Nos. 11-20, Ex. No. 1 to
10 the Dec., of AH). LARIN sold and delivered the LARIN stool to
11 retailers for resale in the LARIN Box (Ex. No. 2 to Dec., of AH).

12         In 2006, Alltrade copied the LARIN stool, (made an
13 inferior copy of the LARIN stool), and copied the exact coloring,
14 design, and composition of the photographs of the LARIN box and
15 sold the Alltrade stool, in the Alltrade box (Ex. No. 3 to the
16 Dec., of AH) to the same retail customers as LARIN the photographs
17 of the Alltrade Box is Ex. No. 3 to the Dec., of AH. LARIN has
18 asserted in its complaint (Ex. No. 1 to the Dec., of AH), that
19 Alltrade's copying of the LARIN Box caused customer confusion, and
20 loss of goodwill and sales of the LARIN stool.

21         LARIN asserted Alltrade engaged in intentional false
22 advertising by copying the LARIN advertising on LARIN's box (Ex.
23 No. 2 to the Dec. of AH) as compared to the Alltrade box (Ex. No. 3
24 to the Dec. of AH).

25         LARIN therefore sought discovery as to Alltrade's
26 creation of the Alltrade stool, the Alltrade box, (Ex. No. 3 to the
27 Dec., of AH) the nature of the creation of the Alltrade stool, the
28 nature of the creation of the advertising, (colors, content of

1  photographs, lettering, and other elements of the Alltrade box (Ex.
2  No. 3 to the Dec., of AH).

3          LARIN also sought document discovery as to Alltrade's
4  advertisements, sales of its stools in its box, and communications
5  between Alltrade and its manufacturer and Alltrade and its
6  customers or proposed or prospective customers as to the Alltrade
7  Stool.

8          There are two companies: Alltrade Inc., ("ATI"), and
9  Alltrade Tools LLC, ("ATT").  As of the time of the preparation of
10  this joint stipulation, the attorney for defendants has indicated
11  informally that ATI conducted no business, was not involved in any
12  manner in the manufacturing purchasing, sale advertising or
13  creation of the Alltrade Stool, though no declaration or
14  information to that effect has been provided, and that the only
15  company involved was ATT.

16          On June 25, 2007, LARIN served on ATT, LARIN's Second Set
17  of Request For Production of Documents, Nos. 37-54, (Ex. No. 4 to
18  the Dec., of AH).  On July 31, 2007, (Ex. No. 5 to the Dec., of
19  AH), ATT served its Responses and Objections to LARIN's Second Set
20  of Requests For Production (Ex. No. 4), Nos. 37-54.

21          As to the eighteen (18) requests Nos. 37 to 54, ATT
22  objected to all eighteen (18) requests on the basis of privilege,
23  without providing a privilege log.

24          As to the eighteen (18) requests, ATT indicated as to
25  Nos. 37 and 40 that it would produce to the extent not already
26  produced, as it "understands the request" without stating how ATT
27  "understands the request."

28          As to requests Nos. 39, 40, 43, and 44, ATT indicated it

1   would not produce because the Request was vague or unintelligible,
2   without indicating how it was vague or unintelligible.

3           Though the parties have signed a protective order (Ex.
4   No. 6 to the Declaration of Allen Hyman), and though LARIN has
5   produced over 2300 documents pursuant to a signed protective order
6   that included LARIN trade secret information, ATT, as to Nos. 45 to
7   53, ATT indicated it would not produce in that the information
8   requested was trade secrets.

9           As to No. 54, requesting customer complaints as to the
10  ATT stool, ATT asserted that the information was not relevant to
11  the case.

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**DEFENDANT'S INTRODUCTORY STATEMENT**

2          The instant motion has been filed for only one reason:
3  retaliation.  Plaintiff's counsel did <u>not even try</u> to meet and
4  confer regarding the issues contained herein prior to serving the
5  instant Joint Stipulation on Defendants' counsel.  (Declaration of
6  Dylan Ruga, attached hereto ("Ruga Decl."), ¶¶ 2.)  Subsequently,
7  after receipt of Plaintiff's premature Joint Stipulation,
8  Defendants' counsel offered to meet with Plaintiff's counsel to
9  amicably resolve each of Plaintiff's concerns.  (<u>Id.</u>, ¶ 3, Ex. A.)
10 Plaintiff's counsel <u>rejected this offer</u> and indicated that the
11 instant motion would be filed in any event.  (<u>Id.</u>, ¶ 4.)  It is
12 clear, therefore, that the instant motion is retaliatory and
13 brought only in response to the legitimate motions previously filed
14 by Defendants.

15          As explained in more detail below, defendant Alltrade
16 Tools LLC ("ATLLC") provided substantive responses to each of
17 Plaintiff's requests for production of documents.  ATLLC also
18 produced all responsive, non-privileged documents in its
19 possession, custody or control.  The reason the production was
20 relatively small is that Alltrade's stool was only <u>sold to one</u>
21 <u>customer</u> (Sam's Club) and there was <u>zero advertising or marketing</u>.
22 ATLLC was "second to market" with this particular product.  It
23 made basic improvements to Larin's stool and was able to
24 manufacture and sell the product for less than Larin.  There is
25 nothing "unfair" or "false" about this, it is just normal
26 competition among two businesses.

27          The instant motion should be summarily denied because
28 Plaintiff failed to comply with Local Rule 37-1 by meeting and

conferring in good faith, and in person, to eliminate as many of the disputes as possible.  (Ruga Decl., ¶¶ 2-4 & Ex. A.)  Indeed, Plaintiff's counsel affirmatively rejected Defendants' counsel's attempt to resolve informally the issues raised in this Joint Stipulation.  (Id., ¶¶ 3,4 & Ex. A.)  Even if the Court overlooks this blatant violation of the Local Rules, the motion still should be denied because ATLLC already has provided all responsive, non-privileged documents.  Accordingly, there is nothing left to compel.

1                          **REQUESTS FOR PRODUCTION IN DISPUTE**

2 **REQUEST FOR PRODUCTION NO. 37.:**

3           Provide documents indicating the date, buyer and sale

4 price of each sale of the ALLTRADE Motorcycle Saddle Stool from

5 January 1, 2002 to the present.

6 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

7           Alltrade Tools LLC objects to this request to the extent

8 that the documents sought are confidential or subject to the

9 attorney-client, work-product, or other applicable privileges.

10 Alltrade Tools LLC also objects to this request to the extent that

11 it is overly broad, unduly burdensome, and harassing.

12           Subject to and without waiving these and any other

13 objections, and to the extent it understands this request, Alltrade

14 Tools LLC will produce for inspection and copying all non-

15 privileged responsive documents, if any, which are in its

16 possession, custody, or control and have not already been produced.

17 **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 37:**

18           1.   ATT states it will produce documents not already

19 produced, but does not indicate what documents it intends to

20 produce. To date, ATT has produced a total of 196 pages of what

21 appears to be sales documents.

22           2.   ATT states it will produce to the "...extent it

23 understands the request..." ATT does not indicate how it

24 understands the request, and how that qualifies the response.

25           3.   ATT does not provide a privilege log.

26 **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 37:**

27           This Request asks for "documents indicating the date,

28 buyer and sale price of each sale of the ALLTRADE Motorcycle Saddle

1 | Stool . . . ."   ATLLC already has produced all non-privileged
2 | responsive documents in its possession, custody or control.

3 |         Larin now complains about the qualifying language in
4 | ATLLC's response, but there was no reason for Larin to file the
5 | instant motion to compel.   If Larin wanted ATLLC to remove the
6 | qualification from its response, Larin should have met and
7 | conferred with ATLLC and made this request.   Had Larin done so,
8 | ATLLC would have removed the qualifying language and this motion
9 | would have been unnecessary.   Indeed, on November 2, 2007, ATLLC's
10 | counsel advised Larin's counsel that "*all of the issues in*
11 | *[Larin's] meet and confer letter and joint stipulations can be*
12 | *resolved amicably, without the need to burden the court or waste*
13 | *our client's money.   We are happy to meet with you, either in*
14 | *person or on the telephone, to discuss each response that you take*
15 | *issue with.*"   (Ruga Decl., ¶ 3, Ex. A.)   Larin, however, chose to
16 | forego the meet and confer process and file this motion in
17 | retaliation for the several valid motions previously filed by
18 | Defendants.

19 | **REQUEST FOR PRODUCTION NO. 38.:**

20 |         Provide documents indicating each payment for any
21 | advertisement or marketing of the ALLTRADE Motorcycle Saddle Stool
22 | from January 1, 2002 to the present.

23 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

24 |         Alltrade Tools LLC objects to this request to the extent
25 | that the documents sought are confidential or subject to the
26 | attorney-client, work-product, or other applicable privileges.
27 | Alltrade Tools LLC also objects to this request to the extent that
28 | it is overly broad, unduly burdensome, and harassing.

1        Subject to and without waiving these and any other
2   objections, and to the extent it understands this request, Alltrade
3   Tools LLC will produce for inspection and copying all non-
4   privileged responsive documents, if any, which are in its
5   possession, custody, or control and have not already been produced.
6   **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 38:**

7        1.   ATT states it will produce documents not already
8   produced, but does not indicate what documents it intends to
9   produce.   To date, ATT has produced a total of 196 pages of what
10  appears to be sales documents.

11       2.   ATT states it will produce to the "...extent it
12  understands the request..."  ATT does not indicate how it
13  understands the request, and how that qualifies the response.

14       3.   ATT does not provide a privilege log.

15  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 38:**

16       This Request asks for "documents indicating each payment
17  for any  advertisement or marketing of the ALLTRADE Motorcycle
18  Saddle Stool . . . ."  As explained above, Defendants did not
19  advertise or market Alltrade's stool.  Accordingly, no documents
20  are responsive to this Request.

21       There was no reason for Larin to file the instant motion
22  to compel.  If Larin had met and conferred with ATLLC, then ATLLC
23  would have explained this to Larin.  Indeed, on November 2, 2007,
24  ATLLC's counsel advised Larin's counsel that "*all of the issues in*
25  *[Larin's] meet and confer letter and joint stipulations can be*
26  *resolved amicably, without the need to burden the court or waste*
27  *our client's money.  We are happy to meet with you, either in*
28  *person or on the telephone, to discuss each response that you take*

1 | *issue with.*"  (Ruga Decl., ¶ 3, Ex. A.)  Larin, however, chose to
2 | forego the meet and confer process and file this motion in
3 | retaliation for the several valid motions previously filed by
4 | Defendants.

5 | **REQUEST FOR PRODUCTION NO. 39.:**

6 |       Provide documents indicating the purchase price by
7 | ALLTRADE of the Motorcycle Saddle Stool for each purchase if
8 | ALLTRADE purchased the product for resale.

9 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

10 |       Alltrade Tools LLC objects to this request to the extent
11 | that the documents sought are confidential or subject to the
12 | attorney-client, work-product, or other applicable privileges.
13 | Alltrade Tools LLC also objects to this request on the ground that
14 | it is vague, ambiguous, and unintelligible.

15 | **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 39:**

16 |       1.  ATT objects on the basis of privilege and provides
17 | no log.

18 |       2.  ATT objects on the basis of "...vague, ambiguous and
19 | unintelligible," without explaining how it is "vague, ambiguous or
20 | unintelligible."

21 |       3.  ATT does not explain how the request for documents
22 | "...indicating the purchase price of ATT ... for each purchase..."
23 | is vague, ambiguous or unintelligible.

24 |       4.  The objection was interposed in bad faith and for
25 | delay and sanctions should be imposed.

26 | **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 39:**

27 |       This Request asks for "documents indicating the purchase
28 | price by ALLTRADE of the Motorcycle Saddle Stool for each purchase

1 | if ALLTRADE purchased the product for resale."  ATLLC objected on
2 | the grounds that this Request is vague, ambiguous and
3 | unintelligible.  Indeed, counsel for ATLLC still does not
4 | understand what documents Larin seeks in response to this Request.

5 | This issue, however, could have been resolved if Larin
6 | met and conferred with Defendants' counsel.  Had Larin done so,
7 | ATLLC would have amended its response and provided any non-
8 | privileged responsive documents and this motion would have been
9 | unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel advised
10 | Larin's counsel that "*all of the issues in [Larin's] meet and*
11 | *confer letter and joint stipulations can be resolved amicably,*
12 | *without the need to burden the court or waste our client's money.*
13 | *We are happy to meet with you, either in person or on the*
14 | *telephone, to discuss each response that you take issue with.*"
15 | (Ruga Decl., ¶ 3, Ex. A.)  Larin, however, chose to forego the
16 | meet and confer process and file this motion in retaliation for the
17 | several valid motions previously filed by Defendants.

18 | **REQUEST FOR PRODUCTION NO. 40.:**

19 | Provide all correspondence from ALLTRADE to and from each
20 | purchaser concerning or regarding the sale by ALLTRADE to any
21 | purchaser of the ALLTRADE Motorcycle Saddle Stool for each
22 | purchase.

23 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

24 | Alltrade Tools LLC objects to this request to the extent
25 | that the documents sought are confidential or subject to the
26 | attorney-client, work-product, or other applicable privileges.
27 | Alltrade Tools LLC also objects to this request on the ground that
28 | it is vague, ambiguous, and unintelligible.

**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 40:**

1. ATT objects on the basis of privilege and provides no log.

2. ATT objects on the basis of "...vague, ambiguous and unintelligible," without explaining how it is "vague, ambiguous or unintelligible."

3. ATT does not explain how the request for documents "...correspondence regarding the sale..." is vague, ambiguous or unintelligible.

4. The objection was interposed in bad faith and for delay and sanctions should be imposed.

**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 40:**

This Request asks for "all correspondence from ALLTRADE to and from each purchaser concerning or regarding the sale by ALLTRADE to any purchaser of the Alltrade Motorcycle Saddle Stool for each purchase." ATLLC objected on the grounds that this Request is vague, ambiguous and unintelligible. Indeed, counsel for ATLLC still does not understand what documents Larin seeks in response to this Request.

This issue, however, could have been resolved if Larin met and conferred with Defendants' counsel. Had Larin done so, ATLLC would have amended its response and provided any non-privileged responsive documents and this motion would have been unnecessary. Indeed, on November 2, 2007, ATLLC's counsel advised Larin's counsel that *"all of the issues in [Larin's] meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our client's money. We are happy to meet with you, either in person or on the*

1 | *telephone, to discuss each response that you take issue with.*"
2 | (Ruga Decl., ¶ 3, Ex. A.) Larin, however, chose to forego the
3 | meet and confer process and file this motion in retaliation for the
4 | several valid motions previously filed by Defendants.

5 | **REQUEST FOR PRODUCTION NO. 41.:**

6 | If ALLTRADE did not purchase the ALLTRADE motorcycle
7 | saddle stool for re-sale, provide documents sufficient to indicate
8 | the cost of manufacturing.

9 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

10 | Alltrade Tools LLC objects to this request to the extent
11 | that the documents sought are confidential or subject to the
12 | attorney-client, work-product, or other applicable privileges.
13 | Alltrade Tools LLC also objects to this request to the extent that
14 | it is overly broad, unduly burdensome, and harassing.

15 | Subject to and without waiving these and any other
16 | objections, and to the extent it understands this request, Alltrade
17 | Tools LLC will produce for inspection and copying all non-
18 | privileged responsive documents, if any, which are in its
19 | possession, custody, or control and have not already been produced.

20 | **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 41:**

21 | 1. ATT states it will produce documents not already
22 | produced, but does not indicate what documents it intends to
23 | produce. To date, ATT has produced a total of 196 pages of what
24 | appears to be sales documents.

25 | 2. ATT states it will produce to the "...extent it
26 | understands the request..." ATT does not indicate how it
27 | understands the request, and how that qualifies the response.

28 | 3. ATT does not provide a privilege log.

1 | **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 41:**

2 |      This Request asks: "If ALLTRADE did not purchase the
3 | ALLTRADE Motorcycle Saddle Stool for re-sale, provide documents
4 | sufficient to indicate the cost of manufacturing" ATLLC already
5 | has produced all non-privileged responsive documents in its
6 | possession, custody or control.

7 |      Larin now complains about the qualifying language in
8 | ATLLC's response, but there was no reason for Larin to file the
9 | instant motion to compel. If Larin wanted ATLLC to remove the
10 | qualification from its response, Larin should have met and
11 | conferred with ATLLC and made this request. Had Larin done so,
12 | ATLLC would have removed the qualifying language and this motion
13 | would have been unnecessary. Indeed, on November 2, 2007, ATLLC's
14 | counsel advised Larin's counsel that "*all of the issues in*
15 | *[Larin's] meet and confer letter and joint stipulations can be*
16 | *resolved amicably, without the need to burden the court or waste*
17 | *our client's money. We are happy to meet with you, either in*
18 | *person or on the telephone, to discuss each response that you take*
19 | *issue with.*" (Ruga Decl., ¶ 3, Ex. A.) Larin, however, chose to
20 | forego the meet and confer process and file this motion in
21 | retaliation for the several valid motions previously filed by
22 | Defendants.

23 | **REQUEST FOR PRODUCTION NO. 42.:**

24 |      Provide documents which indicate the gross sales revenue
25 | received by ALLTRADE for the sale of the ALLTRADE motorcycle saddle
26 | stool from January 1, 2003 to the present.

27 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

28 |      Alltrade Tools LLC objects to this request because it is

S:\PC7\LARIN CORP\JOINTSTIP2-110907.wpd     -15-

1 | duplicative of Request No. 15.

2 | **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 42:**

3 | ATT objects because it is duplicative to a Request to
4 | which it previously objected.

5 | Yet ATT's previous objections were without basis.

6 | **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 42:**

7 | This Request asks for "documents which indicate the gross
8 | sales revenue received by ALLTRADE for the sale of the ALLTRADE
9 | motorcycle saddle stool . . . ." ATLLC objected to this Request
10 | because it is duplicative of Request No. 15.

11 | ATLLC already has produced all non-privileged documents
12 | responsive to Request No. 15 and would have explained this to Larin
13 | if Larin had met and conferred prior to filing the instant motion.
14 | Indeed, on November 2, 2007, ATLLC's counsel advised Larin's
15 | counsel that "*all of the issues in [Larin's] meet and confer letter*
16 | *and joint stipulations can be resolved amicably, without the need*
17 | *to burden the court or waste our client's money. We are happy to*
18 | *meet with you, either in person or on the telephone, to discuss*
19 | *each response that you take issue with.*" (Ruga Decl., ¶ 3, Ex. A.)
20 | Larin, however, chose to forego the meet and confer process and
21 | file this motion in retaliation for the several valid motions
22 | previously filed by Defendants.

23 | **REQUEST FOR PRODUCTION NO. 43.:**

24 | Provide documents indicating requests for purchase of the
25 | ALLTRADE motorcycle saddle stool that ALLTRADE did not fulfill.

26 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

27 | Alltrade Tools LLC objects to this request to the extent
28 | that the documents sought are confidential or subject to the

1  attorney-client, work-product, or other applicable privileges.

2  Alltrade Tools LLC also objects to this request to the extent that

3  it is overly broad, unduly burdensome, and harassing.  Alltrade

4  Tools LLC also objects to this request on the ground that it is

5  vague, ambiguous, and unintelligible.

6  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 43:**

7      1.  ATT objects on the basis of privilege and provides

8  no log.

9      2.  ATT objects on the basis of "...vague, ambiguous and

10 unintelligible," without explaining how it is "vague, ambiguous or

11 unintelligible."

12     3.  ATT does not explain how the request for documents

13 "...documents indicating requests for purchase..." is vague,

14 ambiguous or unintelligible.

15     4.  The objection was interposed in bad faith and for

16 delay and sanctions should be imposed.

17 **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 43:**

18     This Request asks for "documents indicating requests for

19 purchase of the ALLTRADE motorcycle saddle stool that ALLTRADE did

20 not fulfill."  ATLLC objected on the grounds that this Request is

21 vague, ambiguous and unintelligible.  Indeed, counsel for ATLLC

22 still does not understand what documents Larin seeks in response to

23 this Request.

24     This issue, however, could have been resolved if Larin

25 met and conferred with Defendants' counsel.  Had Larin done so,

26 ATLLC would have amended its response and provided any non-

27 privileged responsive documents and this motion would have been

28 unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel advised

1  Larin's counsel that "*all of the issues in [Larin's] meet and*
2  *confer letter and joint stipulations can be resolved amicably,*
3  *without the need to burden the court or waste our client's money.*
4  *We are happy to meet with you, either in person or on the*
5  *telephone, to discuss each response that you take issue with.*"
6  (Ruga Decl., ¶ 3, Ex. A.)   Larin, however, chose to forego the
7  meet and confer process and file this motion in retaliation for the
8  several valid motions previously filed by Defendants.

9  **REQUEST FOR PRODUCTION NO. 44.:**

10  Provide documents indicating any communication between
11  ALLTRADE and any buyer of ALLTRADE concerning or relating to the
12  LARIN lawsuit.

13  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

14  Alltrade Tools LLC objects to this request to the extent
15  that the documents sought are confidential or subject to the
16  attorney-client, work-product, or other applicable privileges.
17  Alltrade Tools LLC also objects to this request to the extent that
18  it is overly broad, unduly burdensome, harassing, and the term "the
19  LARIN lawsuit" is vague and ambiguous.

20  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 44:**

21  1.   ATT objects on the basis of privilege and provides
22  no log.

23  2.   ATT objects on the basis of "...vague, ambiguous and
24  unintelligible," without explaining how it is "vague, ambiguous or
25  unintelligible."

26  3.   ATT does not explain how the request for documents
27  "...communications between ATT and the buyer...," is vague,
28  ambiguous or unintelligible.

1           4.    The objection was interposed in bad faith and for

2 delay and sanctions should be imposed.

3 **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 44:**

4           This Request asks for "documents indicating any

5 communication between ALLTRADE and any buyer of ALLTRADE concerning

6 or relating to the LARIN lawsuit." ATLLC objected on the grounds

7 that the term "the Larin lawsuit" is vague and ambiguous. This

8 term is not defined and has no meaning to ATLLC.

9           This issue, however, could have been resolved if Larin

10 met and conferred with Defendants' counsel. Had Larin done so,

11 ATLLC would have amended its response and provided any non-

12 privileged responsive documents and this motion would have been

13 unnecessary. Indeed, on November 2, 2007, ATLLC's counsel advised

14 Larin's counsel that "*all of the issues in [Larin's] meet and*

15 *confer letter and joint stipulations can be resolved amicably,*

16 *without the need to burden the court or waste our client's money.*

17 *We are happy to meet with you, either in person or on the*

18 *telephone, to discuss each response that you take issue with.*"

19 (Ruga Decl., ¶ 3, Ex. A.) Larin, however, chose to forego the

20 meet and confer process and file this motion in retaliation for the

21 several valid motions previously filed by Defendants.

22 **REQUEST FOR PRODUCTION NO. 45.:**

23           Please provide manufacturing specifications of the

24 ALLTRADE stool, those specifications indicating the specific

25 dimensions of each part, of the ALLTRADE stool.

26 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

27           Alltrade Tools LLC objects to this request to the extent

28 that the documents sought are confidential or subject to the

1 | attorney-client, work-product, or other applicable privileges.
2 | Alltrade Tools LLC also objects to this request to the extent that
3 | it is overly broad, unduly burdensome, and harassing. Alltrade
4 | Tools LLC also objects to this request on the grounds that it calls
5 | for the production of Alltrade Tools LLC's trade secret
6 | information.

7 | **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 45:**

8 | Though the parties had signed a stipulation for the
9 | production and protection of trade secret information (Ex. No. 6 to
10 | the Declaration of Allen Hyman), and though LARIN has provided over
11 | 2,300 pages of documents under the signed agreement (Ex. No. 6),
12 | ATT refuses to produce, based upon a trade secret privilege.

13 | **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 45:**

14 | This Request asks for "manufacturing specifications of
15 | the ALLTRADE stool, those specifications indicating the specific
16 | dimensions of each part, of the ALLTRADE stool." ATLLC objected to
17 | this Request on several grounds, including that it calls for the
18 | production of ATLLC's trade secret information. Furthermore, this
19 | information has absolutely no relevance to Larin's claim of false
20 | advertising and the Request is not reasonably calculated to lead to
21 | the discovery of relevant evidence.

22 | Larin now claims that the documents should have been
23 | produced because the parties have entered into a stipulated
24 | protective order. If Larin's counsel had met and conferred prior
25 | to filing the instant motion, this issue most likely could have
26 | been resolved. Indeed, on November 2, 2007, ATLLC's counsel
27 | advised Larin's counsel that "*all of the issues in [Larin's] meet*
28 | *and confer letter and joint stipulations can be resolved amicably,*

1 | *without the need to burden the court or waste our client's money.*
2 | *We are happy to meet with you, either in person or on the*
3 | *telephone, to discuss each response that you take issue with."*
4 | (Ruga Decl., ¶ 3, Ex. A.)    Larin, however, chose to forego the
5 | meet and confer process and file this motion in retaliation for the
6 | several valid motions previously filed by Defendants.
7 | **REQUEST FOR PRODUCTION NO. 46.:**
8 | Please provide documents indicating the quality control,
9 | inspection procedures, and/or tolerance specifications of
10 | manufacturing of the ALLTRADE stool.
11 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**
12 | Alltrade Tools LLC objects to this request to the extent
13 | that the documents sought are confidential or subject to the
14 | attorney-client, work-product, or other applicable privileges.
15 | Alltrade Tools LLC also objects to this request to the extent that
16 | it is overly broad, unduly burdensome, harassing, and not
17 | reasonably calculated to lead to the discovery of relevant
18 | evidence.   Alltrade Tools LLC also objects to this request on the
19 | grounds that it calls for the production of Alltrade Tools LLC's
20 | trade secret information.
21 | **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 46:**
22 | Though the parties had signed a stipulation for the
23 | production and protection of trade secret information (Ex. No. 6 to
24 | the Declaration of Allen Hyman), and though LARIN has provided over
25 | 2,300 pages of documents under the signed agreement (Ex. No. 6),
26 | ATT refuses to produce, based upon a trade secret privilege.
27 | **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 46:**
28 | This Request asks for "documents indicating the quality

1     control, inspection procedures, and/or tolerance specifications of
2     manufacturing of the ALLTRADE stool." ATLLC objected to this
3     Request on several grounds, including that it calls for the
4     production of ATLLC's trade secret information. Furthermore, this
5     information has absolutely no relevance to Larin's claim of false
6     advertising and the Request is not reasonably calculated to lead to
7     the discovery of relevant evidence.

8         Larin now claims that the documents should have been
9     produced because the parties have entered into a stipulated
10     protective order. If Larin's counsel had met and conferred prior
11     to filing the instant motion, this issue most likely could have
12     been resolved. Indeed, on November 2, 2007, ATLLC's counsel
13     advised Larin's counsel that "*all of the issues in [Larin's] meet*
14     *and confer letter and joint stipulations can be resolved amicably,*
15     *without the need to burden the court or waste our client's money.*
16     *We are happy to meet with you, either in person or on the*
17     *telephone, to discuss each response that you take issue with.*"
18     (Ruga Decl., ¶ 3, Ex. A.) Larin, however, chose to forego the
19     meet and confer process and file this motion in retaliation for the
20     several valid motions previously filed by Defendants.

21     **REQUEST FOR PRODUCTION NO. 47.:**

22         Please provide documents indicating what elements of the
23     ALLTRADE stool were subject to quality control.

24     **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

25         Alltrade Tools LLC objects to this request to the extent
26     that the documents sought are confidential or subject to the
27     attorney-client, work-product, or other applicable privileges.
28     Alltrade Tools LLC also objects to this request to the extent that

1  it is overly broad, unduly burdensome, harassing, and not
2  reasonably calculated to lead to the discovery of relevant
3  evidence.  Alltrade Tools LLC also objects to this request on the
4  grounds that it calls for the production of Alltrade Tools LLC's
5  trade secret information.

6  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 47:**

7        Though the parties had signed a stipulation for the
8  production and protection of trade secret information (Ex. No. 6 to
9  the Declaration of Allen Hyman), and though LARIN has provided over
10  2,300 pages of documents under the signed agreement (Ex. No. 6),
11  ATT refuses to produce, based upon a trade secret privilege.

12  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 47:**

13        This Request asks for "documents indicating what elements
14  of the ALLTRADE stool were subject to quality control."  ATLLC
15  objected to this Request on several grounds, including that it
16  calls for the production of ATLLC's trade secret information.
17  Furthermore, this information has absolutely no relevance to
18  Larin's claim of false advertising and the Request is not
19  reasonably calculated to lead to the discovery of relevant
20  evidence.

21        Larin now claims that the documents should have been
22  produced because the parties have entered into a stipulated
23  protective order.  If Larin's counsel had met and conferred prior
24  to filing the instant motion, this issue most likely could have
25  been resolved.  Indeed, on November 2, 2007, ATLLC's counsel
26  advised Larin's counsel that "*all of the issues in [Larin's] meet*
27  *and confer letter and joint stipulations can be resolved amicably,*
28  *without the need to burden the court or waste our client's money.*

1  *We are happy to meet with you, either in person or on the*
2  *telephone, to discuss each response that you take issue with.*"
3  (Ruga Decl., ¶ 3, Ex. A.)   Larin, however, chose to forego the
4  meet and confer process and file this motion in retaliation for the
5  several valid motions previously filed by Defendants.

6  **REQUEST FOR PRODUCTION NO. 48.:**

7            To the extent that ALLTRADE did not manufacture the
8  ALLTRADE stool, please provide documents indicating all ALLTRADE
9  quality specifications required of the ALLTRADE stool from the
10 manufacturer.

11 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

12           Alltrade Tools LLC objects to this request to the extent
13 that the documents sought are confidential or subject to the
14 attorney-client, work-product, or other applicable privileges.
15 Alltrade Tools LLC also objects to this request to the extent that
16 it is overly broad, unduly burdensome, harassing, and not
17 reasonably calculated to lead to the discovery of relevant
18 evidence.   Alltrade Tools LLC also objects to this request on the
19 grounds that it calls for the production of Alltrade Tools LLC's
20 trade secret information.

21 **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 48:**

22           Though the parties had signed a stipulation for the
23 production and protection of trade secret information (Ex. No. 6 to
24 the Declaration of Allen Hyman), and though LARIN has provided over
25 2,300 pages of documents under the signed agreement (Ex. No. 6),
26 ATT refuses to produce, based upon a trade secret privilege.

27 **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 48:**

28           This Request asks: "To the extent that ALLTRADE did not

1 | manufacture the ALLTRADE stool, please provide documents indicating
2 | all ALLTRADE quality specifications required of the ALLTRADE stool
3 | from the manufacturer." ATLLC objected to this Request on several
4 | grounds, including that it calls for the production of ATLLC's
5 | trade secret information. Furthermore, this information has
6 | absolutely no relevance to Larin's claim of false advertising and
7 | the Request is not reasonably calculated to lead to the discovery
8 | of relevant evidence.

9 | Larin now claims that the documents should have been
10 | produced because the parties have entered into a stipulated
11 | protective order. If Larin's counsel had met and conferred prior
12 | to filing the instant motion, this issue most likely could have
13 | been resolved. Indeed, on November 2, 2007, ATLLC's counsel
14 | advised Larin's counsel that "all of the issues in [Larin's] meet
15 | and confer letter and joint stipulations can be resolved amicably,
16 | without the need to burden the court or waste our client's money.
17 | We are happy to meet with you, either in person or on the
18 | telephone, to discuss each response that you take issue with."
19 | (Ruga Decl., ¶ 3, Ex. A.) Larin, however, chose to forego the
20 | meet and confer process and file this motion in retaliation for the
21 | several valid motions previously filed by Defendants.

22 | **REQUEST FOR PRODUCTION NO. 49.:**

23 | Please provide documents indicating the materials used,
24 | the stitching specifications, and the material specifications of
25 | the ALLTRADE "Saddle" for the ALLTRADE stool.

26 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

27 | Alltrade Tools LLC objects to this request to the extent
28 | that the documents sought are confidential or subject to the

1  attorney-client, work-product, or other applicable privileges.
2  Alltrade Tools LLC also objects to this request to the extent that
3  it is overly broad, unduly burdensome, harassing, and not
4  reasonably calculated to lead to the discovery of relevant
5  evidence.  Alltrade Tools LLC also objects to this request on the
6  grounds that it calls for the production of Alltrade Tools LLC's
7  trade secret information.

8  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 49:**

9          Though the parties had signed a stipulation for the
10  production and protection of trade secret information (Ex. No. 6 to
11  the Declaration of Allen Hyman), and though LARIN has provided over
12  2,300 pages of documents under the signed agreement (Ex. No. 6),
13  ATT refuses to produce, based upon a trade secret privilege.

14  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 49:**

15          This Request asks for "documents indicating the materials
16  used, the stitching specifications, and the material specifications
17  of the ALLTRADE "Saddle" for the ALLTRADE stool."  ATLLC objected
18  to this Request on several grounds, including that it calls for the
19  production of ATLLC's trade secret information.  Furthermore, this
20  information has absolutely no relevance to Larin's claim of false
21  advertising and the Request is not reasonably calculated to lead to
22  the discovery of relevant evidence.

23          Larin now claims that the documents should have been
24  produced because the parties have entered into a stipulated
25  protective order.  If Larin's counsel had met and conferred prior
26  to filing the instant motion, this issue most likely could have
27  been resolved.  Indeed, on November 2, 2007, ATLLC's counsel
28  advised Larin's counsel that "*all of the issues in [Larin's] meet*

1   *and confer letter and joint stipulations can be resolved amicably,*
2   *without the need to burden the court or waste our client's money.*
3   *We are happy to meet with you, either in person or on the*
4   *telephone, to discuss each response that you take issue with."*
5   (Ruga Decl., ¶ 3, Ex. A.)   Larin, however, chose to forego the
6   meet and confer process and file this motion in retaliation for the
7   several valid motions previously filed by Defendants.

8   **REQUEST FOR PRODUCTION NO. 50.:**

9         Please provide documents indicating the specifications of
10  the material used in the "Pneumatic seat post assemble" of the
11  ALLTRADE stool.

12  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

13        Alltrade Tools LLC objects to this request to the extent
14  that the documents sought are confidential or subject to the
15  attorney-client, work-product, or other applicable privileges.
16  Alltrade Tools LLC also objects to this request to the extent that
17  it is overly broad, unduly burdensome, harassing, and not
18  reasonably calculated to lead to the discovery of relevant
19  evidence.   Alltrade Tools LLC also objects to this request on the
20  grounds that it calls for the production of Alltrade Tools LLC's
21  trade secret information.

22  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 50:**

23        Though the parties had signed a stipulation for the
24  production and protection of trade secret information (Ex. No. 6 to
25  the Declaration of Allen Hyman), and though LARIN has provided over
26  2,300 pages of documents under the signed agreement (Ex. No. 6),
27  ATT refuses to produce, based upon a trade secret privilege.
28  ///

1 | **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 50:**

2 |         This Request asks for "documents indicating the

3 | specifications of the material used in the "Pneumatic seat post

4 | assemble" of the ALLTRADE stool." ATLLC objected to this Request

5 | on several grounds, including that it calls for the production of

6 | ATLLC's trade secret information. Furthermore, this information

7 | has absolutely no relevance to Larin's claim of false advertising

8 | and the Request is not reasonably calculated to lead to the

9 | discovery of relevant evidence.

10 |         Larin now claims that the documents should have been

11 | produced because the parties have entered into a stipulated

12 | protective order. If Larin's counsel had met and conferred prior

13 | to filing the instant motion, this issue most likely could have

14 | been resolved. Indeed, on November 2, 2007, ATLLC's counsel

15 | advised Larin's counsel that "*all of the issues in [Larin's] meet*

16 | *and confer letter and joint stipulations can be resolved amicably,*

17 | *without the need to burden the court or waste our client's money.*

18 | *We are happy to meet with you, either in person or on the*

19 | *telephone, to discuss each response that you take issue with.*"

20 | (Ruga Decl., ¶ 3, Ex. A.) Larin, however, chose to forego the

21 | meet and confer process and file this motion in retaliation for the

22 | several valid motions previously filed by Defendants.

23 | **REQUEST FOR PRODUCTION NO. 51.:**

24 |         Please provide documents indicating the material used in

25 | the footrest ring assembly of the ALLTRADE stool.

26 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

27 |         Alltrade Tools LLC objects to this request to the extent

28 | that the documents sought are confidential or subject to the

1  attorney-client, work-product, or other applicable privileges.
2  Alltrade Tools LLC also objects to this request to the extent that
3  it is overly broad, unduly burdensome, harassing, and not
4  reasonably calculated to lead to the discovery of relevant
5  evidence.  Alltrade Tools LLC also objects to this request on the
6  grounds that it calls for the production of Alltrade Tools LLC's
7  trade secret information.

8  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 51:**

9       Though the parties had signed a stipulation for the
10  production and protection of trade secret information (Ex. No. 6 to
11  the Declaration of Allen Hyman), and though LARIN has provided over
12  2,300 pages of documents under the signed agreement (Ex. No. 6),
13  ATT refuses to produce, based upon a trade secret privilege.

14  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 51:**

15       This Request asks for "documents indicating the material
16  used in the footrest ring assembly of the ALLTRADE stool."  ATLLC
17  objected to this Request on several grounds, including that it
18  calls for the production of ATLLC's trade secret information.
19  Furthermore, this information has absolutely no relevance to
20  Larin's claim of false advertising and the Request is not
21  reasonably calculated to lead to the discovery of relevant
22  evidence.

23       Larin now claims that the documents should have been
24  produced because the parties have entered into a stipulated
25  protective order.  If Larin's counsel had met and conferred prior
26  to filing the instant motion, this issue most likely could have
27  been resolved.  Indeed, on November 2, 2007, ATLLC's counsel
28  advised Larin's counsel that "*all of the issues in [Larin's] meet*

1 | *and confer letter and joint stipulations can be resolved amicably,*
2 | *without the need to burden the court or waste our client's money.*
3 | *We are happy to meet with you, either in person or on the*
4 | *telephone, to discuss each response that you take issue with."*
5 | (Ruga Decl., ¶ 3, Ex. A.)   Larin, however, chose to forego the
6 | meet and confer process and file this motion in retaliation for the
7 | several valid motions previously filed by Defendants.

8 | **REQUEST FOR PRODUCTION NO. 52.:**

9 | Please provide documents indicating the material used in
10 | the creation of the Base of the ALLTRADE stool.

11 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

12 | Alltrade Tools LLC objects to this request to the extent
13 | that the documents sought are confidential or subject to the
14 | attorney-client, work-product, or other applicable privileges.
15 | Alltrade Tools LLC also objects to this request to the extent that
16 | it is overly broad, unduly burdensome, harassing, and not
17 | reasonably calculated to lead to the discovery of relevant
18 | evidence.   Alltrade Tools LLC also objects to this request on the
19 | grounds that it calls for the production of Alltrade Tools LLC's
20 | trade secret information.

21 | **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 52:**

22 | Though the parties had signed a stipulation for the
23 | production and protection of trade secret information (Ex. No. 6 to
24 | the Declaration of Allen Hyman), and though LARIN has provided over
25 | 2,300 pages of documents under the signed agreement (Ex. No. 6),
26 | ATT refuses to produce, based upon a trade secret privilege.

27 | **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 52:**

28 | This Request asks for "documents indicating the material

1 | used in the creation of the Base of the ALLTRADE stool." ATLLC
2 | objected to this Request on several grounds, including that it
3 | calls for the production of ATLLC's trade secret information.
4 | Furthermore, this information has absolutely no relevance to
5 | Larin's claim of false advertising and the Request is not
6 | reasonably calculated to lead to the discovery of relevant
7 | evidence.

8 |      Larin now claims that the documents should have been
9 | produced because the parties have entered into a stipulated
10 | protective order. If Larin's counsel had met and conferred prior
11 | to filing the instant motion, this issue most likely could have
12 | been resolved. Indeed, on November 2, 2007, ATLLC's counsel
13 | advised Larin's counsel that "*all of the issues in [Larin's] meet
14 | and confer letter and joint stipulations can be resolved amicably,
15 | without the need to burden the court or waste our client's money.
16 | We are happy to meet with you, either in person or on the
17 | telephone, to discuss each response that you take issue with.*"
18 | (Ruga Decl., ¶ 3, Ex. A.) Larin, however, chose to forego the
19 | meet and confer process and file this motion in retaliation for the
20 | several valid motions previously filed by Defendants.

21 | **REQUEST FOR PRODUCTION NO. 53.:**

22 |      Please provide documents indicating the quality of the
23 | material used in the creation of the casters of the ALLTRADE stool.

24 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

25 |      Alltrade Tools LLC objects to this request to the extent
26 | that the documents sought are confidential or subject to the
27 | attorney-client, work-product, or other applicable privileges.
28 | Alltrade Tools LLC also objects to this request to the extent that

1  it is overly broad, unduly burdensome, harassing, and not
2  reasonably calculated to lead to the discovery of relevant
3  evidence.  Alltrade Tools LLC also objects to this request on the
4  grounds that it calls for the production of Alltrade Tools LLC's
5  trade secret information.

6  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 53:**

7          Though the parties had signed a stipulation for the
8  production and protection of trade secret information (Ex. No. 6 to
9  the Declaration of Allen Hyman), and though LARIN has provided over
10  2,300 pages of documents under the signed agreement (Ex. No. 6),
11  ATT refuses to produce, based upon a trade secret privilege.

12  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 53:**

13          This Request asks for "documents indicating the quality
14  of the material used in the creation of the casters of the ALLTRADE
15  stool."  ATLLC objected to this Request on several grounds,
16  including that it calls for the production of ATLLC's trade secret
17  information.  Furthermore, this information has absolutely no
18  relevance to Larin's claim of false advertising and the Request is
19  not reasonably calculated to lead to the discovery of relevant
20  evidence.

21          Larin now claims that the documents should have been
22  produced because the parties have entered into a stipulated
23  protective order.  If Larin's counsel had met and conferred prior
24  to filing the instant motion, this issue most likely could have
25  been resolved.  Indeed, on November 2, 2007, ATLLC's counsel
26  advised Larin's counsel that "*all of the issues in [Larin's] meet*
27  *and confer letter and joint stipulations can be resolved amicably,*
28  *without the need to burden the court or waste our client's money.*

1  *We are happy to meet with you, either in person or on the*
2  *telephone, to discuss each response that you take issue with."*
3  (Ruga Decl., ¶ 3, Ex. A.)   Larin, however, chose to forego the
4  meet and confer process and file this motion in retaliation for the
5  several valid motions previously filed by Defendants.

6  **REQUEST FOR PRODUCTION NO. 54.:**

7        Please provide documents indicating all complaints,
8  inquires, injuries claims made by any customer with regard to the
9  ALLTRADE stool.

10  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

11        Alltrade Tools LLC objects to this request to the extent
12  that the documents sought are confidential or subject to the
13  attorney-client, work-product, or other applicable privileges.
14  Alltrade Tools LLC also objects to this request to the extent that
15  it is overly broad, unduly burdensome, harassing, and not
16  reasonably calculated to lead to the discovery of relevant
17  evidence.

18  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 54:**

19        LARIN asserted that ATT created an inferior product and
20  passed it off as LARIN's product.  LARIN wishes to know all
21  complaints, and claims with regard to ATT's product.  ATT's
22  assertion of irrelevance is without basis and is presented in bad
23  faith.

24  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 54:**

25        This Request asks for "documents indicating all
26  complaints, inquiries, injuries claims made by any customer with
27  regard to the ALLTRADE stool."  ATLLC objected to this Request on
28  several grounds, including that it is not reasonably calculated to

1   lead to the discovery of relevant evidence.

2          Larin now claims that the documents are relevant and

3   should have been produced.  If Larin's counsel had met and

4   conferred prior to filing the instant motion, this issue most

5   likely could have been resolved.  Indeed, on November 2, 2007,

6   ATLLC's counsel advised Larin's counsel that "*all of the issues in*

7   *[Larin's] meet and confer letter and joint stipulations can be*

8   *resolved amicably, without the need to burden the court or waste*

9   *our client's money.  We are happy to meet with you, either in*

10  *person or on the telephone, to discuss each response that you take*

11  *issue with.*"  (Ruga Decl., ¶ 3, Ex. A.)   Larin, however, chose to

12  forego the meet and confer process and file this motion in

13  retaliation for the several valid motions previously filed by

14  Defendants.

15

16                                      Respectfully Jointly Submitted,

17                                      LAW OFFICES OF ALLEN HYMAN

18

19  DATED: November /2, 2007      By:   _____
                                        Allen Hyman, Esq.
20                                      Attorneys for Plaintiff
                                        LARIN CORPORATION
21

22                                      STEPTOE & JOHNSON

23

24  DATED: November /3, 2007      By:   _____
                                        Dylan Ruga, Esq.
25                                      Attorneys for Defendants
                                        ALLTRADE TOOLS, LLC, ALLTRADE,
26                                      INC., AND ANDRE LIVIAN

27

28

S:\PC7\LARIN CORP\JOINTSTIP2-110907.wpd           -34-

1  ALLEN HYMAN, ESQ. (CBN: 73371)
   CHRISTINE COVERDALE, ESQ. (CBN: 195635)
2  LAW OFFICES OF ALLEN HYMAN
   10737 Riverside Drive
3  North Hollywood, California 91602
   P: (818) 763-6289 or (323) 877-3405
4  F: (818) 763-4676
   Email: lawoffah@aol.com
5
   Attorneys for Plaintiff,
6  LARIN CORPORATION

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10
   LARIN CORPORATION,              )   Case No. CV 06-1394 ODW (OPx)
11                                 )
                Plaintiffs,        )   DECLARATION OF ALLEN HYMAN IN
12                                 )   SUPPORT OF PLAINTIFF'S MOTION
            v.                     )   TO COMPEL RESPONSES AND
13                                 )   PRODUCTION OF DOCUMENTS WITH
   ALLTRADE, INC., a California    )   REGARD TO PLAINTIFF'S SECOND
14 corporation; ALLTRADE TOOLS,    )   SET OF REQUESTS FOR PRODUCTION
   LLC, a California limited       )   OF DOCUMENTS TO DEFENDANT
15 liability company; ANDRE        )   ALLTRADE TOOLS, LLC; AND FOR
   LIVIAN, an individual,          )   SANCTIONS
16                                 )
                Defendants.        )   Motion To Compel
17                                 )   Date:  December 4, 2007
   _____)   Time:  9:30 a.m.
18                                     Place: Courtroom 3, the
                                              Honorable U.S. District
19                                            Court Judge Oswald
                                              Parada, Presiding
20
                                       DISCOVERY CUTOFF
21                                     DATE: February 4, 2008

22                                     PRETRIAL CONFERENCE
                                       DATE: March 24, 2008
23
                                       TRIAL
24                                     DATE: April 22, 2008

25 ///

26 ///

27 ///

28 ///

S:\PC7\LARIN CORP\DECAH110907-2.wpd

1    I, Allen Hyman, declare as follows:

2        1.   I have personal knowledge of the facts set forth in
3    this declaration, and I could and would testify as to these facts
4    if called upon to do so.

5                      **The Nature Of The Case**

6        2.   Attached to this declaration as Exhibit No. 1, is a
7    copy of the complaint (seventeen (17) pages without exhibits).  The
8    complaint alleges (Ex. No. 1, Paras. 12-20) that during 2001 and
9    2002, plaintiff LARIN created a unique stool, which LARIN sold
10   during 2002 to 2006 (and presently) to wholesalers in the LARIN
11   designed box (Ex. No. 2) as shipped to wholesalers, which LARIN
12   stool in its designed box was sold at retail, which box included
13   specific LARIN designed colors, shadings of colors, specific
14   content of pictures, format, and lettering (LARIN box, Ex. No. 2).

15       3.   Exhibit No. 2 are three color photographs of the
16   LARIN box in which the LARIN stool was packaged and sold at
17   wholesale and at retail from 2002 to the present.  As of 2006,
18   LARIN had sold a considerable number of its product throughout the
19   United States at wholesale, resold in the LARIN box at retail.

20       4.   The Complaint (Ex. No. 1), alleges (Paras. 27-35),
21   that commencing in 2006, defendant Alltrade copied the LARIN
22   product, (created an inferior version, identical stool design), and
23   ALLTRADE specifically copied the precise LARIN art work, colors,
24   format, lettering, display and content of photographs of the LARIN
25   box (Ex. No. 2) in which ALLTRADE sold to the same retail stores
26   for resale as LARIN.  Exhibit No. 3 are three color photographs of
27   the ALLTRADE box, which ALLTRADE commenced selling in 2006 (with
28   LARIN's complaint Ex. No. 1 alleging unfair competition, complaint

1 | Paras. 27-29).

2 | **Second Set of Requests For Production to ALLTRADE**

3 | 5.    On June 25, 2007, LARIN served on Alltrade Tools,

4 | LLC ("ALLTRADE") the Second Set of Requests For Production of

5 | Documents, Nos. 37-54 (attached as Exhibit No. 4).

6 | **ALLTRADE's Responses to LARIN's First Set Of**

7 | **Requests For Production**

8 | 6.    On July 31, 2007, ALLTRADE served its Responses and

9 | Objections (attached as Exhibit No. 5) to LARIN's Second Set of

10 | Requests For Production, Nos. 37-54 (Ex. No. 4).

11 | **Protective Order**

12 | 7.    Attached as Exhibit No. 6, is the Proposed

13 | Protective Order signed by counsel for ALLTRADE on June 4, 2007.

14 | **Meet And Confer**

15 | 8.    Larin had served the identical set of Requests for

16 | Production on Alltrade, Inc., and received the identical set of

17 | responses for Alltrade Inc.

18 | 9.    Alltrade's responses interposed only objections, and

19 | Alltrade produced a total of 196 pages of documents, none of which

20 | indicated the cost of or manufacturing cost of the Alltrade product

21 | to Alltrade, none of which indicated any documents with regard to

22 | the Alltrade box, and none of which indicated any documents

23 | indicating the design or creation of the Alltrade stool.

24 | 10.    On October 30, 2007, I sent a letter to Mr. Ruga

25 | (attached as Exhibit No. 7), indicating the deficiencies as to the

26 | responses to Alltrade Inc., which were identical to Alltrade LLC.

27 | 11.    On October 31, 2007, Mr. Ruga and I discussed these

28 | matters, and I indicated that the deficiencies applied to both

1 Alltrade, Inc., and Alltrade Tools, LLC's responses, which were
2 identical, and I was intending to prepare joint stipulations as to
3 both sets as to both companies.

4     12. On October 31, 2007, Mr. Ruga stated to me that
5 Alltrade, Inc., was not an operational company, was a holding
6 company, that it did not conduct any manufacturing or sales, or
7 ongoing business, and was in essence a dormant company, and had not
8 been involved in any activities with regard to the Alltrade stool
9 or box.

10     13. As a result of Mr. Ruga's representations, I did not
11 present joint stipulations to Mr. Ruga with regard to the Alltrade,
12 Inc., responses.

13     14. On October 31, 2007, Mr. Ruga and I had an extensive
14 meet and confer which is reflected in my letter of November 2, 2007
15 (attached as Exhibit No. 8), where I reflect that Mr. Ruga
16 represented that Alltrade, Inc.:

17     "...is not an operating company, apparently was
    not in business during 2004 to the present,
18     does not purchase, manufacture or sell any
    items and is in essence a holding company with
19     apparently no employees..." (Ex. No. 8 at page
    2).

20
21     15. My November 2, 2007 letter (Ex. No. 8), reflects
that Mr. Ruga requested that I not proceed with the motion, but Mr.
22
Ruga did not indicate what precisely Mr. Ruga would undertake to
23
avoid a motion.
24
    16. I did not state to Mr. Ruga that if Mr. Ruga
25
withdrew his present motion to compel, that I would not pursue my
26
motion. I did indicate that Mr. Ruga had proceeded with his motion
27
to compel despite the fact that I had provided to him supplemental
28

1  responses, and that Mr. Ruga wishes me to undertake the same, to
2  wait until Mr. Ruga provides supplemental responses, when Mr. Ruga
3  would not provide the same accommodation for this office.

### Request For Sanctions

5      17.   Plaintiff will have incurred a total of $3,750.00 in
6  attorneys' fees relating to the preparation of the Joint
7  Stipulation and Motion to Compel.

8      18.   The Plaintiff was billed for a total of 11.25 hours
9  for: 1) my preparation of the Joint Stipulation (6 hours); 2) my
10 preparation of the Notice of Motion and Motion (.5 hours); and 3)
11 this declaration (1 hour).

12     19.   In addition, I will be forced to expend at least
13 another 3 hours in traveling to and from Riverside, California for
14 the hearing on the Motion to Compel and another 2 hours in
15 preparing a Supplemental Memorandum.

16     20.   My hourly attorneys' fees rate charged to the
17 Plaintiff in this case is $300.00 per hour.  My hourly rate is
18 customary in this community for persons of similar qualifications
19 and experience.  I have been a member of the California bar for
20 more than twenty-five (25) years.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1          21.    The total amount of attorneys' fees and costs
2    incurred by the Plaintiff with regard to the Motion to Compel is
3    12.5 hours, in the total amount of $3,750.00.

4          I declare under penalty of perjury under the laws of the
5    United States that the foregoing is true and correct, and that this
6    declaration was executed on November 12, 2007, in North Hollywood,
7    California.

_____
Allen Hyman

ALLEN HYMAN, ESQ. (CBN: 73371)
CHRISTINE COVERDALE, ESQ. (CBN: 195635)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
P: (818) 763-6289 or (323) 877-3405
F: (818) 763-4676
Email: lawoffah@aol.com

Attorneys for Plaintiff:
LARIN CORPORATION

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARIN CORPORATION, | ) Case No. |
| Plaintiff, | ) COMPLAINT FOR: |
| v. | ) (1) FEDERAL UNFAIR COMPETITION VIOLATION OF THE LANHAM ACT SECTION 43(a); |
| ALLTRADE, INC., a California corporation; ALLTRADE TOOLS, LLC, a California limited liability company; ANDRE LIVIAN, an individual, | ) (2) COMMON LAW UNFAIR COMPETITION; AND |
| Defendants. | ) (3) VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 AND 17500 |
| | ) (DEMAND FOR JURY TRIAL) |

Plaintiff Larin Corporation ("LARIN") alleges in its

complaint as follows:

///

///

///

///

///

EXHIBIT
I

7

I.

### First Claim For Relief

#### (Federal Unfair Competition)

#### (Against All Defendants)

#### Jurisdiction

1.    LARIN asserts as its first claim, Federal Unfair Competition (Section 43(a) of the Lanham Act), 15 U.S.C. 1125(a). Federal court subject matter jurisdiction is provided by 28 U.S.C. 1338(b), New West Corporation v. NYM Company of California, Inc., 595 F.2d, 1194, 1198 (9th Cir. 1979), "Jurisdiction of the district court was based upon 15 U.S.C. 1121 and an alleged violation of § 43 of the Lanham Act." Id. at 1198.  Pursuant to 28 U.S.C. 1367, this court has supplemental jurisdiction over plaintiff LARIN's two (2) additional state law claims for common law, and statutory unfair competition.

2.    Title 15 U.S.C. 1125(a) provides in part:

> "...any person "...in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device or any combination ... which ... is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to origin, (or) sponsorship ... shall be liable in a civil action by any person who believes that he or she is or is likely to be caused damages by such act." (Emphasis added)

#### The Parties

3.    Plaintiff LARIN is a July 20, 1989 California corporation, which principal place of business is located at 2029 Business Parkway, Ontario, California 91761.

///

8

1              4.     Defendant Alltrade, Inc., ("ALLTRADE-INC."), is a
2    March 13, 1979 California corporation, which principal place of
3    business is located at 1431 Via Plata, Long Beach, California
4    90801.

5              5.     Defendant Alltrade Tools, LLC (ALLTRADE-LLC), is a
6    May 24, 2005 California limited liability company, which principal
7    place of business is located at 1431 Via Plata, Long Beach,
8    California 90801.

9              6.     Defendant Andre Livian ("LIVIAN") is on information
10   and belief, an officer and director of defendants ALLTRADE-INC.,
11   and ALLTRADE-LLC.  Plaintiff LARIN asserts that defendant LIVIAN
12   directed and supervised the acts of unfair competition alleged in
13   this complaint.

14             7.     Plaintiff LARIN collectively refers to the three (3)
15   defendants: (1) ALLTRADE-INC.; (2) ALLTRADE-LLC; and (3) LIVIAN as
16   "DEFENDANTS."

17             8.     Plaintiff LARIN asserts on information and belief,
18   that in committing the acts of unfair competition alleged in this
19   complaint, that each of the DEFENDANTS acted as either the agent
20   of, or was the principal of each of the other DEFENDANTS, and that
21   each of the three (3) DEFENDANTS is therefore responsible for the
22   unlawful acts as alleged, under the doctrine of respondient
23   superior.

24             9.     Plaintiff LARIN may seek leave to add as additional
25   defendants, if discovery discloses their participation in the
26   unlawful acts alleged, two (2) entities not presently named as
27   defendants: (a) Alltrade Holdings LLC, ("ALLTRADE-HOLLC"), a May
28   20, 2002 California limited liability company located at 1421 Via

S.\PC3\LARIN CORPORATION\COMPLAINT.121406.wpd          -3-

9

1   Plata, Long Beach, California; and (b) Dodum Export Limited
2   ("DODUM"), a July 1, 2003 California corporation, which principal
3   place of business is located at "10/F, 924-926 Cheung Sha Wan Road,
4   Lawloon, Hong Kong, whose agent of service of process is defendant
5   LIVIAN.

6                    **Nature Of Plaintiff LARIN**

7            10.   Plaintiff LARIN manufactures and sells a variety of
8   products including: lifting equipment ("jacks"); lighting
9   equipment; ATV/Motorcycle jacks; towing accessories; tools; and
10  other devices, including the "pneumatic stool" which advertising
11  and promotion is the subject of this complaint (a copy of the home
12  web page of plaintiff LARIN, with a photograph of the LARIN
13  building in Ontario, California, is attached to this complaint as
14  Exhibit No. 1).

15           11.   During 2001 and 2002, LARIN at considerable cost and
16  expense, designed, and in 2002, LARIN commenced to manufacture and
17  sell to retailers in the United States in interstate commerce a
18  product LARIN identified, and presently identifies as the "LARIN
19  Pneumatic Garage Seat" or "Garage Stool," and which at times has
20  been advertised, during 2002 to the present, as the "LARIN
21  Pneumatic Biker Seat."  Photographs of the LARIN "Seat" is attached
22  to this complaint as Exhibit No. 2.   Three (3) 2003 to 2005
23  photograph advertisements of the "LARIN Pneumatic Biker Seat" are
24  attached to this complaint as Exhibit No. 3.

25                    **The LARIN Sales Box (Container)**

26           12.   From the commencement of its sales in 2002, to the
27  date of filing this complaint, December 15, 2006, LARIN has
28  packaged, and continues to package its "LARIN" "Garage Seat" or

S:\PC3\LARIN CORPORATION\COMPLAINT.121406.wpd        -4-

                                                              10

1 "stool" sold by LARIN to retailers in the identical LARIN
2 individual boxes (containers), in which boxes the retailer takes
3 delivery, and resells the LARIN stool in the LARIN unopened box
4 (container).   The LARIN box (container) is 22" x 22" x 24," and has
5 a bluish grey background color (side-view photograph of LARIN 2002
6 to present box is attached as Exhibit No. 4).

7         13.   From the commencement of LARIN's sales in 2002, and
8 continuing to the present, LARIN has sold its "LARIN" stool in the
9 identical LARIN designed box (container) with the identical
10 photographic advertisements and coloring on each LARIN box.

11         14.   The LARIN container (six (6) sided box), includes
12 four (4) identical color photographs depicted on two (2) sides of
13 the box (Exhibit Nos. 4 and 5, and on the top of the box, Exhibit
14 No. 6) which photographs are set against a bluish grey background
15 color and which four (4) photographs depicts the LARIN stool used
16 by:

17         (1)   "A man facing a motorcycle repairing a motorcycle
18 (Exhibit Nos. 4, 5, and 6 upper left);"

19         (2)   "Two men engaged in automobile repair (Exhibit Nos.
20 4, 5 and 6, lower left);"

21         (3)   "A man in front of an automobile located on a home
22 garage driveway engaged in automobile repair (Exhibit Nos. 4, 5 and
23 6, upper right);" and

24         (4)   "Two (2) women in a social club setting (Exhibit
25 Nos. 4, 5 and 6, lower right)."

26         15.   On the two (2) sides of the LARIN box with the four
27 (4) color photographs (Exhibit Nos. 4 and 5), is the phrase "Ideal
28 for Garage, Home or Office."

11

16.   The four (4) photographs on the top of the LARIN box (Exhibit No. 6), are displayed with the LARIN seat pictured in the "high position" with a faded view of the LARIN seat in a lower position, (Exhibit No. 6, LARIN box).

17.   In 2004, among other sales, LARIN sold twenty (20) thousand of its "LARIN Pneumatic Garage Stools" in the LARIN box to the Sam's Club stores for resale.

18.   Attached to this complaint as Exhibit No. 7 is the "Sam's Club" "Holiday Gift Guide 2004," (Exhibit No. 7, page 1), identifying as advertised by Sam's Club (at Exhibit No. 7, page 2), the "LARIN Pneumatic Garage Stool" "Interchangeable feet," "Synthetic Leather seat," "Easy to Maneuver," "Chrome plated" "Can be used as a bar stool" $97.68, #761329," (Sam's Club "Holiday Gift Guide," 2004, Exhibit No. 7, Page 2).

19.   In 2005, "Sam"s Club," notified plaintiff LARIN that the LARIN stool sold very well, and that Sam's Club had sold all of the 20,000 LARIN units, within several weeks that Sam's Club had purchased from LARIN.

20.   During 2002 to the date of this complaint, LARIN has sold its "LARIN STOOL" in the same container (Exhibit Nos. 4, 5 and 6) at wholesale to other retail entities.

## 2006 Communications Between LARIN and Sam's Club

21.   In May, 2005, LARIN attended a Sam's Club buyer's meeting in China, where Sam's Club placed an order for 25,000 LARIN stool units to be delivered by LARIN in the United States in 2005 by plaintiff LARIN to Sam's Club stores.

22.   In June, 2005, after placing its order, representatives of Sam's Club requested that LARIN lower its

1  wholesale price of the LARIN stool to Sam's Club, to an amount
2  which LARIN did not agree.  In June, 2005, Sam's Club then canceled
3  Sam's Club's previous May, 2005 order for the 25,000 units of the
4  LARIN "stool."

### Defendant ALLTRADE

6      23.  Similar to plaintiff LARIN, the ALLTRADE DEFENDANTS
7  also manufacture and sell: (a) lift equipment, and (b) compressors,
8  power tools, hand tools and auto accessories (ALLTRADE's website,
9  is attached as Exhibit No. 8, which includes a photograph of the
10 ALLTRADE building in Long Beach, California).

11     24.  In 2006, ALLTRADE copied the design of the LARIN
12 "stool" and manufactured upwards of 50,000 duplicates of the LARIN
13 "stool," in exact appearance, but in lower quality.  In about July,
14 August or September, 2006, DEFENDANTS sold in the United States
15 50,000 units of the ALLTRADE duplicated LARIN "stool" units to
16 Sam's Club, in individual ALLTRADE boxes (container) which Sam's
17 Club then sold the ALLTRADE stools at retail in the ALLTRADE boxes
18 through Sam's Club's stores.

19     25.  In October, 2006, advertisement of the DEFENDANTS
20 ALLTRADE motorcycle stool commenced appearing on E-Bay (Exhibit No.
21 9, four (4) pages, which depict the ALLTRADE stool with highly
22 similar advertisement pictures as on the LARIN box) (LARIN box,
23 photographs on Exhibit No. 4 as compared to Exhibit No. 9, pages 2,
24 3 and 4 as used on the LARIN box sold during 2002 to the present,
25 Exhibit Nos. 4, 5 and 6).

26     26.  As LARIN has undertaken since 2002, ALLTRADE also
27 sold ALLTRADE stools at wholesale in self-contained boxes
28 (containers) which the retailer Sam's Club and others then resold

S \PC3\LARIN CORPORATION\COMPLAINT 121406 wpd          -7-

13

1  the ALLTRADE stool in the unopened ALLTRADE boxes provided by
2  ALLTRADE.

### The October 2006 ALLTRADE Product And Container
### Acts of Federal (15 U.S.C. 1125 (a)), Common Law and State Law
### (California Business and Professions Code §§ 15200 and 15500)
### Unfair Competition

7      27.   The ALLTRADE DEFENDANTS committed acts of federal
8  unfair competition (section 43(a) of the Lanham Act), by selling
9  the ALLTRADE stools in boxes (containers), which advertising
10 including specific photographs, colors and design on the ALLTRADE
11 DEFENDANTS' box (container) are identical to and in fact copies of
12 the content of the LARIN advertising, photographic composition and
13 color on the LARIN boxes, therefore, rendering it likely that the
14 ultimate consumer (purchaser) of the ALLTRADE stool would likely be
15 "confused, mislead, or deceived" as to the source or origin of the
16 DEFENDANTS' ALLTRADE "stool" product with that of plaintiff LARIN
17 previously sold (2002-2006) stools, which had been marketed and
18 sold in the LARIN containers in the same retail outlets since 2002.

19      28.   ALLTRADE's 2006 container (box) in which ALLTRADE
20 advertises, markets and sells ALLTRADE's "stools," which retailers
21 including Sam's Club resold in 2006, at retail and online in the
22 ALLTRADE container had affixed the identical coloring and identical
23 photographic composition advertising and other similar
24 identifications as LARIN had utilized on LARIN's box advertisement
25 (containers) since inception of the LARIN sales in 2002.

26      29.   The ALLTRADE box (container) measures 21 ½" x 21 ½"
27 x 14 (a side view photograph of the ALLTRADE box is attached to
28 this complaint as Exhibit No. 10).

14

30.   The ALLTRADE box (container) has the identical bluish grey color background (photographs attached to this complaint as Exhibit Nos. 10, 11 and 12) as the previously sold LARIN container (Exhibit Nos. 4, 5 and 6) and the ALLTRADE container includes only four (4) photographs identical in specific subject matter, (Exhibit Nos. 10, 11 and 12) as the four (4) photographs on the LARIN box (container) (Exhibit Nos. 4, 5 and 6).

31.   The six (6) side ALLTRADE box includes two (2) sides with the four (4) highly similar color photographs, (Exhibit Nos. 10 and 11) and the top of the ALLTRADE box (Exhibit No. 12) includes two (2) similar color photographs, which are identical in context to the LARIN container, photographs (Exhibit Nos. 4, 5 and 6) which depict a person seated on the ALLTRADE stool:

(1)   "Engaged in "repair" of a motorcycle facing the motorcycle tank (Exhibit Nos. 10 and 11, right lower photograph);"

(2)   "A man in the front of an automobile on a garage driveway repairing the front of an automobile (Exhibit Nos. 10 and 11, right upper photograph);"

(3)   "A man in what appears to be the driveway engaged in a repair of an automobile (Exhibit Nos. 10 and 11, left lower photograph);" and

(4)   "Two (2) women in what appears to be a social club setting (Exhibit Nos. 10 and 11, upper left photograph)."   (In the ALLTRADE photograph, of the two (2) women on the ALLTRADE stool in a social club setting, the ALLTRADE photograph advertisement pictures five (5) ALLTRADE stools, only two of which have the "optional backrest," with three stools pictured without the backrest, which are identical in design to the LARIN seat).

15

1    32.   ...e ALLTRADE box (Exhibit Nos. 10, 11, and 12) has
2    the identical blue-grey background and shading as the LARIN box
3    (Exhibit Nos. 4, 5 and 6) and includes the phrase: "Great for
4    Garage, Game Room and Workshop," (Exhibit Nos. 10, 11 and 12),
5    similar to LARIN's (Exhibit Nos. 4 and 5), "Ideal for Garage, Home
6    or Office."

7                **Features Advertised On The LARIN Containers**

8         33.   The LARIN box (container) against the blue-grey
9    background with the LARIN "stool" (side view, Exhibit No. 13)
10   identifies six (6) features (photograph, Exhibit No. 13):

11        (1)   "Pneumatic Adjustable Seat Height from 21" to 31;"

12        (2)   "Heavy Duty Chrome Plated Base with Footrest;"

13        (3)   "Five (5) Heavy Duty Caster Wheels for Easy
14   Maneuverability;"

15        (4)   "360 (degrees) Swivel Movement;"

16        (5)   "Synthetic Leather Motorcycle Seat;" and

17        (6)   "Five (5) Optional Chrome Feet For Stability."

18                **Features Listed on ALLTRADE Container**

19        34.   The ALLTRADE box (container) (side view photograph
20   attached as Exhibit No. 14) with very similar bluish grey
21   background identifies five (5) features with dots in the same print
22   and style:

23        (1)   "Seat Swivels 360 Degrees;"

24        (2)   "Pneumatic One-Man Height Adjustment;"

25        (3)   "Seat Adjusts from 21" to 31;"

26        (4)   "Sissy Bar" "Style Back Adjusts For Lumbar
27   Support;" and

28        (5)   "Realistic Motorcycle Saddle Tailored In High

1 | Quality Leatherecte."

2 |     35. Both the LARIN box (Exhibit No. 13, side view) and

3 | the ALLTRADE box (Exhibit No. 14, picture, lower left corner)

4 | depict the respective "stools" in the highest position with a faded

5 | picture of the stool in a lower position.

6 | ### The Brochure

7 |     36. The LARIN one (1) page brochure included in its box

8 | (attached as Exhibit No. 15) identifies (among other matters):

9 |     (a) "Larin Corporation," "BSBS-2" "Pneumatic Garage

10 | Seat" "UPC Code: 008435125442;"

11 |     (b) "Specifications;"

12 |     (1) "Pneumatic Adjustable Height Ranges: 21" to 31;"

13 |     (2) "Five (5) Heavy Duty Caster Wheels;"

14 |     (3) "Chrome Plated Aluminum Base with Foot Rest;"

15 |     (4) "Synthetic Leather Motorcycle Seat," and

16 | "360 (degree) Swivel Seal Movement."

17 | ### The ALLTRADE Brochure

18 |     37. The October, 2006 "ALLTRADE" "SADDLE STOOL

19 | INSTRUCTION MANUAL" (attached as Exhibit No. 16) (four (4) side

20 | brochure) identifies "Model #481249."

21 | ### Comparison Of The Two Products

22 |     38. The seat of the LARIN and ALLTRADE stools consist of

23 | very similar dimensions and identical four (4) stitched elements

24 | which comprises: (a) the seat; (b) the small back; (c) the side-

25 | top; and (4) the rear back.

26 |     39. The LARIN seat has two (2) ornaments per side, and

27 | the ALLTRADE stool has one similar ornament per side.

28 | ### Evidence Of Actual Confusion

40. A November 9, 2006 internet advertisement by "Priority Store" Austin Texas, (attached as Exhibit No. 17) is evidence of "actual confusion" in that the advertisement (Exhibit No. 17) first identifies in bold type: "<u>LARIN (R) Pneumatic Garage Stool</u>," and then beneath the LARIN identification, indicates for sale in non-bold type "<u>ALLTRADE Motorcycle Saddle Stool</u>," with a picture of the ALLTRADE stool, in the ALLTRADE box.

### The LARIN Trademark Registration On The Supplemental Register

41. Larin Corporation is the owner of U.S. Trademark Registration (Supplemental Register) Number 2,956,240, ('240' Registration), date of Registration, May 24, 2005 (copy of the '240' registration is attached as Exhibit No. 18). The LARIN '240' Supplemental Registration mark identifies four (4) elements:

> "The mark consists of the curvature of the seat, the side paneling of the seat, the second inner ring on the foot rest, and the decorative vertical lines on the bottom of the post."

42. Upon an inspection and comparison of the LARIN "seat" to the ALLTRADE "stool," it is evident that as to the four (4) elements of the LARIN '240' Registration (Exhibit No. 24):

(1) "The curvature of the ALLTRADE seat" appears almost identical to the LARIN stool;

(2) "The side paneling of the ALLTRADE seat" appears highly similar to the LARIN stool;

(3) "The ALLTRADE seat has an identical "second inner ring on the foot rest as that of LARIN stool;" and

(4) "The ALLTRADE seat has the identical "vertical lines on the bottom of the post," that part of the post under the leg stand of each respective chair, identical to that of LARIN

1 stool.

2        43.   Plaintiff presents the '240' Supplemental
3 Registration (Exhibit No. 18) for purposes of indicating LARIN's
4 efforts to protect and establish the goodwill in the LARIN product,
5 which indicates ALLTRADE's copying of non-functional elements of
6 the LARIN stool.

7        44.   The ALLTRADE "stool" (Exhibit Nos. 10, 11, 12 and
8 14) is an inferior and an intentional and deliberate copy of the
9 LARIN "seat" except for the optional back rest, (which backrest is
10 not depicted in three (3) stools in the ALLTRADE box (container)
11 (photograph, Exhibit Nos. 10 and 11).

12        45.   The ALLTRADE "stool" (includes the precise four (4)
13 elements identified in the LARIN '240' Supplemental Trademark
14 Registration.

15        46.   ALLTRADE created the ALLTRADE box (container),
16 (Exhibit Nos. 10, 11, 12 and 14) to advertise, market and sell the
17 ALLTRADE stool intentionally duplicating certain distinctive and
18 prominent advertising elements (the identical composition and
19 nature of the four (4) photographs) of the LARIN "seat," box
20 (container), (Exhibit Nos. 4, 5, 6 and 13).   The ALLTRADE box
21 (container) (Exhibit Nos. 10, 11, 12 and 14) have the same bluish
22 grey color background and identical change in the shading of the
23 bluish grey background (Exhibit Nos. 10, 11, 12 and 14) as the
24 LARIN box (container) (Exhibit Nos. 4, 5, 6 and 13).   The
25 photographs on the ALLTRADE container (Exhibit Nos. 10, 11, 12 and
26 14) are highly similar in content to the LARIN container, (Exhibit
27 Nos. 4, 5, 6 and 13) and are highly similar to other advertisement
28 elements.

19

## Acts Of Unfair Competition

47. In 2006, DEFENDANTS undertook to copy the precise design of the LARIN "stool," created an inferior product, and in 2006, packaged the DEFENDANTS' ALLTRADE "stool," in packaging (container) which was in great part identical (Exhibit Nos. 10, 11, 12 and 14) to that of plaintiff LARIN's packaging (container) (Exhibit Nos. 4, 5, 6, and 13), which LARIN had utilized to identify, market and sell LARIN's product since 2002.

48. In 2006, DEFENDANTS then sold upwards of fifty thousand (50,000) of the ALLTRADE product in the ALLTRADE boxes (Exhibit Nos. 10, 11, 12 and 14) to Sam's Club, utilizing identical packaging containers to which LARIN had previously sold its product also to Sam's Club, knowing that DEFENDANTS' ALLTRADE "stool" (Exhibit Nos. 10, 11, 12 and 14) as sold by Sam's Club, with the photographic advertising, color and packaging of DEFENDANTS' ALLTRADE boxes identical to that of the previously packaged LARIN boxes (containers) (Exhibit Nos. 4, 5, 6 and 13) and identical to previous LARIN advertising, would likely cause confusion, mistake and deception to ultimate consumers (Sam's Club customers) as between the LARIN "stool" and the ALLTRADE "stool," and/or other consumers who would purchase the ALLTRADE product.

49. DEFENDANTS have undertaken acts of willful and deliberate violations of the Lanham Act, Section 43(a)(1), 15 U.S.C. 1125(a)(1).

50. DEFENDANTS intended through the use on their ALLTRADE box (container) of the bluish-grey color shadings, and contents of photographs on the ALLTRADE's box (container), (Exhibit Nos. 10, 11, 12 and 14) that the advertisements as used in

S \PC3\LARIN CORPORATION\COMPLAINT 121406 wpd

-14-

20

1 connection with the sale of DEFENDANTS' ALLTRADE's goods in
2 interstate commerce, or which affected interstate commerce, would
3 likely cause confusion, mistake or deceive the ultimate consumer of
4 the affiliation, connection or association of DEFENDANTS'
5 ALLTRADE's "stool" with that of plaintiff LARIN's "stool."

6      51.   DEFENDANTS' acts were intentional, in that
7 DEFENDANTS designed ALLTRADE's containers and packaging with the
8 very purpose of intending to create packaging and advertising on
9 DEFENDANTS' box (container) that was duplicative of the LARIN box
10 (Exhibit Nos. 4, 5, 6 and 13) which would likely cause confusion,
11 mistake or deceive the ultimate consumer of the affiliation,
12 connection or association of DEFENDANTS' ALLTRADE "stool" with that
13 of plaintiff LARIN's "stool."

14      52.   LARIN has been damaged in an amount to be proven at
15 trial.

16      53.   In that DEFENDANTS' ALLTRADE's intentional acts were
17 intentional, LARIN asserts that the burden of proof shifts to
18 DEFENDANTS and each of them to demonstrate that the retail
19 customers would not likely be confused, mistaken or deceived as to
20 the source or origin of DEFENDANTS' ALLTRADE product as compared to
21 plaintiff LARIN's product.

22      54.   In that DEFENDANTS' ALLTRADE's acts were intentional
23 and willful, plaintiff LARIN requests an award of treble damages
24 and attorneys' fees.

25      55.   LARIN also seeks a preliminary and permanent
26 injunction against DEFENDANTS' acts of unfair competition.
27 ///
28 ///

21

**Second Claim for Relief**

**(For Common Law Unfair Competition)**

**(Against All Defendants)**

56. Plaintiff LARIN reincorporates paragraph Nos. 1 through 55 as though fully set forth in this paragraph.

57. DEFENDANTS' acts constitute common law unfair competition.

58. Plaintiff LARIN seeks damages in an amount to be proved at trial.

59. DEFENDANTS' acts were willful, malicious and intentional, and plaintiff LARIN seeks an award of punitive damages.

**Third Claim for Relief**

**(For Violation of California Business and Professions Code §§17200 and 17500)**

**(Against All Defendants)**

60. Plaintiff LARIN reincorporates paragraph Nos. 1 through 59, as though fully set forth in this paragraph.

61. The acts of DEFENDANTS constitute statutory unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500.

62. Plaintiff LARIN seeks injunctive relief.

WHEREFORE, plaintiff LARIN seeks:

1. Damages according to proof;

2. Treble damages and attorneys' fees under the Lanham Act in that DEFENDANTS' acts were willful and intentional;

3. Punitive damages on its claim for common law unfair

competition;

        4.   Preliminary and Permanent Injunctive relief to prohibit further acts of unfair competition;

        5.   Costs of suit; and

        6.   Such other relief as the court may deem appropriate.

Dated:  December 14, 2006          Respectfully submitted,

                        LAW OFFICES OF ALLEN HYMAN

By:  _____

     Allen Hyman
     Attorneys for Plaintiff
     LARIN CORPORATION

S:\PC3\LARIN CORPORATION\COMPLAINT.121406.wpd

-17-

23

1 | ### DEMAND FOR JURY TRIAL

2 |      Pursuant to F.R.C.P. Rule 38 and Local Rule 38-1,

3 | plaintiff LARIN requests a trial by jury.

4 |

5 | Dated:   December 14, 2006          Respectfully submitted,

6 |                                      LAW OFFICES OF ALLEN HYMAN

7 |

8 |                                 By: _____

9 |                                      Allen Hyman
                                         Attorneys for Plaintiff
10 |                                     LARIN CORPORATION

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |