

COMFORT, STYLE & MANEUVERABILITY

*Pneumatic* CHARACTER STOOL

EXHIBIT 25

2

LARIN®

Ideal for garage, home or office

*Pneumatic*
GARAGE STOOL

COMFORT, STYLE & MANEUVERABILITY

26



EXHIBIT
3



Case 5:06-cv-01394-CJW-OP   Document 68-3   Filed 7/07/2007   Page 5 of 52   Page ID #:132



**ALLTRADE**

**MOTORCYCLE SADDLE STOOL**

Great for Garage, Game Room and Workstation

# MOTORCYCLE
# SADDLE ST

## FEATURES:

- Seat Swivels 360 Degree
- Pneumatic One Hand Heig Adjustment
- Seat Adjusts from 21" to





34
30

Back Adjusts

Be

1 YEAR WARRANTY

ALLEN HYMAN, ESQ. (CBN: 73371)
CHRISTINE COVERDALE, ESQ. (CBN: 195635)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
P: (818) 763-6289 or (323) 877-3405
F: (818) 763-4676
Email: lawoffah@aol.com

Attorneys for Plaintiff,
LARIN CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARIN CORPORATION, | Case No. CV 06-1394 ODW (OPx) |
| Plaintiff, | **PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLTRADE TOOLS, LLC** |
| v. | |
| ALLTRADE, INC., a California corporation; ALLTRADE TOOLS, LLC, a California limited liability company; ANDRE LIVIAN, an individual, | |
| Defendants. | |

PROPOUNDING PARTY:      Plaintiff, LARIN CORPORATION

RESPONDING PARTY:      Defendant, ALLTRADE TOOLS, LLC

SET NO.:      Two

   Pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiff Larin Corporation ("PLAINTIFF") demands that Defendant Alltrade Tools, LLC, ("ALLTRADE") produce for identification, production and inspection at the Law Offices of Allen Hyman, 10737 Riverside Drive, North Hollywood, California 91602, within thirty (30) days of service, the following documents and tangible things



1 which are available to ALLTRADE, ALLTRADE's attorneys, agents,
2 and/or employees:

3 **REQUEST FOR PRODUCTION NO. 37.:**

4          Provide documents indicating the date, buyer and sale
5 price of each sale of the ALLTRADE Motorcycle Saddle Stool from
6 January 1, 2002 to the present.

7 **REQUEST FOR PRODUCTION NO. 38.:**

8          Provide documents indicating each payment for any
9 advertisement or marketing of the ALLTRADE Motorcycle Saddle Stool
10 from January 1, 2002 to the present.

11 **REQUEST FOR PRODUCTION NO. 39.:**

12          Provide documents indicating the purchase price by
13 ALLTRADE of the Motorcycle Saddle Stool for each purchase if
14 ALLTRADE purchased the product for resale.

15 **REQUEST FOR PRODUCTION NO. 40.:**

16          Provide all correspondence from ALLTRADE to and from each
17 purchaser concerning or regarding the sale by ALLTRADE to any
18 purchaser of the ALLTRADE Motorcycle Saddle Stool for each
19 purchase.

20 **REQUEST FOR PRODUCTION NO. 41.:**

21          If all ALLTRADE did not purchase the ALLTRADE motorcycle
22 saddle stool for re-sale, provide documents sufficient to indicate
23 the cost of manufacturing.

24 **REQUEST FOR PRODUCTION NO. 42.:**

25          Provide documents which  indicate the gross sales revenue
26 received by ALLTRADE for the sale of the ALLTRADE motorcycle saddle
27 stool from January 1, 2003 to the present.

28 ///

**REQUEST FOR PRODUCTION NO. 43.:**

Provide documents indicating requests for purchase of the ALLTRADE motorcycle saddle stool that ALLTRADE did not fulfill.

**REQUEST FOR PRODUCTION NO. 44.:**

Provide documents indicating any communication between ALLTRADE and any buyer of ALLTRADE concerning or relating to the LARIN lawsuit.

**REQUEST FOR PRODUCTION NO. 45.:**

Please provide manufacturing specifications of the ALLTRADE stool, those specifications indicating the specific dimensions of each part, of the ALLTRADE stool.

**REQUEST FOR PRODUCTION NO. 46.:**

Please provide documents indicating the quality control, inspection procedures, and/or tolerance specifications of manufacturing of the ALLTRADE stool.

**REQUEST FOR PRODUCTION NO. 47.:**

Please provide documents indicating what elements of the ALLTRADE stool were subject to quality control.

**REQUEST FOR PRODUCTION NO. 48.:**

To the extent that ALLTRADE did not manufacture the ALLTRADE stool, please provide documents indicating all ALLTRADE quality specifications required of the ALLTRADE stool from the manufacturer.

**REQUEST FOR PRODUCTION NO. 49.:**

Please provide documents indicating the materials used, the stitching specifications, and the material specifications of the ALLTRADE "Saddle" for the ALLTRADE stool.

///

**33**

1 | **REQUEST FOR PRODUCTION NO. 50.:**

2 |        Please provide documents indicating the specifications of

3 | the material used in the "Pneumatic seat post assemble" of the

4 | ALLTRADE stool.

5 | **REQUEST FOR PRODUCTION NO. 51.:**

6 |        Please provide documents indicating the material used in

7 | the footrest ring assembly of the ALLTRADE stool.

8 | **REQUEST FOR PRODUCTION NO. 52.:**

9 |        Please provide documents indicating the material used in

10 | the creation of the Base of the ALLTRADE stool.

11 | **REQUEST FOR PRODUCTION NO. 53.:**

12 |        Please provide documents indicating the quality of the

13 | material used in the creation of the casters of the ALLTRADE stool.

14 | **REQUEST FOR PRODUCTION NO. 54.:**

15 |        Please provide documents indicating all complaints,

16 | inquires, injuries claims made by any customer with regard to the

17 | ALLTRADE stool.

18 |

19 |                      Respectfully submitted,

20 |                      LAW OFFICES OF ALLEN HYMAN

21 |

22 | DATED: June 25, 2007         By:

23 |                      Allen Hyman
                        Attorneys for Plaintiff
                        LARIN CORPORATION

24 |

25 |

26 |

27 |

28 |

**34**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 10737 Riverside Drive, North Hollywood, California 91602.

    On June 25, 2007, I served the foregoing document described as **PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLTRADE TOOLS, LLC** on the parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

[ ]    (BY MAIL) to the addressees as indicated on the attached Service List, as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at North Hollywood, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee as indicated on the attached service list.

[X]    (BY FACSIMILE) I sent such document via facsimile to the offices of the addressees as indicated on the attached service list.

[X]    (BY OVERNIGHT MAIL SERVICE)  I caused such document to be delivered via Overnight Mail to the addressees as indicated on the attached service list.

[ ]    (STATE)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

[X]    (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 25, 2007, at North Hollywood, California.

                                _____
                                  Rory P. Rentmeester

**SERVICE LIST**

Seong H. Kim, Esq.
Steptoe & Johnson, LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA    90067
T:  (310) 734-3232
F:  (310) 734-3231

1  Seong H. Kim, State Bar No. 166604
   Dylan Ruga, State Bar No. 235969
2  STEPTOE & JOHNSON LLP
3  2121 Avenue of the Stars, Suite 2800
   Los Angeles, CA  90067-5052
4  Telephone:  (310) 734-3200
   Facsimile:  (310) 734-3300
5  Email:  skim@steptoe.com
6  Email:  druga@steptoe.com

7  Attorneys for Defendants and Counter-
   Claimants ALLTRADE TOOLS LLC
8  (erroneously sued as "ALLTRADE TOOLS, LLC"),
9  ALLTRADE INC. (erroneously sued as
   "ALLTRADE, INC."), and ANDRE LIVIAN
10

11              UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

13
   LARIN CORPORATION,                | Case No.: EDCV06-1394 VAP (OPx)
14                                    |
              Plaintiff,              | **DEFENDANT ALLTRADE TOOLS**
15                                    | **LLC'S RESPONSES TO PLAINTIFF**
       vs.                           | **LARIN CORPORATION'S SECOND**
16                                   | **REQUEST FOR PRODUCTION OF**
   ALLTRADE, INC., a California       | **DOCUMENTS**
17 corporation; ALLTRADE TOOLS,       |
   LLC, a California limited liability |
18 company; ANDRE LIVIAN, an          |
19 individual,                       |
                                     |
20            Defendants.            |

21 ALL TRADE TOOLS, LLC, a
   California limited liability company,
22
              Counter-Claimant,
23
       vs.
24
   LARIN CORPORATION, a
25 California corporation,

26            Counter-Defendant.

27

28

**EXHIBIT**

**5**

DOC. # CC-162655 V.1

37

PROPOUNDING PARTY:       LARIN CORPORATION

RESPONDING PARTY:        ALLTRADE TOOLS LLC

SET NO.                  TWO

## GENERAL RESPONSES AND OBJECTIONS

1.      Defendant Alltrade Tools LLC has not completed its discovery or investigation of the facts relating to this case or its preparation for trial. The responses contained herein are based only upon the information and documents presently available to and known by Alltrade Tools LLC. Nothing contained herein shall be used to preclude Alltrade Tools LLC from further research and investigation of the facts or from presentation of the results of that research and investigation to the Court and/or the trier of fact at any hearing or at the time of trial.

2.      The following responses are provided without prejudice to the right of Alltrade Tools LLC to produce and introduce at any hearing or at the time of trial subsequently discovered evidence relating to the proof of presently known material facts, and to produce and introduce all evidence whenever discovered relating to the proof of subsequently discovered material facts. Alltrade Tools LLC reserves the right to refer to, conduct discovery with reference to, or offer into evidence at any hearing or at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein.

3.      To the extent that a Request has not been objected to, Alltrade Tools LLC has used reasonable diligence to obtain documents and things responsive to the Requests responded to herein, based on examination of those files that may reasonably be expected to yield such documents and things and interviews with those individuals reasonably expected to have such documents and things. To the

1

extent that the propounding party seeks to require Alltrade Tools LLC to do more than the foregoing, the Requests are objected to on the grounds that they are not relevant to the claims or defenses of any party to this action, and would subject Alltrade Tools LLC to oppression, harassment, and undue burden and expense not commensurate with any legitimate discovery need.

4.   Alltrade Tools LLC objects to each and every Request to the extent that they seek disclosure of information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and pursuant to any other applicable privilege or protection, or information otherwise protected from discovery.  Alltrade Tools LLC will not undertake to produce any such privileged or protected information, and nothing contained herein is intended as, or shall be deemed, a waiver of any attorney-client privilege, attorney work product protection, or any other applicable privilege.

5.   Alltrade Tools LLC objects to each and every Request to the extent they are overbroad, unduly burdensome, unreasonable, vexatious, harassing and oppressive, in that they seek information that is not relevant to the claims or defenses of any party to this action.  By responding to any of the Requests, Alltrade Tools LLC will not undertake to provide documents that are not relevant to the claims or defenses of any party to this action, and Alltrade Tools LLC expressly disavows any obligation or undertaking not interposed by the Federal Rules of Civil Procedure ("FRCP") or any other applicable law.

6.   Alltrade Tools LLC objects to each and every Request to the extent they seek information that is protected from disclosure by rights of privacy.

7.   To the extent that the Requests purport to require Alltrade Tools LLC to disclose documents or other materials constituting or containing, in whole or in part, confidential data, proprietary information, or non-public financial information relating or pertaining to Alltrade Tools LLC, its past or present employees, or its

Doc. # CC-162655 v.1

past or present companies, Alltrade Tools LLC objects to each and every Request on the grounds that they: (a) are overbroad, unreasonable, unduly burdensome, vexatious, oppressive and harassing; and (b) seek information that is protected from disclosure under federal and state law.

8.    Alltrade Tools LLC objects to the "Definitions And Instructions" to the extent that they are inconsistent with, and seek to impose obligations beyond, those imposed under the FRCP.

9.    Alltrade Tools LLC objects to each and every Request on the grounds that they are vague, ambiguous, uncertain and unintelligible, in that, among other reasons, the definition of "DEFENDANT" purports to require the disclosure of information from Tool's "attorneys, agents, and/or employees." Alltrade Tools LLC expressly disavows any obligation to respond to the Requests beyond those imposed by the FRCP, and except as otherwise set forth expressly herein, for purposes of further responding to the Requests, Alltrade Tools LLC will not undertake to provide information on behalf of any party, entity or person other than itself.

10.   No response contained herein, and no provision of information by Alltrade Tools LLC in response to any Request therein, is intended to be, nor shall it be deemed or construed as, an admission of the truth or correctness of any statement, characterization, conclusion, or other matter which may be contained in any Request contained therein.

11.   Alltrade Tools LLC objects to each and every Request to the extent that the information requested is at least equally available to Larin, or already in the possession, custody, or control of Larin or Larin's counsel.

12.   Alltrade Tools LLC hereby expressly reserves its right to supplement or amend its responses in the future should Alltrade Tools LLC discover additional documents or things that may be responsive to the Requests.

Doc. # CC-162655 v.1

**40**

13.     Each of the following specific responses and objections is subject to the foregoing General Responses and Objections, which shall be incorporated into each specific response (whether or not so stated in the specific response).

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 37.:

Provide documents indicating the date, buyer and sale price of each sale of the ALLTRADE Motorcycle Saddle Stool from January 1, 2002 to the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 37.:

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, and harassing.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody, or control and have not already been produced.

### REQUEST FOR PRODUCTION NO. 38.:

Provide documents indicating each payment for any advertisement or marketing of the ALLTRADE Motorcycle Saddle Stool from January 1, 2002 to the present.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 38.:

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, and harassing.

4

41

1  Subject to and without waiving these and any other objections, and to the
2  extent it understands this request, Alltrade Tools LLC will produce for inspection
3  and copying all non-privileged responsive documents, if any, which are in its
4  possession, custody, or control and have not already been produced.

5  **REQUEST FOR PRODUCTION NO. 39.:**

6  Provide documents indicating the purchase price by ALLTRADE of the
7  Motorcycle Saddle Stool for each purchase if ALLTRADE purchased the product
8  for resale.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39.:**

10  Alltrade Tools LLC objects to this request to the extent that the documents
11  sought are confidential or subject to the attorney-client, work-product, or other
12  applicable privileges. Alltrade Tools LLC also objects to this request on the
13  ground that it is vague, ambiguous, and unintelligible.

14  **REQUEST FOR PRODUCTION NO. 40.:**

15  Provide all correspondence from ALLTRADE to and from each purchaser
16  concerning or regarding the sale by ALLTRADE to any purchaser of the
17  ALLTRADE Motorcycle Saddle Stool for each purchase.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40.:**

19  Alltrade Tools LLC objects to this request to the extent that the documents
20  sought are confidential or subject to the attorney-client, work-product, or other
21  applicable privileges. Alltrade Tools LLC also objects to this request on the
22  ground that it is vague, ambiguous, and unintelligible.

23  **REQUEST FOR PRODUCTION NO. 41.:**

24  If ALLTRADE did not purchase the ALLTRADE motorcycle saddle stool
25  for re-sale, provide documents sufficient to indicate the cost of manufacturing.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41.:**

27  Alltrade Tools LLC objects to this request to the extent that the documents
28  sought are confidential or subject to the attorney-client, work-product, or other

Doc. # CC-162655 v.1
42

1  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent
2  that it is overly broad, unduly burdensome, and harassing.

3      Subject to and without waiving these and any other objections, and to the
4  extent it understands this request, Alltrade Tools LLC will produce for inspection
5  and copying all non-privileged responsive documents, if any, which are in its
6  possession, custody, or control and have not already been produced.

7  **REQUEST FOR PRODUCTION NO. 42.:**

8      Provide documents which indicate the gross sales revenue received by
9  ALLTRADE for the sale of the ALLTRADE motorcycle saddle stool from January
10  1, 2003 to the present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42.:**

12      Alltrade Tools LLC objects to this request because it is duplicative of
13  Request No. 15.

14  **REQUEST FOR PRODUCTION NO. 43.:**

15      Provide documents indicating requests for purchase of the ALLTRADE
16  motorcycle saddle stool that ALLTRADE did not fulfill.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43.:**

18      Alltrade Tools LLC objects to this request to the extent that the documents
19  sought are confidential or subject to the attorney-client, work-product, or other
20  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent
21  that it is overly broad, unduly burdensome, and harassing.  Alltrade Tools LLC
22  also objects to this request on the grounds that it is vague, ambiguous, and
23  unintelligible.

24  **REQUEST FOR PRODUCTION NO. 44.:**

25      Provide documents indicating any communication between ALLTRADE
26  and any buyer of ALLTRADE concerning or relating to the LARIN lawsuit.

27

28

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and the term "the LARIN lawsuit" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 45.:**

Please provide manufacturing specifications of the ALLTRADE stool, those specifications indicating the specific dimensions of each part, of the ALLTRADE stool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, and harassing. Alltrade Tools LLC also objects to this request on the grounds that it calls for the production of Alltrade Tools LLC's trade secret information.

**REQUEST FOR PRODUCTION NO. 46.:**

Please provide documents indicating the quality control, inspection procedures, and/or tolerance specifications of manufacturing of the ALLTRADE stool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence. Alltrade Tools LLC also

Doc. # CC-162655 v.1

**44**

1  objects to this request on the grounds that it calls for the production of Alltrade

2  Tools LLC's trade secret information.

3  **REQUEST FOR PRODUCTION NO. 47.:**

4      Please provide documents indicating what elements of the ALLTRADE

5  stool were subject to quality control.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47.:**

7      Alltrade Tools LLC objects to this request to the extent that the documents

8  sought are confidential or subject to the attorney-client, work-product, or other

9  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

10  that it is overly broad, unduly burdensome, harassing, and not reasonably

11  calculated to lead to the discovery of relevant evidence.  Alltrade Tools LLC also

12  objects to this request on the grounds that it calls for the production of Alltrade

13  Tools LLC's trade secret information.

14  **REQUEST FOR PRODUCTION NO. 48.:**

15      To the extent that ALLTRADE did not manufacture the ALLTRADE stool,

16  please provide documents indicating all ALLTRADE quality specifications

17  required of the ALLTRADE stool from the manufacturer.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48.:**

19      Alltrade Tools LLC objects to this request to the extent that the documents

20  sought are confidential or subject to the attorney-client, work-product, or other

21  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

22  that it is overly broad, unduly burdensome, harassing, and not reasonably

23  calculated to lead to the discovery of relevant evidence.  Alltrade Tools LLC also

24  objects to this request on the grounds that it calls for the production of Alltrade

25  Tools LLC's trade secret information.

26

27

28

Doc. # CC-162655 v.1

45

1  **REQUEST FOR PRODUCTION NO. 49.:**

2       Please provide documents indicating the materials used, the stitching

3  specifications, and the material specifications of the ALLTRADE "Saddle" for the

4  ALLTRADE stool.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49.:**

6       Alltrade Tools LLC objects to this request to the extent that the documents

7  sought are confidential or subject to the attorney-client, work-product, or other

8  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

9  that it is overly broad, unduly burdensome, harassing, and not reasonably

10  calculated to lead to the discovery of relevant evidence.  Alltrade Tools LLC also

11  objects to this request on the grounds that it calls for the production of Alltrade

12  Tools LLC's trade secret information.

13  **REQUEST FOR PRODUCTION NO. 50.:**

14       Please provide documents indicating the specifications of the material used

15  in the "Pneumatic seat post assemble" of the ALLTRADE stool.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50.:**

17       Alltrade Tools LLC objects to this request to the extent that the documents

18  sought are confidential or subject to the attorney-client, work-product, or other

19  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

20  that it is overly broad, unduly burdensome, harassing, and not reasonably

21  calculated to lead to the discovery of relevant evidence.  Alltrade Tools LLC also

22  objects to this request on the grounds that it calls for the production of Alltrade

23  Tools LLC's trade secret information.

24  **REQUEST FOR PRODUCTION NO. 51.:**

25       Please provide documents indicating the material used in the footrest ring

26  assembly of the ALLTRADE stool.

27

28

9

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 51.:**

2 |   Alltrade Tools LLC objects to this request to the extent that the documents

3 | sought are confidential or subject to the attorney-client, work-product, or other

4 | applicable privileges. Alltrade Tools LLC also objects to this request to the extent

5 | that it is overly broad, unduly burdensome, harassing, and not reasonably

6 | calculated to lead to the discovery of relevant evidence. Alltrade Tools LLC also

7 | objects to this request on the grounds that it calls for the production of Alltrade

8 | Tools LLC's trade secret information.

9 | **REQUEST FOR PRODUCTION NO. 52.:**

10 |   Please provide documents indicating the material used in the creation of the

11 | Base of the ALLTRADE stool.

12 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 52.:**

13 |   Alltrade Tools LLC objects to this request to the extent that the documents

14 | sought are confidential or subject to the attorney-client, work-product, or other

15 | applicable privileges. Alltrade Tools LLC also objects to this request to the extent

16 | that it is overly broad, unduly burdensome, harassing, and not reasonably

17 | calculated to lead to the discovery of relevant evidence. Alltrade Tools LLC also

18 | objects to this request on the grounds that it calls for the production of Alltrade

19 | Tools LLC's trade secret information.

20 | **REQUEST FOR PRODUCTION NO. 53.:**

21 |   Please provide documents indicating the quality of the material used in the

22 | creation of the casters of the ALLTRADE stool.

23 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 53.:**

24 |   Alltrade Tools LLC objects to this request to the extent that the documents

25 | sought are confidential or subject to the attorney-client, work-product, or other

26 | applicable privileges. Alltrade Tools LLC also objects to this request to the extent

27 | that it is overly broad, unduly burdensome, harassing, and not reasonably

28 | calculated to lead to the discovery of relevant evidence. Alltrade Tools LLC also

1 | objects to this request on the grounds that it calls for the production of Alltrade
2 | Tools LLC's trade secret information.
3 | **REQUEST FOR PRODUCTION NO. 54.:**
4 | Please provide documents indicating all complaints, inquires, injuries claims
5 | made by any customer with regard to the ALLTRADE stool.
6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 54.:**
7 | Alltrade Tools LLC objects to this request to the extent that the documents
8 | sought are confidential or subject to the attorney-client, work-product, or other
9 | applicable privileges. Alltrade Tools LLC also objects to this request to the extent
10 | that it is overly broad, unduly burdensome, harassing, and not reasonably
11 | calculated to lead to the discovery of relevant evidence.
12 |
13 | Dated: July 31, 2007                     STEPTOE & JOHNSON LLP
14 |
15 |                                          BY:
16 |                                          SEONG H. KIM
17 |                                          Attorneys for Defendants and Counter-
                                             Claimants ALLTRADE TOOLS LLC.
18 |                                          ALLTRADE INC. and ANDRE
                                             LIVIAN
19 |
...

Doc. # CC-162655 v.1

48

# PROOF OF SERVICE
### F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the County of Los Angeles. I am over the age of 18 and not a party to this action. My business address is: NOW Attorney/Messenger Service, 1301 West 2nd St., Suite 206, Los Angeles, CA 90026.

On **July 31, 2007,** I served the following listed document(s), by method indicated below, on the parties in this action: **DEFENDANT ALLTRADE TOOLS LLC'S RESPONSES TO PLAINTIFF LARIN CORPORATION'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

*SEE ATTACHED SERVICE LIST*

☐ **BY U.S. MAIL**
By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067., following ordinary business practices. I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☒ **BY PERSONAL SERVICE**
☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.

☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).

☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on July 31, 2007 at Los Angeles, California.

_____
Type or Print Name

_____
Signature

1

PROOF OF SERVICE

**49**

1   Allen Hyman, Esq.
2   Law Offices of Allen Hyman
    10737 Riverside Drive
3   North Hollywood, California 91602
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1  ALLEN HYMAN, ESQ. (CBN: 73371)
   CHRISTINE COVERDALE, ESQ. (CBN: 195635)
2  LAW OFFICES OF ALLEN HYMAN
   10737 Riverside Drive
3  North Hollywood, California 91602
   P: (818) 763-6289 or (323) 877-3405
4  F: (818) 763-4676
   Email: lawoffah@aol.com
5
   Attorneys for Plaintiff,
6  LARIN CORPORATION

7

8                    UNITED STATES DISTRICT COURT
9
                     CENTRAL DISTRICT OF CALIFORNIA
10

11  LARIN CORPORATION,                 )  Case No. CV 06-1394 ODW (OPx)
                                       )
12                 Plaintiff,          )  [PROPOSED] PROTECTIVE ORDER AND
                                       )  ORDER THEREON
13        v.                           )
                                       )
14  ALLTRADE, INC., a California       )
    corporation; ALLTRADE TOOLS,       )
15  LLC, a California limited          )
    liability company; ANDRE          )
16  LIVIAN, an individual,             )
                                       )
17                 Defendants.         )
                                       )
18  _____)

19

20                              **ORDER**

21        To adequately protect material entitled to be kept

22  confidential, to ensure that protection is afforded only to

23  material so entitled, and to facilitate the prompt resolution of

24  disputes over confidentiality, it is, pursuant to this Court's

25  authority under F.R.C.P. Rule 26(c) and with the consent of the

26  parties, ORDERED:

27        The Subject Matter of this Protective Order

28        1.   This Order shall apply to documents, things or

S:\PC7\LARIN CORP\PROTORD053107.wpd

51

EXHIBIT
6

1 │ information produced in discovery in this case that contain trade
2 │ secrets or confidential research, development, or commercial
3 │ information of the producing party encompassed by F.R.C.P. Rule
4 │ 26(c)(7).  If the producing party has made a good faith
5 │ determination that such documents, things, or information contains
6 │ such trade secrets or confidential research, development or
7 │ commercial information of the producing party, then the producing
8 │ party may designate such material as either "Confidential Material"
9 │ and/or as "Trade Secret."

10 │     2.    The definitions applicable to this Order are:

11 │     a.    "Document" shall mean any written, typed or printed
12 │ matter of any kind, photographs, computer files, or any other
13 │ medium for preserving, duplicating or recording written or spoken
14 │ information.

15 │     b.    "Independent Consultant(s)" shall mean any technical
16 │ consultant(s) or expert(s) hired solely for the purpose of
17 │ assisting with this action.  "Independent Consultant(s)" does not
18 │ include any consultant(s) or expert(s) who were employees, are
19 │ present employees or are the parties in any capacity other than for
20 │ the prosecution or defense of this action.

21 │     c.    "Party Document" shall mean any document produced by
22 │ a party.

23 │     d.    "Receiving Party" refers to the party or parties who
24 │ received the Material in question.

25 │     e.    "Trade secret" means information, including a
26 │ formula, pattern, compilation, program, device, method, technique,
27 │ or process, that:

28 │     (i)   derives independent economic value, actual or

-2-

**52**

1  potential, from not being generally known to, and not being readily
2  ascertainable by proper means by, other persons who can obtain
3  economic value from its disclosure or use, and

4         (ii) is the subject of efforts that are reasonable
5  under the circumstances to maintain its secrecy.

6         3.    A producing party may designate as "Confidential
7  Material" any Document or information or deposition testimony that
8  in good faith it deems to be information of a confidential business
9  nature.  Under FRCP 26(c)(7), the party making the designation
10  shall place or cause to be placed upon such material a
11  "Confidential" legend, or shall designate the deposition testimony
12  confidential, or shall mark or shall designate the documents by
13  Bates stamped numbers and forwarding log to the receiving party.

14         4.    A producing party may designate as "Trade Secret"
15  any Document or information or deposition testimony that in good
16  faith it deems to be information meeting the definition of trade
17  secret set out in this document.  Under FRCP 26(c)(7), the party
18  making the designation shall place or cause to be placed upon such
19  material a "Trade Secret" legend, or shall designate the deposition
20  testimony a trade secret, or shall mark or shall designate the
21  documents by Bates stamped numbers and forwarding log to the
22  receiving party.

23         5.    "Confidential Material" will only be disclosed to
24  parties, attorneys and their staff and independent consultants,
25  upon them agreeing to be bound by this Order.

26         6.    "Trade Secret" material will only be disclosed to
27  attorneys and/or the parties' respective experts, upon them
28  agreeing to be bound by this Order.

S:\PC7\LARIN CORP\PROTORD053107.wpd                    -3-                               **53**

1           Permissible Use of the Confidential Material and Trade

2           Secret Material

3         7.    "Confidential Material" and "Trade Secret" material

4 shall be used solely for pre-trial proceedings, trial preparation,

5 trial, and appellate proceedings in this case, and not for any

6 other purpose.  "Confidential Material" and "Trade Secret" material

7 shall not be disclosed to the press or to any other media.

8         8.    With regard to corporate parties, the receiving

9 party is to designate one or more corporate representatives of the

10 receiving party who is to have access to Confidential Material and

11 furnish the attorneys of the disclosing party with a listing of the

12 identity or identities of those corporate representatives who have

13 received confidential information, identifying the particular

14 confidential information disclosed to each corporate

15 representative.  Each corporate representative will execute a non-

16 disclosure agreement (attached as Exhibit "A") which shall be

17 furnished to the disclosing party within two (2) days of execution.

18         9.    Before any disclosure of Confidential Material

19 and/or Trade Secret Material is made to an Independent Consultant,

20 or a corporate representative or party, the Independent Consultant

21 shall sign an agreement to be bound by this Protective Order,

22 attached as "Exhibit A."

23         Confidentiality Agreement to be Signed by Certain Persons

24         10.   All persons who receive "Confidential Material"

25 and/or "Trade Secret" material -- except those persons listed in

26 items "a" through "b" of the paragraph below -- shall execute the

27 "Agreement to be Bound by Protective Order" attached hereto as

28 Exhibit "A" prior to their receipt of "Confidential Material"

    -4-    **54**

1 and/or "Trade Secret" material. Counsel for the party who
2 discloses the "Confidential Material" or "Trade Secret" material
3 shall retain all such signed agreements until final termination of
4 this case. The persons who are not required to execute the
5 "Agreement to be Bound by Protective Order" are:

6      a. Retained counsel for any party in this case, in-
7 house counsel for any such party, and any paralegal, stenographic,
8 clerical and secretarial personnel regularly and currently employed
9 by retained counsel or by in-house counsel; and

10      b. Court reporters and court personnel.

11      11. To the extent that any disagreements arise regarding
12 any objections asserted by counsel to Documents designated as
13 "Confidential Material" or as "Trade Secret" material, the parties
14 will meet and confer and to prepare a Joint Statement regarding any
15 document or information to which a party requests relief from this
16 protective order.

17                 Declassification

18      12. Counsel for the parties are on notice that the Court
19 discourages over-inclusion of "Confidential Material" and "Trade
20 Secret" material. The Court reserves its right, on its own motion,
21 to order that material designated "Confidential" or "Trade Secret"
22 shall cease to be designated or treated as "Confidential Material"
23 or as "Trade Secret" material. Moreover, should any party (or
24 other aggrieved person permitted by the Court to intervene for such
25 purpose) object to the designation of material as "Confidential,"
26 or "Trade Secret" and should the parties be unable to resolve this
27 objection informally, then the objecting party may move the Court
28 for an order that said material shall cease to be designated or

**55**

1 | treated as "Confidential Material" or "Trade Secret" material.
2 | Such motion shall be made pursuant to the procedures stated in
3 | Local Rule 7.15.

4 |       13.   Termination of this litigation shall not relieve any
5 | person from the obligations of this Order, unless the court so
6 | orders.  Upon the conclusion or final settlement of this
7 | litigation, all persons subject to the terms, within twenty (20)
8 | business days after such conclusion or settlement, shall assemble
9 | and return to the producing party all Documents containing
10 | "Confidential Material" or "Trade Secret" material (including all
11 | copies thereof) and those portions of transcripts containing
12 | "Confidential Material" or "Trade Secret" material, and shall
13 | return such outlines, summaries, abstracts, compilations,
14 | memoranda, documents and the like which constitute, embody,
15 | reflect, contain, concern, or disclose "Confidential Material" or
16 | "Trade Secret" material, except that each party's lead litigation
17 | counsel of record may retain an archival copy of pleadings,
18 | transcripts and work product which contain "Confidential Material"
19 | or "Trade Secret" material, which materials shall nonetheless
20 | remain subject to this Protective Order.

21 |       Termination of Action

22 |       14.   No later than thirty (30) days after the conclusion
23 | of the trial and any appeal or other termination of this
24 | litigation, all "Confidential Material" and "Trade Secret" material
25 | received under the provisions of this Order shall be tendered back
26 | to the producing party, or, at the discretion of the producing
27 | party, destroyed.  Provisions of this Order insofar as they
28 | restrict the use or communication of "Confidential Material" and/or

1  "Trade Secret" material shall, without written permission of the
2  producing party or further order of this Court, continue to be
3  binding on all persons subject to the terms of this Order.

4              No Waiver of Claims, Counterclaims, or Defenses

5       15.  Neither the entering into of this Stipulation and
6  Order, nor the taking of any action in accordance with the
7  provisions of this Order, nor the failure to object to the taking
8  of any action in accordance with this Order, shall be construed as
9  a waiver of any claim, counterclaim or defense in this case.

10              Modification

11       16.  The terms and provisions of this Order are subject
12  to modification, extension or limitation as may be hereafter agreed
13  to by all parties in writing and subject to the Court's approval or
14  by order of this Court.

15  APPROVED AS TO FORM AND CONTENT:

16  Dated: ___6/4___, 2007        LAW OFFICES OF ALLEN HYMAN
17
                          By:
18                            Christine Coverdale
                            Attorneys for Plaintiff
19                            LARIN CORPORATION

20  Dated: _____, 2007         STEPTOE & JOHNSON
21
                          By:
22                            Seong Kim, Esq.
                            Dylan Ruga, Esq.
23                            Attorneys for Defendants
                            ALLTRADE, INC., ALLTRADE TOOLS, LLC
24                            AND ANDRE LIVIAN

25       IT IS SO ORDERED.

26
27  Dated: _____
                            _____
28                            United States Magistrate Judge

-7-

## EXHIBIT A

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

1.   I, _____ , hereby acknowledge that I have read and understand this Protective Order and I agree to be bound by all of its terms and conditions;

2.   I acknowledge that I understand that unauthorized use or disclosure of the "Confidential Material" or "Trade Secret" material may constitute contempt of court; and

3.   I acknowledge that I understand that by signing this "Agreement to Be Bound by Protective Order," I consent to the exercise of personal jurisdiction by this Court with respect to any proceeding relating to enforcement of this Protective Order, including, without limitation, any proceeding relating to contempt of court.

DATED: _____

SIGNATURE: _____

NAME: _____

LAW OFFICES OF

# ALLEN HYMAN

ALLEN HYMAN
CHRISTINE COVERDALE

10737 RIVERSIDE DRIVE
NORTH HOLLYWOOD, CALIFORNIA 91602
(818) 763-6289 • (323) 877-3405
FAX (818) 763-4676
E-MAIL ADDRESS: LAWOFFAH@AOL.COM

October 30, 2007

Dylan Ruga, Esq.                          VIA FACSIMILE TRANSMISSION
Steptoe & Johnson, LLP                         (310) 734-3229
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

Re:   *Alltrade Inc.'s Responses To Larin's First Request*
      *For Production Central District Local Rule 37-1*

Dear Mr. Ruga:

        I write with regard to Alltrade Inc.'s ("ALL-INC") July
31, 2007, Responses to LARIN's Request For Production, First Set,
Nos. 1-36.

        LARIN contends that ALL-INC's Responses are inadequate
and that ALL-INC's objections are improper, and were interposed
for delay.

        I set forth the deficiencies as follows as to each
Response:

### ALL-INC's Response No. 1:

        1. Though privileges are asserted, ALL-INC has not
provided a privilege log.

        2. The response is not complete in that ALL-INC states:
"...to the extent it understands the request...."  Yet ALL-INC
did not indicate how it understood the request and therefore the
response is evasive.

        3. If there are no documents, the appropriate response
as required by the Rules was not provided.

S:\PC7\LARIN CORP\RUGA-R\RGA-103007pc.wpd

**EXHIBIT**

**7**

59

Dylan Ruga, Esq.
October 30, 2007
Page 2

### ALL-INC's Response No. 2:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 3:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 4:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 5:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. ALL-INC has not identified what documents have been produced if any. The response is evasive.

### ALL-INC's Response No. 6:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request....," Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

S:\PC7\LARIN CORP\RUGA-ltr03A-103007pt.wpd

**60**

Dylan Ruga, Esq.
October 30, 2007
Page 3

3. If there are no documents the appropriate response
as required by the Rules was not provided.

### ALL-INC's Response No. 7:

1. Though privileges are asserted, ALL-INC has not
provided a privilege log.

2. The response is not complete in that ALL-INC states:
"...to the extent it understands the request...." Yet ALL INC
did not indicate how it understood the request and therefore the
response is evasive.

3. If there are no documents, the appropriate response
as required by the Rules was not provided.

### ALL-INC's Response No. 8:

1. Though privileges are asserted, ALL-INC has not
provided a privilege log.

2. The response is not complete in that ALL-INC states:
"...to the extent it understands the request...." Yet ALL-INC
did not indicate how it understood the request and therefore the
response is evasive.

3. If there are no documents, the appropriate response
as required by the Rules was not provided.

### ALL-INC's Response No. 9:

1. Though privileges are asserted, ALL-INC has not
provided a privilege log.

2. The response is not complete in that ALL-INC states:
"...to the extent it understands the request...." Yet ALL-INC
did not indicate how it understood the request and therefore the
response is evasive.

3. If there are no documents, the appropriate response
as required by the Rules was not provided.

S:\PC\ALARIN COR\PRUGA-DJF1A-103007jm.wpd

Dylan Ruga, Esq.
October 30, 2007
Page 4

### ALL-INC's Response Nos. 10-15:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No 16:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 17:

The response was evasive and the information sought is within the range of information that is appropriate for discovery under the Federal Rules.

### ALL-INC's Response No. 18:

The response was evasive and the information sought is relevant under the information allowed under the Federal Rules.

### ALL-INC's Response No. 19:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

S-\PCRLAREN CORP\RUGA-R.R3A-103007pc.wpd

**62**

Dylan Ruga, Esq.
October 30, 2007
Page 5

3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response Nos. 20:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response Nos. 21:

1. Though privileges are asserted, ALL-INC has not provided a privilege log,

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No. 22:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response No. 23:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

S:\FCT\ALL-INC CORP\RUGA ltr5\A 103007pc.wpd

63

Dylan Ruga, Esq.
October 30, 2007
Page 6

### ALL-INC's Response No. 24:

ALL-INC's qualification "...to the extent it
understands the request..." does not provide a proper request and
is evasive.

### ALL-INC's Response No. 25:

ALL-INC's qualification "...to the extent it
understands the request..." does not provide a proper request and
is evasive.

### ALL-INC's Response No. 26:

ALL-INC's qualification "...to the extent it
understands the request..." does not provide a proper request and
is evasive.

### ALL-INC's Response Nos. 27-34:

ALL-INC's qualification "...to the extent it
understands the request..." does not provide a proper request and
is evasive.

### ALL-INC's Response No. 35:

The response does not describe the documents and is
patently evasive.

### ALL-INC's Response No. 36:

The response does not describe the documents and is
patently evasive.

**64**

Dylan Ruga, Esq.
October 30, 2007
Page 7

### Summary

    It is evident that the totality of the responses Nos.
1-36 were purposely evasive, interposed for delay.

    In that you have imposed a requirement upon this office
of a privilege log, this office requests the same from your
office within seven (7) days.

    This office intends to bring a motion for an order to
compel production and to compel supplemental responses on the
entirety of the 37 requests.  Please advise as to any wish on
your part to avoid LARIN's motion.

    The responses are particularly egregious in that this
office provided to you an additional period of time to respond.

Very truly yours,

Allen Hyman

AH:pc

S:\PC70LARIN CORP\RUGA ltr#3A-103007pc.wpd

65

LAW OFFICES OF

**ALLEN HYMAN**

ALLEN HYMAN
CHRISTINE COVERDALE

10737 RIVERSIDE DRIVE
NORTH HOLLYWOOD, CALIFORNIA 91602
(818) 763-6289 • (323) 877-3405
FAX (818) 763-4676
E-MAIL ADDRESS LAWOFFAH@AOL.COM

November 2, 2007

Dylan Ruga, Esq.                          **VIA FACSIMILE TRANSMISSION**
Steptoe & Johnson, LLP                         (310) 734-3229
2121 Avenue of the Stars,
Suite 2800
Los Angeles, California 90067

          *Re:   Larin Corp. v. Alltrade Tools LLC, et al.*

Dear Mr. Ruga:

                    Protective Order

         Thank you for your prompt review and return of your
signature with regard to the protective order, which this office
is having filed today, with conformed copies delivered to the
Magistrate Judge, with envelopes addressed to both your office
and this office.

                 Larin Motions As To
        Document Discovery Of Alltrade Tools

         You letter of today's date identifies Local Rule 37-1
requirements, and requests that this office withdraw the joint
statement.  I respond as follows:

         1.   The period of lapse of time from the date of
response is of no consequence.  Frankly the responses appear to
be totally devoid of any good faith effort on the part of
Alltrade Tools ("ATT").

         2.   In the second instance, I am not aware of your
office providing a meet and confer as to Alltrade's latest
motion, (the one presently pending) prior to providing the joint
statement to this office.

         3.   And when I specifically offered a meet and confer
as to the three remaining categories of documents, as to your

S:\PC7\LARIN CORP\RUGA-ltr#2-110207pc.wpd

**EXHIBIT 8**

66

Dylan Ruga, Esq.
November 2, 2007
Page 2


present motion, you refused to do so.

     4.    And when I requested a short additional period of time to provide the remaining documents, you again refused to consider that request.

     5.    As well, though this office has provided over 2300 pages of documents, the defendants have provided a total of 196 pages, though indicating they would provide documents responsive to twenty-three categories of documents.

     6.    Finally, I suggest that one cannot but conclude, given the nature of the objections of ATT as to each category, that there was simply a lack of good faith response by ATT.

Meet And Confer

     1.    We did meet and confer on Wednesday, October 31, 2007, when I phoned your office and we discussed the letters indicating the concerns raised.

     2.    As a result of our meet and confer and your representations to me, I have held off providing you joint stipulations as to Alltrade Inc. You represented that Alltrade Inc. is not an operating company, apparently was not in business during the 2004 to present period, does not purchase, manufacture or sell any items, and is in essence a holding company with apparently no employees (at least during the applicable period of 2002 to the present).

     3.    You state (fourth paragraph) that you "...are confident that all of the issues in your meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our client's money."

     4.    You promised disclosure of the address and contact information of Gwen Mueller weeks ago and notwithstanding several letters requesting that information, have not done so. I may move the Court for an Order that you fulfill your promise as to disclosure.

     5.    In our meet and confer, I did indicate that numerous of the objections were without basis, and I suggested to you, given the numerous responses that ATT indicated it would

Dylan Ruga, Esq.
November 2, 2007
Page 3

produce "...as Alltrade Tools understands the request...," that you identify which of the 196 pages were responsive to which request.

      6.   You stated that unless I provided you some authority requiring you to do so, you would not indicate which documents were responsive to which request.

      7.   I do not intend to withdraw the joint stipulations at this time, given that I find the responses indicate a lack of good faith.

      8.   If you wish some continuance, please call or write and inform this office what you specifically propose as to the deficiencies identified, because to date you have provided no proposal as to what you intend to resolve, and you have refused any suggestion that I have made.

<u>Conclusion</u>

      Given the past history and your letter of today that you will not participate in the joint statements, unless you indicate with some specificity what you propose, I may (but I am not stating that I will), undertake to file the motions this coming Tuesday, with a declaration of non-co-operation.

      But I am open to further proposals and suggestions and convenience, where you offer something definite as to the numerous deficiencies presented.

Very truly yours,

Allen Hyman

AH:pc

S:\PC7\LARIN CORP\RUGA-ltr#2-110207pc.wpd

**68**

DECLARATION

## DECLARATION OF DYLAN RUGA

1.    I am an attorney at law licensed to practice before the State of California and before this Court. I am an associate with the law firm of Steptoe & Johnson LLP, attorneys of record for Alltrade, Inc., Alltrade Tools, LLC, and Andre Livian (collectively, "Alltrade" or "Defendants"). I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called as a witness, I would and could competently testify thereto.

2.    Prior to receiving the instant Joint Stipulation, I did not receive any letter or other communication from Plaintiff's counsel regarding Alltrade Tools LLC's responses to Larin's second set of requests for production of documents.

3.    On November 2, 2007, I sent Plaintiff's counsel a letter and offered to meet and confer in good faith to address Plaintiff's concerns. Specifically, I told Plaintiff's counsel that: "I am confident that all of the issues in your meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our clients' money. We are happy to meet with you, either in person or on the telephone, to discuss each response that you take issue with." A true and correct copy of my letter to Plaintiff's counsel is attached hereto as **Exhibit A**.

4.    I subsequently spoke with Plaintiff's counsel on the telephone and asked if he would withdraw the Joint Stipulations, or at least allow Alltrade Tools LLC to provide supplemental responses prior to filing Larin's motion to compel. Plaintiff's counsel asked me if I would withdraw Defendants' motion

///

///

1  for terminating sanctions.  I declined to do so, and then Plaintiff's counsel said

2  that he would therefore proceed with his motions as well.

3

4       I declare under penalty of perjury under the laws of the United States and

5  the State of California that the foregoing is true and correct.

6       Executed on November___ 8 ____, 2007

7

8                                        Dylan Ruga

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

# STEPTOE & JOHNSON LLP

ATTORNEYS AT LAW

Dylan Ruga
Tel 310.734.3228
Fax 310.734.3229
druga@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300
steptoe.com

November 2, 2007

Via Facsimile and U.S. Mail

Allen Hyman, Esq.
Law Offices of Allen Hyman
10737 Riverside Drive
North Hollywood, California 91602

Re:     **Larin Corporation v. Alltrade Inc., et al.**

Dear Mr. Hyman,

I am in receipt of your two joint stipulations regarding Alltrade Tools, LLC's responses to Larin's first and second requests for production of documents. The purpose of this letter is to demand that you immediately withdraw the joint stipulations.

As you know, Alltrade Tools, LLC responded to this discovery three months ago--in July 2007. We heard no complaints until October 30, 2007, when you sent a "meet and confer" letter to address certain alleged inadequacies. Only two days later, you sent the joint stipulations in support of motions to compel.

As you know, Local Rule 37-1 provides that the meet and confer "shall take place in person." You have not fulfilled this requirement. Furthermore, the rule states that opposing counsel has 10 days in which to meet and confer. You, however, provided us with only two days.

In short, I am confident that all of the issues in your meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our client's money. We are happy to meet with you, either in person or on the telephone, to discuss each response that you take issue with.

Please advise by **5:00 p.m. today** whether you will agree to withdraw your joint stipulations and meet and confer in good faith to resolve these issues. If we do not hear from you, or if you refuse, we will oppose the motions and inform the court that you have failed to comply with the Local Rules.

WASHINGTON  •  NEW YORK  •  CHICAGO  •  PHOENIX  •  LOS ANGELES  •  CENTURY CITY  •  LONDON  •  BRUSSELS

STEPTOE & JOHNSON LLP

Allen Hyman, Esq.
November 2, 2007
Page 2

Of course, nothing contained in this letter is intended to waive any of our clients' rights, remedies or claims, all of which are expressly reserved.

Very truly yours,

Dylan Ruga

cc:   Seong Kim, Esq.
      Elisha Lawrence, Esq.

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of
     California.  I am over the age of 18 and not a party to the within
4    action.  My business address is 10737 Riverside Drive, North
     Hollywood, California 91602.

5
         On November 13, 2007, I served the foregoing document
6    described as **JOINT STIPULATION AS TO PLAINTIFF'S  MOTION TO COMPEL
     RESPONSES AND PRODUCTION OF DOCUMENTS WITH REGARD TO PLAINTIFF'S**
7    **SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**
     **ALLTRADE TOOLS, LLC; AND FOR SANCTIONS; DECLARATION OF ALLEN**
8    **HYMAN; DECLARATION OF DYLAN RUGA** on the parties in this action by
     placing a copy thereof enclosed in a sealed envelope addressed as
9    follows:

10                      **PLEASE SEE ATTACHED SERVICE LIST**

11   [ ]  (BY MAIL) to the addressees as indicated on the attached
          Service List, as follows:  I am "readily familiar" with the
12        firm's practice of collection and processing of
          correspondence for mailing.  Under that practice, it would
13        be deposited with the U.S. postal service on that same day
          with postage thereon fully prepaid at North Hollywood,
14        California in the ordinary course of business.  I am aware
          that on motion of the party served, service is presumed
15        invalid if postage cancellation date or postage meter date
          is more than one day after the date of deposit for mailing
16        in affidavit.

17   [X]  (BY PERSONAL SERVICE) I caused such envelope to be delivered
          by hand to the addressee as indicated on the attached
18        service list.

19   [ ]  (BY FACSIMILE) I sent such document via facsimile to
          the offices of the addressees as indicated on the attached
20        service list.

21   [ ]  (BY OVERNIGHT MAIL SERVICE)  I caused such document to be
          delivered via Overnight Mail to the addressees as indicated
22        on the attached service list.

23   [ ]  (STATE)  I declare that I am employed in the office of a
          member of the Bar of this Court at whose direction the
24        service was made.

25   [X]  (FEDERAL)  I declare that I am employed in the office of a
          member of the Bar of this Court at whose direction the
26        service was made.

27   Executed on November 13, 2007, at North Hollywood, California.

28
                          _Rory P. Rentmeester_
                          Rory P. Rentmeester

1

**<u>SERVICE LIST</u>**

2

3    Seong H. Kim, Esq.
     Dylan Ruga, Esq.
     Steptoe & Johnson, LLP
4    2121 Avenue of the Stars, Suite 2800
     Los Angeles, CA    90067
5    T:  (310)  734-3232
     F:  (310)  734-3231
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28