ORIGINAL

1  ALLEN HYMAN, ESQ. (CBN: 73371)
   LAW OFFICES OF ALLEN HYMAN
2  10737 Riverside Drive
   North Hollywood, California 91602
3  P: (818) 763-6289 or (323) 877-3405
   F: (818) 763-4676
4  Email: lawoffah@aol.com

5  Attorneys for Plaintiff,
   LARIN CORPORATION

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  LARIN CORPORATION,                ) Case No. CV 06-1394 ODW (OPx)
                                      )
12              Plaintiff,            ) JOINT STIPULATION AS TO
                                      ) PLAINTIFF'S MOTION TO COMPEL
13         v.                         ) RESPONSES AND PRODUCTION OF
                                      ) DOCUMENTS WITH REGARD TO
14  ALLTRADE, INC., a California      ) PLAINTIFF'S FIRST SET OF REQUESTS
    corporation; ALLTRADE TOOLS,      ) FOR PRODUCTION OF DOCUMENTS TO
15  LLC, a California limited         ) DEFENDANT ALLTRADE TOOLS, LLC; AND
    liability company; ANDRE          ) FOR SANCTIONS
16  LIVIAN, an individual,            )
                                      ) [LOCAL RULE 37-2.2]
17              Defendants.           )
                                      ) Motion To Compel
18  _____ ) Date:   December 4, 2007
                                        Time:   9:30 a.m.
19                                      Place:  Courtroom 3, the Honorable
                                                U.S. District Court Judge
20                                              Oswald Parada, Presiding

21                                      DISCOVERY CUTOFF
                                        DATE: February 4, 2008
22

23                                      PRETRIAL CONFERENCE
                                        DATE: March 24, 2008
24                                      TRIAL
                                        DATE: April 22, 2008
25  ///

26  ///

27  ///

28

FILED
CLERK, U.S. DISTRICT COURT
NOV 1 3 2007
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

1

2

# TABLE OF CONTENTS

3

4

PLAINTIFF'S INTRODUCTORY STATEMENT   . . . . . . . . . . . . .   3

DEFENDANT'S INTRODUCTORY STATEMENT   . . . . . . . . . . . . .   6

REQUESTS FOR PRODUCTION IN DISPUTE   . . . . . . . . . . . . .   8

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S INTRODUCTORY STATEMENT

During 2002 to 2006, Plaintiff LARIN had developed and marketed a type of stool, which LARIN sold at wholesale to certain retailers (Sam's Club and Costco), in a LARIN designed box with distinct advertisement on the LARIN box, (distinctive coloring, design of the advertisement, including photographs of LARIN persons using the LARIN stool in a club, in their garage, or at a repair shop) (pictures of the LARIN Box is attached as Exhibit No. 2 to the Declaration of AH), (Complaint, Paras. Nos. 11-20, Ex. No. 1 to the Dec., of AH).  LARIN sold and delivered the LARIN stool to retailers for resale in the LARIN Box (Ex. No. 2 to Dec., of AH).

In 2006, Alltrade copied the LARIN stool, (made an inferior copy of the LARIN stool), and copied the exact coloring, design, and composition of the photographs of the LARIN box and sold the Alltrade stool, in the Alltrade box (Ex. No. 3 to the Dec., of AH) to the same retail customers as LARIN the photographs of the Alltrade Box is Ex. No. 3 to the Dec., of AH.  LARIN has asserted in its complaint (Ex. No. 1 to the Dec., of AH), that Alltrade's copying of the LARIN Box caused customer confusion, and loss of goodwill and sales of the LARIN stool.

LARIN asserted Alltrade engaged in intentional false advertising by copying the LARIN advertising on LARIN's box (Ex. No. 2 to the Dec. of AH) as compared to the Alltrade box (Ex. No. 3 to the Dec. of AH).

LARIN therefore sought discovery as to Alltrade's creation of the Alltrade stool, the Alltrade box, (Ex. No. 3 to the Dec., of AH) the nature of the creation of the Alltrade stool, the nature of the creation of the advertising, (colors, content of

1   photographs, lettering, and other elements of the Alltrade box (Ex.
2   No. 3 to the Dec., of AH).

3          LARIN also sought document discovery as to Alltrade's
4   advertisements, sales of its stools in its box, and communications
5   between Alltrade and its manufacturer and Alltrade and its
6   customers or proposed or prospective customers as to the Alltrade
7   Stool.

8          There are two companies: Alltrade Inc., ("ATI"), and
9   Alltrade Tools LLC, ("ATT"). As of the time of the preparation of
10  this joint stipulation, the attorney for defendants has indicated
11  informally that ATI conducted no business, was not involved in any
12  manner in the manufacturing purchasing, sale advertising or
13  creation of the Alltrade Stool, though no declaration or
14  information to that effect has been provided, and that the only
15  company involved was ATT.

16         On June 14, 2007, LARIN served on ATT the First Set of
17  Request For Production of Documents, Nos. 1-36, (Ex. No. 4 to the
18  Dec., of AH). On June 15, 2007, (Ex. No. 5 to the Dec., of AH),
19  ATT served its Responses and Objections to LARIN's First Set of
20  Requests For Production (Ex. No. 4), Nos. 1-36.

21         ATT objected to all thirty-six (36) requests, and
22  produced a total of 196 pages of documents, which are limited to e-
23  mails concerning sales and sales information to one store.

24         As to twenty-four (24) of the thirty-six (36) Requests,
25  ATT objected on the basis of privilege and ATT indicated "...and to
26  the extent it understands this request...ATT will produce documents
27  that ATT believes are responsive to this request."

28         ATT did not proffer its own definition of how "...it

understands the request..." or what limitations it placed on the twenty-four responses as to how "ATT believed" are responsive to the Request.

And as to all document requests, ATT produced a total of 196 pages, which appear limited to sales information only, though it indicates in the responses "...as ATT understands the request..." ATT will produce ATT documents it believes are responsive.

ATT responses with these qualifications are Nos. 1, 5, 6, 7, 8, 9, 10, 11, 14, 15, 20, 21, 22, 23, 24, 325, 26, 27, 28, 29, 30, 31, 32 and 34.

As to six requests: Nos. 2, 3, 4, 13, 16, and 19, ATT objects and indicates that the Request is "vague and ambiguous" without indicating in what manner.

As to Requests Nos. 35 and 36, ATT simply states that the documents are equally available to LARIN as they are to Alltrade, without identifying the documents.

LARIN asserts that the ATT responses were not in good faith, that ATT did not identify the qualifications that were used to preclude appropriate disclosure and that ATT should be ordered to file a supplemental response and produce the documents to which it has objected.

In that ATT objected on the basis of privilege, ATT is required to provide a privilege log which it has not provided.

Given the nature of the responses which were not in good faith, LARIN believes that Sanctions are appropriate.

///

///

1

**DEFENDANT'S INTRODUCTORY STATEMENT**

2    The instant motion has been filed for only one reason:

3 retaliation. Plaintiff's Joint Stipulation was served on

4 Defendants' counsel only <u>two days</u> after Plaintiff sent a "meet and

5 confer" letter and <u>before</u> Defendants even had a chance to respond

6 to Plaintiff's concerns. (Declaration of Dylan Ruga, attached

7 hereto ("Ruga Decl."), ¶¶ 2,3 & Ex. A.) Subsequently, after

8 receipt of Plaintiff's premature Joint Stipulation, Defendants'

9 counsel offered to meet with Plaintiff's counsel to amicably

10 resolve each of Plaintiff's concerns. (<u>Id</u>., ¶ 4, Ex. B.)

11 Plaintiff's counsel <u>rejected this offer</u> and indicated that the

12 instant motion would be filed in any event. (<u>Id</u>., ¶ 5.) It is

13 clear, therefore, that the instant motion is retaliatory and

14 brought only in response to the legitimate motions previously filed

15 by Defendants.

16    As explained in more detail below, defendant Alltrade

17 Tools LLC ("ATLLC") provided substantive responses to each of

18 Plaintiff's requests for production of documents. ATLLC also

19 produced all responsive, non-privileged documents in its

20 possession, custody or control. The reason the production was

21 relatively small is that Alltrade's stool was only <u>sold to one</u>

22 <u>customer</u> (Sam's Club) and there was <u>zero advertising or marketing</u>.

23 ATLLC was "second to market" with this particular product. It

24 made basic improvements to Larin's stool and was able to

25 manufacture and sell the product for less than Larin. There is

26 nothing "unfair" or "false" about this, it is just normal

27 competition among two businesses.

28    The instant motion should be summarily denied because

Plaintiff failed to comply with Local Rule 37-1 by meeting and conferring in good faith, and in person, to eliminate as many of the disputes as possible.  (Ruga Decl., ¶¶ 2-5 & Exs. A, B.) Indeed, Plaintiff's counsel affirmatively rejected Defendants' counsel's attempt to resolve informally the issues raised in this Joint Stipulation.  (Id., ¶¶ 4,5 & Ex. B.)  Even if the Court overlooks this blatant violation of the Local Rules, the motion still should be denied because ATLLC already has provided all responsive, non-privileged documents.  Accordingly, there is nothing left to compel.

1

<u>**REQUESTS FOR PRODUCTION IN DISPUTE**</u>

2

<u>**REQUEST FOR PRODUCTION NO. 1.:**</u>

3

Please produce documents indicating, evidencing or

4

showing sales of the motorcycle saddle stool (example attached as

5

Exhibit No. 1) by DEFENDANT from January 1, 2002 through the

6

present.

7

<u>**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**</u>

8

Alltrade Tools LLC objects to this request to the extent

9

that the documents sought are confidential or subject to the

10

attorney-client, work-product, or other applicable privileges.

11

Alltrade Tools LLC also objects to this request to the extent that

12

it is vague and ambiguous, overly broad, unduly burdensome, and

13

harassing.

14

Subject to and without waiving these and any other

15

objections, and to the extent it understands this request, Alltrade

16

Tools LLC will produce for inspection and copying documents that

17

Alltrade Tools LLC believes are responsive to this request.

18

<u>**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 1:**</u>

19

LARIN contends as follows:

20

1.   ATT has not adequately responded to the Request and

21

its Response is evasive.

22

The Request is for documents that: "...indicate, evidence

23

or show sales..."  ATT first objects on numerous grounds, including

24

privilege (without providing a privilege log), and then states:

25

"...To the extent it understands the request

26

... ATT will produce ... documents it believes
are responsive...."

27

2.   The qualifications are evasive, and are not

28

responsive to the request.

**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 1:**

This Request asks ATLLC to "produce documents indicating, evidencing, or showing sales of the motorcycle saddle stool . . . ."  Notably, the Request does not ask for <u>all</u> documents that indicate, evidence, or show sales of Alltrade's stool.  Furthermore, this Request does not ask for <u>specific</u> documents (e.g., purchase orders or receipts).  Accordingly, ATLLC has produced documents that it believes show sales of Alltrade's stool.  The Request has been satisfied; there is nothing left for ATLLC to produce.

**REQUEST FOR PRODUCTION NO. 2.:**

Please produce all shipment records of DEFENDANT for the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges.  Alltrade Tools LLC also objects to this request to the extent that the term "shipment records" is vague and ambiguous.

**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 2:**

LARIN contends as follows:

1.   LARIN requested "shipment records," and ATT indicated it is "vague and ambiguous," and produced no documents.  The objection is simply without merit and was interposed for an improper purpose.

**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 2:**

This Request is objectionable in that the term "shipment

1  records" is impermissibly vague and ambiguous.  Is it limited, for

2  example, to records that show how Alltrade's stools were "shipped"

3  from overseas to the United States?  Does it include "shipments"

4  from ATLLC to its customer?

5       Despite the foregoing objections, there was no reason for

6  Larin to compel a response to this Request.  Rather, Larin should

7  have met and conferred and explained what documents it believes are

8  responsive to this Request.  Had Larin done so, ATLLC would have

9  produced the documents and this motion would have been unnecessary.

10 Indeed, on November 2, 2007, ATLLC's counsel advised Larin's

11 counsel that "*all of the issues in [Larin's] meet and confer letter*

12 *and joint stipulations can be resolved amicably, without the need*

13 *to burden the court or waste our client's money.  We are happy to*

14 *meet with you, either in person or on the telephone, to discuss*

15 *each response that you take issue with.*"  (Ruga Decl., ¶ 4, Ex. B.)

16 Larin, however, chose to forego the meet and confer process and

17 file this motion in retaliation for the several valid motions

18 previously filed by Defendants.

19 **REQUEST FOR PRODUCTION NO. 3.:**

20      Please produce all documents indicating, evidencing or

21 showing the creation of all packaging for the motorcycle saddle

22 stool (example attached as Exhibit No. 1) from January 1, 2002

23 through the present.

24 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

25      Alltrade Tools LLC objects to this request to the extent

26 that the documents sought are confidential or subject to the

27 attorney-client, work-product, or other applicable privileges.

28 Alltrade Tools LLC also objects to this request to the extent that

it is overly broad, unduly burdensome, harassing, and is not reasonably calculated to lead to the discovery of relevant evidence.

**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 3:**

LARIN contends as follows:

1.   LARIN requested all documents which evidence, indicate or show the "...creation of all packaging..."

2.   ATT interposes privilege and states that the requests will not lead to the discovery of relevant information.

3.   The objection is in bad faith.

**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 3:**

This Request is objectionable in that it asks for "all documents indicating, evidencing or showing the creation of all packaging for the motorcycle saddle stool . . . ."  (Emphasis added).  This Request would encompass, therefore, the packaging for each of the tens of thousands of stools sold by Defendants.  It is therefore substantially overbroad and is not reasonably calculated to lead to the discovery of admissible evidence.

Despite the foregoing objections, there was no reason for Larin to compel a response to this Request.  Rather, Larin should have met and conferred and explained what documents it believes are responsive to this Request.  Had Larin done so, ATLLC would have produced the documents and this motion would have been unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel advised Larin's counsel that "*all of the issues in [Larin's] meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our client's money.  We are happy to meet with you, either in person or on the telephone, to discuss*

*each response that you take issue with.*"   (Ruga Decl., ¶ 4, Ex. B.) Larin, however, chose to forego the meet and confer process and file this motion in retaliation for the several valid motions previously filed by Defendants.

**REQUEST FOR PRODUCTION NO. 4.:**

Please produce all documents indicating, evidencing or showing the creation of all written instructions for the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and is not reasonably calculated to lead to the discovery of relevant evidence.

**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 4:**

1.   LARIN requested "...documents indicating ... written instructions..."

2.   ATT objects on the grounds of privilege and indicates that the documents are not relevant.

The objections are in bad faith.

**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 4:**

This Request is objectionable because it is impermissibly vague and ambiguous.   The Request asks for "all documents indicating, evidencing or showing the creation of all written instructions for the motorcycle saddle stool . . . ." but it is

entirely unclear what documents, if any, would show the creation of written instructions.  Furthermore, the Request is not reasonably calculated to lead to the discovery of admissible evidence.  By Larin's own admission, this case is about "false advertising."  The instructions for the stool are contained inside of the box and therefore cannot give rise to a claim for false advertising.

Despite the foregoing objections, there was no reason for Larin to compel a response to this Request.  Rather, Larin should have met and conferred and explained what documents it believes are responsive to this Request.  Had Larin done so, ATLLC would have produced the documents and this motion would have been unnecessary. Indeed, on November 2, 2007, ATLLC's counsel advised Larin's counsel that "*all of the issues in [Larin's] meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our client's money.  We are happy to meet with you, either in person or on the telephone, to discuss each response that you take issue with.*"  (Ruga Decl., ¶ 4, Ex. B.) Larin, however, chose to forego the meet and confer process and file this motion in retaliation for the several valid motions previously filed by Defendants.

**REQUEST FOR PRODUCTION NO. 5.:**

Please produce all written instructions for the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

To the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody

1  or control and have not already been produced.

2  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 5:**

3        1.    ATT has not adequately responded to the Request and

4  its response is evasive.  ATT first objects on numerous grounds,

5  including privilege (without providing a privilege log), and then

6  states:

7              "...To the extent it understands the request
               ... ATT will produce ... documents it believes
8              are responsive."

9        2.    The qualifications are evasive, and are not

10  responsive to the request.

11  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 5:**

12        As stated in its original response, ATLLC has produced

13  the written instructions for Alltrade's stool.  Accordingly, there

14  is nothing left to produce.

15        There was no reason for Larin to compel a response to

16  this Request.  If Larin wanted ATLLC to remove the qualification

17  from its response, Larin should have met and conferred with ATLLC

18  and made this request.  Had Larin done so, ATLLC would have removed

19  the qualifying language and this motion would have been

20  unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel advised

21  Larin's counsel that "*all of the issues in [Larin's] meet and*

22  *confer letter and joint stipulations can be resolved amicably,*

23  *without the need to burden the court or waste our client's money.*

24  *We are happy to meet with you, either in person or on the*

25  *telephone, to discuss each response that you take issue with.*"

26  (Ruga Decl., ¶ 4, Ex. B.)  Larin, however, chose to forego the meet

27  and confer process and file this motion in retaliation for the

28  several valid motions previously filed by Defendants.

1  **REQUEST FOR PRODUCTION NO. 6.:**

2       Please produce all documents indicating, evidencing or

3  showing the source and/or creation of all photographs on all boxes

4  for the motorcycle saddle stool (example attached as Exhibit No. 1)

5  from January 1, 2002 through the present.

6  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7       Alltrade Tools LLC objects to this request to the extent

8  that the documents sought are confidential or subject to the

9  attorney-client, work-product, or other applicable privileges.

10  Alltrade Tools LLC also objects to this request to the extent that

11  it is overly broad, unduly burdensome, harassing, and not

12  reasonably calculated to lead to the discovery of relevant

13  evidence.

14       Subject to and without waiving these and any other

15  objections, and to the extent it understands this request, Alltrade

16  Tools LLC will produce for inspection and copying all non-

17  privileged responsive documents, if any, which are in its

18  possession, custody or control and have not already been produced.

19  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 6:**

20      1.  ATT has not adequately responded to the Request and

21  its response is evasive.  ATT first objects on numerous grounds,

22  including privilege (without providing a privilege log), and then

23  states:

24       "...To the extent it understands the request
     ... ATT will produce ... documents it believes

25       are responsive."

26      2.  The qualifications are evasive, and are not

27  responsive to the request.

28  ///

**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 6:**

This Request is objectionable in that it asks for "all documents indicating, evidencing or showing the source and/or creation of all photographs on all boxes . . . ." (Emphasis added). This request would include, for example, receipts for photographs, negative prints, etc. Notwithstanding the overbroad nature of the Request, ATLLC already has produced all non-privileged responsive documents in its possession, custody or control.

There was no reason for Larin to compel a response to this Request. If Larin wanted ATLLC to remove the qualification from its response, Larin should have met and conferred with ATLLC and made this request. Had Larin done so, ATLLC would have removed the qualifying language and this motion would have been unnecessary. Indeed, on November 2, 2007, ATLLC's counsel advised Larin's counsel that "*all of the issues in [Larin's] meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our client's money. We are happy to meet with you, either in person or on the telephone, to discuss each response that you take issue with.*" (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to forego the meet and confer process and file this motion in retaliation for the several valid motions previously filed by Defendants.

**REQUEST FOR PRODUCTION NO. 7.:**

Please produce all documents indicating, evidencing or showing the source and/or creation of all text on all boxes for the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

///

1  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

2          Alltrade Tools LLC objects to this request to the extent

3  that the documents sought are confidential or subject to the

4  attorney-client, work-product, or other applicable privileges.

5  Alltrade Tools LLC also objects to this request to the extent that

6  it is overly broad, unduly burdensome, harassing, and is not

7  reasonably calculated to lead to the discovery of relevant

8  evidence.

9          Subject to and without waiving these and any other

10  objections, and to the extent it understands this request, Alltrade

11  Tools LLC will produce for inspection and copying all non-

12  privileged responsive documents, if any, which are in its

13  possession, custody or control and have not already been produced.

14  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 7:**

15          1.   ATT has not adequately responded to the Request and

16  its response is evasive.  ATT first objects on numerous grounds,

17  including privilege (without providing a privilege log), and then

18  states:

19               "...To the extent it understands the request
                 ... ATT will produce ... documents it believes
20               are responsive."

21          2.   The qualifications are evasive, and are not

22  responsive to the request.

23  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 7:**

24          This Request asks for "all documents indicating,

25  evidencing or showing the sourceand/or creation of all text on all

26  boxes . . . ."   This is completely vague and ambiguous, overly

27  broad, and not reasonably calculated to lead to the discovery of

28  admissible evidence.  In any event, ATLLC already has produced all

1   non-privileged responsive documents in its possession, custody or

2   control.

3          There was no reason for Larin to compel a response to

4   this Request.  If Larin wanted ATLLC to remove the qualification

5   from its response, Larin should have met and conferred with ATLLC

6   and made this request.  Had Larin done so, ATLLC would have removed

7   the qualifying language and this motion would have been

8   unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel advised

9   Larin's counsel that "*all of the issues in [Larin's] meet and*

10  *confer letter and joint stipulations can be resolved amicably,*

11  *without the need to burden the court or waste our client's money.*

12  *We are happy to meet with you, either in person or on the*

13  *telephone, to discuss each response that you take issue with.*"

14  (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to forego the

15  meet and confer process and file this motion in retaliation for the

16  several valid motions previously filed by Defendants.

17  **REQUEST FOR PRODUCTION NO. 8.:**

18         Please produce all documents indicating, evidencing or

19  showing the creation of all advertising for the motorcycle saddle

20  stool (example attached as Exhibit No. 1) from January 1, 2002

21  through the present.

22  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

23         Alltrade Tools LLC objects to this request to the extent

24  that the documents sought are confidential or subject to the

25  attorney-client, work-product, or other applicable privileges.

26  Alltrade Tools LLC also objects to this request to the extent that

27  it is overly broad, unduly burdensome, harassing, and not

28  reasonably calculated to lead to the discovery of relevant

1    evidence.

2           Subject to and without waiving these and any other

3    objections, and to the extent it understands this request, Alltrade

4    Tools LLC will produce for inspection and copying all non-

5    privileged responsive documents, if any, which are in its

6    possession, custody, or control and have not already been produced.

7    **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 8:**

8           1.   ATT has not adequately responded to the Request and

9    its response is evasive.   ATT first objects on numerous grounds,

10   including privilege (without providing a privilege log), and then

11   states:

12           "...To the extent it understands the request
             ... ATT will produce ... documents it believes

13           are responsive."

14           2.   The qualifications are evasive, and are not

15   responsive to the request.

16   **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 8:**

17           This Request asks for "all documents indicating,

18   evidencing or showing the creation of all advertising. . . ."

19   There are no documents responsive to this request because

20   Defendants did not advertise Alltrade's Stool.

21           There was no reason for Larin to compel a response to

22   this Request.   If Larin wanted ATLLC to remove the qualification

23   from its response, Larin should have met and conferred with ATLLC

24   and made this request.   Had Larin done so, ATLLC would have removed

25   the qualifying language and this motion would have been

26   unnecessary.   Indeed, on November 2, 2007, ATLLC's counsel advised

27   Larin's counsel that "*all of the issues in [Larin's] meet and*

28   *confer letter and joint stipulations can be resolved amicably,*

1 *without the need to burden the court or waste our client's money.*

2 *We are happy to meet with you, either in person or on the*

3 *telephone, to discuss each response that you take issue with."*

4 (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to forego the

5 meet and confer process and file this motion in retaliation for the

6 several valid motions previously filed by Defendants.

7 **REQUEST FOR PRODUCTION NO. 9.:**

8         Please produce all documents indicating, evidencing or

9 showing the creation of the design for the motorcycle saddle stool

10 (example attached as Exhibit No. 1) from January 1, 2002 through

11 the present.

12 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

13         Alltrade Tools LLC objects to this request to the extent

14 that the documents sought are confidential or subject to the

15 attorney-client, work-product, or other applicable privileges.

16 Alltrade Tools LLC also objects to this request to the extent that

17 it is overly broad, unduly burdensome, harassing, and not

18 reasonably calculated to lead to the discovery of relevant

19 evidence.

20         Subject to and without waiving these and any other

21 objections, and to the extent it understands this request, Alltrade

22 Tools LLC will produce for inspection and copying all non-

23 privileged responsive documents, if any, which are in its

24 possession, custody, or control and have not already been produced.

25 **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 9:**

26         1.   ATT has not adequately responded to the Request and

27 its response is evasive.   ATT first objects on numerous grounds,

28 including privilege (without providing a privilege log), and then

1  states:

2    "...To the extent it understands the request
  ... ATT will produce ... documents it believes
3    are responsive."

4    2. The qualifications are evasive, and are not

5  responsive to the request.

6  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 9:**

7    This Request asks for "all documents indicating,

8  evidencing or showing the creation of the design for the motorcycle

9  saddle stool . . . ." This is completely vague and ambiguous,

10  overly broad, and not reasonably calculated to lead to the

11  discovery of admissible evidence.  In any event, ATLLC already has

12  produced all non-privileged responsive documents in its possession,

13  custody or control.

14    There was no reason for Larin to compel a response to

15  this Request.  If Larin wanted ATLLC to remove the qualification

16  from its response, Larin should have met and conferred with ATLLC

17  and made this request.  Had Larin done so, ATLLC would have removed

18  the qualifying language and this motion would have been

19  unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel advised

20  Larin's counsel that "*all of the issues in [Larin's] meet and*

21  *confer letter and joint stipulations can be resolved amicably,*

22  *without the need to burden the court or waste our client's money.*

23  *We are happy to meet with you, either in person or on the*

24  *telephone, to discuss each response that you take issue with.*"

25  (Ruga Decl., ¶ 4, Ex. B.)  Larin, however, chose to forego the

26  meet and confer process and file this motion in retaliation for the

27  several valid motions previously filed by Defendants.

28  *///*

**REQUEST FOR PRODUCTION NO. 10.:**

Please produce all advertising, marketing and/or promotional materials utilized for the sale, marketing and/or distribution of the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody, or control and have not already been produced.

**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 10:**

1.   ATT has not adequately responded to the Request and its response is evasive.  ATT first objects on numerous grounds, including privilege (without providing a privilege log), and then states:

> "...To the extent it understands the request ... ATT will produce ... documents it believes are responsive."

2.   The qualifications are evasive, and are not responsive to the request.

///

1  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 10:**

2       This Request asks for "all advertising, marketing and/or

3  promotional material. . . ."   There are no documents responsive to

4  this Request because Defendants did not advertise Alltrade's stool.

5       There was no reason for Larin to compel a response to

6  this Request.  If Larin wanted ATLLC to remove the qualification

7  from its response, Larin should have met and conferred with ATLLC

8  and made this request.  Had Larin done so, ATLLC would have removed

9  the qualifying language and this motion would have been

10 unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel advised

11 Larin's counsel that "*all of the issues in [Larin's] meet and*

12 *confer letter and joint stipulations can be resolved amicably,*

13 *without the need to burden the court or waste our client's money.*

14 *We are happy to meet with you, either in person or on the*

15 *telephone, to discuss each response that you take issue with.*"

16 (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to forego the

17 meet and confer process and file this motion in retaliation for the

18 several valid motions previously filed by Defendants.

19 **REQUEST FOR PRODUCTION NO. 11.:**

20       Please produce all documents indicating, evidencing or

21 showing all communications between DEFENDANT, and/or any person on

22 DEFENDANT's behalf, and any entity and/or individual with regard to

23 the sale of the motorcycle saddle stool (example attached as

24 Exhibit No. 1) from January 1, 2002 through the present.

25 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

26       Alltrade Tools LLC objects to this request to the extent

27 that the documents sought are confidential or subject to the

28 attorney-client, work-product, or other applicable privileges.

Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody, or control and have not already been produced.

**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 11:**

1.   ATT has not adequately responded to the Request and its response is evasive.  ATT first objects on numerous grounds, including privilege (without providing a privilege log), and then states:

> "...To the extent it understands the request ... ATT will produce ... documents it believes are responsive."

2.   The qualifications are evasive, and are not responsive to the request.

**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 11:**

This Request asks for "all documents indicating, evidencing or showing all communications between DEFENDANT, and /or any person on DEFENDANT's behalf, any entity and/or individual with regard to the sale of the motorcycle saddle stool . . . ." This is completely vague and ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  In any event, ATLLC already has produced all non-privileged responsive documents in its possession, custody or control.

Larin now complains about the qualifying language in

1  ATLLC's response, but there was no reason for Larin to file the

2  instant motion to compel.  If Larin wanted ATLLC to remove the

3  qualification from its response, Larin should have met and

4  conferred with ATLLC and made this request.  Had Larin done so,

5  ATLLC would have removed the qualifying language and this motion

6  would have been unnecessary.  Indeed, on November 2, 2007, ATLLC's

7  counsel advised Larin's counsel that "*all of the issues in*

8  *[Larin's] meet and confer letter and joint stipulations can be*

9  *resolved amicably, without the need to burden the court or waste*

10  *our client's money.  We are happy to meet with you, either in*

11  *person or on the telephone, to discuss each response that you take*

12  *issue with.*"  (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to

13  forego the meet and confer process and file this motion in

14  retaliation for the several valid motions previously filed by

15  Defendants.

16  **REQUEST FOR PRODUCTION NO. 12.:**

17      Please produce all documents indicating, evidencing or

18  showing all communications between DEFENDANT, and/or any person on

19  DEFENDANT's behalf, and any entity and/or individual with regard to

20  the marketing of the motorcycle stool (example attached as Exhibit

21  No. 1) from January 1, 2002 through the present.

22  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

23      Alltrade Tools LLC objects to this request to the extent

24  that the documents sought are confidential or subject to the

25  attorney-client, work-product, or other applicable privileges.

26  Alltrade Tools LLC also objects to this request to the extent that

27  it is overly broad, unduly burdensome, harassing, and not

28  reasonably calculated to lead to the discovery of relevant

1   evidence.

2          Subject to and without waiving these and any other

3   objections, and to the extent it understands this request, Alltrade

4   Tools LLC will produce for inspection and copying all non-

5   privileged responsive documents, if any, which are in its

6   possession, custody, or control and have not already been produced.

7   **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 12:**

8          1.   ATT has not adequately responded to the Request and

9   its response is evasive.  ATT first objects on numerous grounds,

10  including privilege (without providing a privilege log), and then

11  states:

12              "...To the extent it understands the request
                ... ATT will produce ... documents it believes
13              are responsive."

14         2.   The qualifications are evasive, and are not

15  responsive to the request.

16  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 12:**

17         This Request asks for "all documents indicating,

18  evidencing or showing all communications between DEFENDANT, and /or

19  any person on DEFENDANT's behalf, any entity and/or individual with

20  regard to the marketing of the motorcycle saddle stool . . . ."

21  This is completely vague and ambiguous, overly broad, and not

22  reasonably calculated to lead to the discovery of admissible

23  evidence.  In any event, there are no documents responsive to this

24  Request because Defendants did not advertise or market Alltrade's

25  stool.

26         Larin now complains about the qualifying language in

27  ATLLC's response, but there was no reason for Larin to file the

28  instant motion to compel.  If Larin wanted ATLLC to remove the

S:\PC7\LARIN CORP\JTSTIP1-110907.wpd                    -26-

1  qualification from its response, Larin should have met and
2  conferred with ATLLC and made this request.  Had Larin done so,
3  ATLLC would have removed the qualifying language and this motion
4  would have been unnecessary.  Indeed, on November 2, 2007, ATLLC's
5  counsel advised Larin's counsel that "*all of the issues in*
6  *[Larin's] meet and confer letter and joint stipulations can be*
7  *resolved amicably, without the need to burden the court or waste*
8  *our client's money.  We are happy to meet with you, either in*
9  *person or on the telephone, to discuss each response that you take*
10 *issue with.*"  (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to
11 forego the meet and confer process and file this motion in
12 retaliation for the several valid motions previously filed by
13 Defendants.

14 **REQUEST FOR PRODUCTION NO. 13.:**

15         Please produce all documents indicating, evidencing or
16 showing all communications between DEFENDANT, and/or any person on
17 DEFENDANT's behalf, and any entity and/or individual with regard to
18 the distribution of the motorcycle saddle stool (example attached
19 as Exhibit No. 1) from January 1, 2002 through the present.

20 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21         Alltrade Tools LLC objects to this request to the extent
22 that the documents sought are confidential or subject to the
23 attorney-client, work-product, or other applicable privileges.
24 Alltrade Tools LLC also objects to this request to the extent that
25 it is overly broad, unduly burdensome, harassing, and not
26 reasonably calculated to lead to the discovery of relevant
27 evidence.

28         Subject to and without waiving these and any other

1 objections, and to the extent it understands this request, Alltrade
2 Tools LLC will produce for inspection and copying all non-
3 privileged responsive documents, if any, which are in its
4 possession, custody, or control and have not already been produced.
5 **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 13:**
6      Alltrade Tools LLC objects to this request to the extent
7 that the documents sought are confidential or subject to the
8 attorney-client, work-product, or other applicable privileges.
9 Alltrade Tools LLC also objects to this request to the extent that
10 the term "shipment records" is vague and ambiguous.
11 **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 13:**
12      This Request asks for "all documents indicating,
13 evidencing or showing all communications between DEFENDANT, and /or
14 any person on DEFENDANT's behalf, any entity and/or individual with
15 regard to the distribution of the motorcycle saddle stool . . . ."
16 This is completely vague and ambiguous, overly broad, and not
17 reasonably calculated to lead to the discovery of admissible
18 evidence.  In any event, ATLLC already has produced all non-
19 privileged responsive documents in its possession, custody or
20 control.
21      Larin now complains about the qualifying language in
22 ATLLC's response, but there was no reason for Larin to file the
23 instant motion to compel.  If Larin wanted ATLLC to remove the
24 qualification from its response, Larin should have met and
25 conferred with ATLLC and made this request.  Had Larin done so,
26 ATLLC would have removed the qualifying language and this motion
27 would have been unnecessary.  Indeed, on November 2, 2007, ATLLC's
28 counsel advised Larin's counsel that "*all of the issues in*

1  *[Larin's] meet and confer letter and joint stipulations can be*

2  *resolved amicably, without the need to burden the court or waste*

3  *our client's money.  We are happy to meet with you, either in*

4  *person or on the telephone, to discuss each response that you take*

5  *issue with."*  (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to

6  forego the meet and confer process and file this motion in

7  retaliation for the several valid motions previously filed by

8  Defendants.

9  **REQUEST FOR PRODUCTION NO. 14.:**

10         Please produce all documents indicating, evidencing or

11  showing all communications between DEFENDANT, and/or any person on

12  DEFENDANT's behalf, and any entity and/or individual with regard to

13  the design of the motorcycle saddle stool (example attached as

14  Exhibit No. 1) from January 1, 2002 through the present.

15  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

16         Alltrade Tools LLC objects to this request to the extent

17  that the documents sought are confidential or subject to the

18  attorney-client, work-product, or other applicable privileges.

19  Alltrade Tools LLC also objects to this request to the extent that

20  it is overly broad, unduly burdensome, harassing, and not

21  reasonably calculated to lead to the discovery of relevant

22  evidence.

23         Subject to and without waiving these and any other

24  objections, and to the extent it understands this request, Alltrade

25  Tools LLC will produce for inspection and copying all non-

26  privileged responsive documents, if any, which are in its

27  possession, custody, or control and have not already been produced.

28  ///

**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 14:**

       1.   ATT has not adequately responded to the Request and its response is evasive.  ATT first objects on numerous grounds, including privilege (without providing a privilege log), and then states:

> "...To the extent it understands the request ... ATT will produce ... documents it believes are responsive."

       2.   The qualifications are evasive, and are not responsive to the request.

**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 14:**

       This Request asks for "all documents indicating, evidencing or showing all communications between DEFENDANT, and /or any person on DEFENDANT's behalf, any entity and/or individual with regard to the design of the motorcycle saddle stool . . . ." This is completely vague and ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  In any event, ATLLC already has produced all non-privileged responsive documents in its possession, custody or control.

       Larin now complains about the qualifying language in ATLLC's response, but there was no reason for Larin to file the instant motion to compel.  If Larin wanted ATLLC to remove the qualification from its response, Larin should have met and conferred with ATLLC and made this request.  Had Larin done so, ATLLC would have removed the qualifying language and this motion would have been unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel advised Larin's counsel that "*all of the issues in [Larin's] meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste*

1 | *our client's money.  We are happy to meet with you, either in*
2 | *person or on the telephone, to discuss each response that you take*
3 | *issue with.*"  (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to
4 | forego the meet and confer process and file this motion in
5 | retaliation for the several valid motions previously filed by
6 | Defendants.

7 | **REQUEST FOR PRODUCTION NO. 15.:**

8 | Please produce all documents indicating, evidencing or
9 | showing gross revenue received by DEFENDANT from the sale and/or
10 | distribution of the motorcycle saddle stool (example attached as
11 | Exhibit No. 1) from January 1, 2002 through the present.

12 | **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

13 | Alltrade Tools LLC objects to this request to the extent
14 | that the documents sought are confidential or subject to the
15 | attorney-client, work-product, or other applicable privileges.

16 | Subject to and without waiving these and any other
17 | objections, and to the extent it understands this request, Alltrade
18 | Tools LLC will produce for inspection and copying all non-
19 | privileged responsive documents, if any, which are in its
20 | possession, custody, or control and have not already been produced.

21 | **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 15:**

22 | 1.   ATT has not adequately responded to the Request and
23 | its response is evasive.  ATT first objects on numerous grounds,
24 | including privilege (without providing a privilege log), and then
25 | states:

26 | "...To the extent it understands the request
   | ... ATT will produce ... documents it believes
27 | are responsive."

28 | 2.   The qualifications are evasive, and are not

1  responsive to the request.

2  <u>**ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 15:**</u>

3         This Request asks for "all documents indicating,

4  evidencing or showing gross revenue received by DEFENDANT from the

5  sale and/or distribution of the motorcycle saddle stool . . . ."

6  ATLLC already has produced all non-privileged responsive documents

7  in its possession, custody or control.

8         Larin now complains about the qualifying language in

9  ATLLC's response, but there was no reason for Larin to file the

10  instant motion to compel.  If Larin wanted ATLLC to remove the

11  qualification from its response, Larin should have met and

12  conferred with ATLLC and made this request.  Had Larin done so,

13  ATLLC would have removed the qualifying language and this motion

14  would have been unnecessary.  Indeed, on November 2, 2007, ATLLC's

15  counsel advised Larin's counsel that "*all of the issues in*

16  *[Larin's] meet and confer letter and joint stipulations can be*

17  *resolved amicably, without the need to burden the court or waste*

18  *our client's money.  We are happy to meet with you, either in*

19  *person or on the telephone, to discuss each response that you take*

20  *issue with.*"  (Ruga Decl., ¶ 4, Ex. B.)    Larin, however, chose to

21  forego the meet and confer process and file this motion in

22  retaliation for the several valid motions previously filed by

23  Defendants.

24  <u>**REQUEST FOR PRODUCTION NO. 16.:**</u>

25         Please produce documents indicating, evidencing or

26  showing net revenue received by DEFENDANT from the sale and/or

27  distribution of the motorcycle saddle stool (example attached as

28  Exhibit No. 1) from January 1, 2002 through the present.

1  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

2        Alltrade Tools LLC objects to this request to the extent

3  that the documents sought are confidential or subject to the

4  attorney-client, work-product, or other applicable privileges.

5  Alltrade Tools LLC also objects to this request to the extent that

6  it is overly broad, unduly burdensome, harassing, and the term "net

7  revenue" is vague and ambiguous.

8  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 16:**

9        Alltrade Tools LLC objects to this request to the extent

10  that the documents sought are confidential or subject to the

11  attorney-client, work-product, or other applicable privileges.

12  Alltrade Tools LLC also objects to this request to the extent that

13  the term "shipment records" is vague and ambiguous.

14  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 16:**

15        This Request asks for "all documents indicating,

16  evidencing or showing net revenue received by DEFENDANT from the

17  sale and/or distribution of the motorcycle saddle stool . . . ."

18  ATLLC objected to this request on the grounds that the term "net

19  revenue" is vague and ambiguous.

20        There was no reason for Larin to file the instant motion

21  to compel.  Larin should have met and conferred with ATLLC and

22  explained what it meant by "net revenue."  Had Larin done so, ATLLC

23  would have provided responsive documents and this motion would have

24  been unnecessary.  Indeed, on November 2, 2007, ATLLC's counsel

25  advised Larin's counsel that "*all of the issues in [Larin's] meet*

26  *and confer letter and joint stipulations can be resolved amicably,*

27  *without the need to burden the court or waste our client's money.*

28  *We are happy to meet with you, either in person or on the*

1  *telephone, to discuss each response that you take issue with.*"

2  (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to forego the

3  meet and confer process and file this motion in retaliation for the

4  several valid motions previously filed by Defendants.

5  **REQUEST FOR PRODUCTION NO. 17.:**

6       Please produce all incorporation records of DEFENDANT.

7  **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

8       No documents exist that are responsive to this Request.

9  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 17:**

10      ATT did not provide the proper response as to the failure

11 to locate documents.

12 **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 17:**

13      This Request asks for "all incorporation records of

14 DEFENDANT."  ATLLC, however, is a Limited Liability Company and

15 therefore never was incorporated.  Accordingly, ATLLC responded

16 that "No documents exist that are responsive to this Request."

17      Larin now has moved to compel documents and argues simply

18 that "[ATLLC] did not provide the proper response as to the failure

19 to locate documents."  This is nonsensical and without merit.

20 Further, this type of "argument" is indicative of the frivolous

21 nature of this motion.

22 **REQUEST FOR PRODUCTION NO. 18.:**

23      Please produce all documents indicating, evidencing or

24 showing all monies paid to defendant Andre Livian by DEFENDANT from

25 January 1, 2002 through the present.

26 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27      Alltrade Tools LLC objects to this request to the extent

28 that the documents sought are confidential or subject to the

1  attorney-client, work-product, or other applicable privileges.

2  Alltrade Tools LLC also objects to this request to the extent that

3  it is overly broad, unduly burdensome, harassing, and not

4  reasonably calculated to lead to the discovery of relevant

5  evidence.   Alltrade Tools LLC also objects to this request on the

6  ground that production of the requested documents would violate the

7  privacy interest of third parties.

8  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 18:**

9          Alltrade Tools LLC objects to this request to the extent

10 that the documents sought are confidential or subject to the

11 attorney-client, work-product, or other applicable privileges.

12         ATT's objections to this Request were interposed in bad

13 faith and are improper.

14 **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 18:**

15         This request asks for "all documents indicating,

16 evidencing or showing all monies paid to defendant Andre Livian by

17 DEFENDANT from January 1, 2002 to through the present."   This

18 Request is objectionable for many reasons, including the fact that

19 it impermissibly invades the privacy interest of Mr. Livian.

20 Furthermore, the Request simply is irrelevant to this case and is

21 not reasonably calculated to lead to the discovery of relevant

22 evidence.

23         Larin has not come forward with any authority to support

24 its position that it is entitled to this highly confidential and

25 private information.   Accordingly, Larin's motion to compel

26 documents responsive to this Request should be denied.

27 **REQUEST FOR PRODUCTION NO. 19.:**

28         Please produce all documents indicating, evidencing or

1   showing all communications between DEFENDANT and/or DEFENDANT's

2   representatives and any individual and/or entity which refers to

3   plaintiff Larin Corporation from January 1, 2002 to the present.

4   **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

5             Alltrade Tools LLC objects to this request to the extent

6   that the documents sought are confidential or subject to the

7   attorney-client, work-product, or other applicable privileges.

8   Alltrade Tools LLC also objects to this request to the extent that

9   it is overly broad, unduly burdensome, harassing, and not

10   reasonably calculated to lead to the discovery of relevant

11   evidence.

12   **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 19:**

13             Alltrade Tools LLC objects to this request to the extent

14   that the documents sought are confidential or subject to the

15   attorney-client, work-product, or other applicable privileges.

16   Alltrade Tools LLC also objects to this request to the extent that

17   the term "shipment records" is vague and ambiguous.

18   **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 19:**

19             This request asks for "all documents indicating,

20   evidencing or showing all communications between DEFENDANT and/or

21   DEFENDANT's representatives and any individual and/or entity which

22   refers to plaintiff Larin Corporation from January 1, 2002 to the

23   present." The case involves only one product—Larin's stool. The

24   Request, however, encompasses *all* communications regarding Larin.

25   Accordingly, the Request is substantially overbroad and unduly

26   burdensome and, to a large extent, calls for documents that are not

27   reasonably calculated to lead to the discovery of relevant

28   information.

S:\PC7\LARIN CORP\JTSTIP1-110907.wpd      -36-

1    There was no reason for Larin to file the instant motion
2  to compel.  Larin should have met and conferred with ATLLC and
3  explained what it meant by "all communications . . . which refer to
4  Larin Corporation."  Had Larin done so, ATLLC would have provided
5  responsive documents and this motion would have been unnecessary.
6  Indeed, on November 2, 2007, ATLLC's counsel advised Larin's
7  counsel that "*all of the issues in [Larin's] meet and confer letter*
8  *and joint stipulations can be resolved amicably, without the need*
9  *to burden the court or waste our client's money.  We are happy to*
10 *meet with you, either in person or on the telephone, to discuss*
11 *each response that you take issue with.*"  (Ruga Decl., ¶ 4, Ex. B.)
12 Larin, however, chose to forego the meet and confer process and
13 file this motion in retaliation for the several valid motions
14 previously filed by Defendants

15 **REQUEST FOR PRODUCTION NO. 20.:**

16    Please produce all documents indicating, evidencing or
17 showing all contracts and/or agreements between DEFENDANT and any
18 individual and/or entity with regard to the sale, marketing and/or
19 distribution of the motorcycle saddle stool (example attached as
20 Exhibit No. 1) from January 1, 2002 through the present.

21 **DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

22    Alltrade Tools LLC objects to this request to the extent
23 that the documents sought are confidential or subject to the
24 attorney-client, work-product, or other applicable privileges.

25    Subject to and without waiving these and any other
26 objections, and to the extent it understands this request, Alltrade
27 Tools LLC will produce for inspection and copying all non-
28 privileged responsive documents, if any, which are in its

1  possession, custody, or control and have not already been produced.

2  **ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 20:**

3        1.   ATT has not adequately responded to the Request and

4  its response is evasive.   ATT first objects on numerous grounds,

5  including privilege (without providing a privilege log), and then

6  states:

7       "...To the extent it understands the request
        ... ATT will produce ... documents it believes

8       are responsive."

9        2.   The qualifications are evasive, and are not

10  responsive to the request.

11  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 20:**

12       This Request asks for "all documents indicating,

13  evidencing or showing all contracts and/or agreements between

14  DEFENDANT and any entity and/or individual with regard to the sale,

15  marketing and/or distribution of the motorcycle saddle stool . . .

16  ." ATLLC already has produced all non-privileged responsive

17  documents in its possession, custody or control.

18       Larin now complains about the qualifying language in

19  ATLLC's response, but there was no reason for Larin to file the

20  instant motion to compel.   If Larin wanted ATLLC to remove the

21  qualification from its response, Larin should have met and

22  conferred with ATLLC and made this request.   Had Larin done so,

23  ATLLC would have removed the qualifying language and this motion

24  would have been unnecessary.   Indeed, on November 2, 2007, ATLLC's

25  counsel advised Larin's counsel that "*all of the issues in*

26  *[Larin's] meet and confer letter and joint stipulations can be*

27  *resolved amicably, without the need to burden the court or waste*

28  *our client's money.   We are happy to meet with you, either in*

*person or on the telephone, to discuss each response that you take issue with."*  (Ruga Decl., ¶ 4, Ex. B.)   Larin, however, chose to forego the meet and confer process and file this motion in retaliation for the several valid motions previously filed by Defendants.

**REQUEST FOR PRODUCTION NO. 21.:**

Please produce all documents indicating, evidencing or showing all contracts and/or agreements between DEFENDANT and any individual and/or entity with regard to the design of the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**DEFENDANT'S RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody, or control and have not already been produced.

**ARGUMENT IN SUPPORT OF REQUEST FOR PRODUCTION NO. 21:**

1.   ATT has not adequately responded to the Request and its response is evasive.  ATT first objects on numerous grounds, including privilege (without providing a privilege log), and then

1  states:

2  "...To the extent it understands the request
   ... ATT will produce ... documents it believes
3  are responsive."

4  2.    The qualifications are evasive, and are not

5  responsive to the request.

6  **ARGUMENT IN OPPOSITION TO REQUEST FOR PRODUCTION NO. 21:**

7  This Request asks for "all documents indicating,

8  evidencing or showing all contracts and/or agreements between

9  DEFENDANT and any entity and/or individual with regard to the

10 design of the motorcycle saddle stool . . . ." ATLLC already has

11 produced all non-privileged responsive documents in its possession,

12 custody or control.

13 Larin now complains about the qualifying language in

14 ATLLC's response, but there was no reason for Larin to file the

15 instant motion to compel.  If Larin wanted ATLLC to remove the

16 qualification from its response, Larin should have met and

17 conferred with ATLLC and made this request.  Had Larin done so,

18 ATLLC would have removed the qualifying language and this motion

19 would have been unnecessary.  Indeed, on November 2, 2007, ATLLC's

20 counsel advised Larin's counsel that "*all of the issues in*

21 *[Larin's] meet and confer letter and joint stipulations can be*

22 *resolved amicably, without the need to burden the court or waste*

23 *our client's money.  We are happy to meet with you, either in*

24 *person or on the telephone, to discuss each response that you take*

25 *issue with.*"  (Ruga Decl., ¶ 4, Ex. B.)  Larin, however, chose to

26 forego the meet and confer process and file this motion in

27 retaliation for the several valid motions previously filed by

28 Defendants.