**EXHIBIT**

3



**A ALLTRADE**

**MOTORCYCLE SADDLE STOOL**

Great for Garage, Game Room and Workstation

# A ALLTRADE

# MOTORCYC

# SADDLE ST

## FEATURES:

- Seat Swivels 360 Degree
- Pneumatic One Hand Hei
  Adjustment
- Seat Adjusts from 21" to





34

29

Back Adjusts

Be

1 YEAR WARRANTY

ORIGINAL

1  ALLEN HYMAN, ESQ. (CBN: 73371)
   CHRISTINE COVERDALE, ESQ. (CBN: 195635)
2  LAW OFFICES OF ALLEN HYMAN
   10737 Riverside Drive
3  North Hollywood, California 91602
   P: (818) 763-6289 or (323) 877-3405
4  F: (818) 763-4676
   Email: lawoffah@aol.com
5
   Attorneys for Plaintiff,
6  LARIN CORPORATION

7

8
                         UNITED STATES DISTRICT COURT
9
                       CENTRAL DISTRICT OF CALIFORNIA
10

11
   LARIN CORPORATION,                )   Case No. CV 06-1394 ODW (OPx)
12                                    )
                    Plaintiff,        )   **PLAINTIFF'S FIRST SET OF**
13                                    )   **REQUESTS FOR PRODUCTION OF**
        v.                            )   **DOCUMENTS TO DEFENDANT ALLTRADE**
14                                    )   **TOOLS, LLC**
   ALLTRADE, INC., a California       )
15 corporation; ALLTRADE TOOLS,      )
   LLC, a California limited          )
16 liability company; ANDRE          )
   LIVIAN, an individual,            )
17                                    )
                    Defendants.       )
18                                    )
   _____)
19

20 PROPOUNDING PARTY:        Plaintiff, LARIN CORPORATION

21 RESPONDING PARTY:         Defendant, ALLTRADE TOOLS, LLC

22 SET NO.:                  One

23         Pursuant to Federal Rules of Civil Procedure Rule 34,

24 Plaintiff Larin Corporation ("PLAINTIFF") demands that Defendant

25 Alltrade Tools, LLC, ("DEFENDANT") produce for identification,

26 production and inspection at the Law Offices of Allen Hyman, 10737

27 Riverside Drive, North Hollywood, California 91602, within thirty

28 (30) days of service, the following documents and tangible things

S:\PC7\LARIN CORP\DOCS\ATC1.wpd

30

EXHIBIT
**4**

1  which are available to DEFENDANT, DEFENDANT's attorneys, agents,

2  and/or employees:

3  **REQUEST FOR PRODUCTION NO. 1.:**

4  Please produce documents indicating, evidencing or

5  showing sales of the motorcycle saddle stool (example attached as

6  Exhibit No. 1) by DEFENDANT from January 1, 2002 through the

7  present.

8  **REQUEST FOR PRODUCTION NO. 2.:**

9  Please produce all shipment records of DEFENDANT for the

10  motorcycle saddle stool (example attached as Exhibit No. 1) from

11  January 1, 2002 through the present.

12  **REQUEST FOR PRODUCTION NO. 3.:**

13  Please produce all documents indicating, evidencing or

14  showing the creation of all packaging for the motorcycle saddle

15  stool (example attached as Exhibit No. 1) from January 1, 2002

16  through the present.

17  **REQUEST FOR PRODUCTION NO. 4.:**

18  Please produce all documents indicating, evidencing or

19  showing the creation of all written instructions for the motorcycle

20  saddle stool (example attached as Exhibit No. 1) from January 1,

21  2002 through the present.

22  **REQUEST FOR PRODUCTION NO. 5.:**

23  Please produce all written instructions for the

24  motorcycle saddle stool (example attached as Exhibit No. 1) from

25  January 1, 2002 through the present.

26  **REQUEST FOR PRODUCTION NO. 6.:**

27  Please produce all documents indicating, evidencing or

28  showing the source and/or creation of all photographs on all boxes

**31**

1   for the motorcycle saddle stool (example attached as Exhibit No. 1)

2   from January 1, 2002 through the present.

3   **REQUEST FOR PRODUCTION NO. 7.:**

4            Please produce all documents indicating, evidencing or

5   showing the source and/or creation of all text on all boxes for the

6   motorcycle saddle stool (example attached as Exhibit No. 1) from

7   January 1, 2002 through the present.

8   **REQUEST FOR PRODUCTION NO. 8.:**

9            Please produce all documents indicating, evidencing or

10  showing the creation of all advertising for the motorcycle saddle

11  stool (example attached as Exhibit No. 1) from January 1, 2002

12  through the present.

13  **REQUEST FOR PRODUCTION NO. 9.:**

14           Please produce all documents indicating, evidencing or

15  showing the creation of the design for the motorcycle saddle stool

16  (example attached as Exhibit No. 1) from January 1, 2002 through

17  the present.

18  **REQUEST FOR PRODUCTION NO. 10.:**

19           Please produce all advertising, marketing and/or

20  promotional materials utilized for the sale, marketing and/or

21  distribution of the motorcycle saddle stool (example attached as

22  Exhibit No. 1) from January 1, 2002 through the present.

23  **REQUEST FOR PRODUCTION NO. 11.:**

24           Please produce all documents indicating, evidencing or

25  showing all communications between DEFENDANT, and/or any person on

26  DEFENDANT's behalf, and any entity and/or individual with regard to

27  the sale of the motorcycle saddle stool (example attached as

28  Exhibit No. 1) from January 1, 2002 through the present.

**32**

1  **REQUEST FOR PRODUCTION NO. 12.:**

2          Please produce all documents indicating, evidencing or

3  showing all communications between DEFENDANT, and/or any person on

4  DEFENDANT's behalf, and any entity and/or individual with regard to

5  the marketing of the motorcycle stool (example attached as Exhibit

6  No. 1) from January 1, 2002 through the present.

7  **REQUEST FOR PRODUCTION NO. 13.:**

8          Please produce all documents indicating, evidencing or

9  showing all communications between DEFENDANT, and/or any person on

10  DEFENDANT's behalf, and any entity and/or individual with regard to

11  the distribution of the motorcycle saddle stool (example attached

12  as Exhibit No. 1) from January 1, 2002 through the present.

13  **REQUEST FOR PRODUCTION NO. 14.:**

14          Please produce all documents indicating, evidencing or

15  showing all communications between DEFENDANT, and/or any person on

16  DEFENDANT's behalf, and any entity and/or individual with regard to

17  the design of the motorcycle saddle stool (example attached as

18  Exhibit No. 1) from January 1, 2002 through the present.

19  **REQUEST FOR PRODUCTION NO. 15.:**

20          Please produce all documents indicating, evidencing or

21  showing gross revenue received by DEFENDANT from the sale and/or

22  distribution of the motorcycle saddle stool (example attached as

23  Exhibit No. 1) from January 1, 2002 through the present.

24  **REQUEST FOR PRODUCTION NO. 16.:**

25          Please produce documents indicating, evidencing or

26  showing net revenue received by DEFENDANT from the sale and/or

27  distribution of the motorcycle saddle stool (example attached as

28  Exhibit No. 1) from January 1, 2002 through the present.

1 | **REQUEST FOR PRODUCTION NO. 17.:**

2 | Please produce all incorporation records of DEFENDANT.

3 | **REQUEST FOR PRODUCTION NO. 18.:**

4 | Please produce all documents indicating, evidencing or

5 | showing all monies paid to defendant Andre Livian by DEFENDANT from

6 | January 1, 2002 through the present.

7 | **REQUEST FOR PRODUCTION NO. 19.:**

8 | Please produce all documents indicating, evidencing or

9 | showing all communications between DEFENDANT and/or DEFENDANT's

10 | representatives and any individual and/or entity which refers to

11 | plaintiff Larin Corporation from January 1, 2002 to the present.

12 | **REQUEST FOR PRODUCTION NO. 20.:**

13 | Please produce all documents indicating, evidencing or

14 | showing all contracts and/or agreements between DEFENDANT and any

15 | individual and/or entity with regard to the sale, marketing and/or

16 | distribution of the motorcycle saddle stool (example attached as

17 | Exhibit No. 1) from January 1, 2002 through the present.

18 | **REQUEST FOR PRODUCTION NO. 21.:**

19 | Please produce all documents indicating, evidencing or

20 | showing all contracts and/or agreements between DEFENDANT and any

21 | individual and/or entity with regard to the design of the

22 | motorcycle saddle stool (example attached as Exhibit No. 1) from

23 | January 1, 2002 through the present.

24 | **REQUEST FOR PRODUCTION NO. 22.:**

25 | Please produce all documents which support DEFENDANT's

26 | denial of Paragraph No. 51 of PLAINTIFF's Complaint.

27 | **REQUEST FOR PRODUCTION NO. 23.:**

28 | Please produce all documents which support DEFENDANT's

1 | contention in DEFENDANT's Answer that "Alltrade, Inc. ... no longer
2 | conducts any business..." (Answer at 1:11-12).

3 | **REQUEST FOR PRODUCTION NO. 24.:**

4 | Please produce all documents which support DEFENDANT's
5 | contention in DEFENDANT's Answer that "Alltrade Tools LLC sold
6 | stools to Sam's club in individual boxes, which were resold at
7 | Sam's Club retail stores..." (Answer at 3:23-24).

8 | **REQUEST FOR PRODUCTION NO. 25.:**

9 | Please produce all documents which support DEFENDANT's
10 | first affirmative defense (Answer at 7:16-19).

11 | **REQUEST FOR PRODUCTION NO. 26.:**

12 | Please produce all documents which support DEFENDANT's
13 | second affirmative defense (Answer at 7:20-24).

14 | **REQUEST FOR PRODUCTION NO. 27.:**

15 | Please produce all documents which support DEFENDANT's
16 | third affirmative defense (Answer at 7:24-8:1).

17 | **REQUEST FOR PRODUCTION NO. 28.:**

18 | Please produce all documents which support DEFENDANT's
19 | fourth affirmative defense (Answer at 8:2-5).

20 | **REQUEST FOR PRODUCTION NO. 29.:**

21 | Please produce all documents which support DEFENDANT's
22 | fifth affirmative defense (Answer at 8:6-9).

23 | **REQUEST FOR PRODUCTION NO. 30.:**

24 | Please produce all documents which support DEFENDANT's
25 | sixth affirmative defense (Answer at 8:10-13).

26 | **REQUEST FOR PRODUCTION NO. 31.:**

27 | Please produce all documents which support DEFENDANT's
28 | seventh affirmative defense (Answer at 8:14-17).

1  **REQUEST FOR PRODUCTION NO. 32.:**

2          Please produce all documents which support DEFENDANT's

3  eighth affirmative defense (Answer at 8:18-21).

4  **REQUEST FOR PRODUCTION NO. 33.:**

5          Please produce all documents which support DEFENDANT's

6  ninth affirmative defense (Answer at 8:22-28).

7  **REQUEST FOR PRODUCTION NO. 34.:**

8          Please produce all documents which support DEFENDANT's

9  tenth affirmative defense (Answer at 9:1-5).

10 **REQUEST FOR PRODUCTION NO. 35.:**

11         Please produce all documents which support DEFENDANT's

12 first counter-claim for relief (Counterclaim at 10:1-11:4).

13 **REQUEST FOR PRODUCTION NO. 36.:**

14         Please produce all documents which support DEFENDANT's

15 second counter-claim for relief (Counterclaim at 11:5-12:6).

16

17                                     Respectfully submitted,

18                                     LAW OFFICES OF ALLEN HYMAN

19

20 DATED: June 14, 2007          By:  _____
                                      Christine Coverdale
21                                    Attorneys for Plaintiff
                                      LARIN CORPORATION
22

23

24

25

26

27

28



EXHIBIT

<u>**PROOF OF SERVICE**</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 10737 Riverside Drive, North Hollywood, California  91602.

    On June 14, 2007, I served the foregoing document described as **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLTRADE TOOLS, LLC** on the parties in this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

<u>**PLEASE SEE ATTACHED SERVICE LIST**</u>

[ ]    (BY MAIL) to the addressees as indicated on the attached Service List, as follows:  I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at North Hollywood, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

[ ]    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the addressee as indicated above.

[ ]    (BY FACSIMILE) I sent such document via facsimile to the offices of the addressees as indicated above.

[X]    (BY OVERNIGHT MAIL)  I caused such document to be delivered via Overnight Mail Service to the addressees as indicated on the attached service list.

**[X]**    (FEDERAL)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on June 14, 2007, at North Hollywood, California.

_____
Christine Coverdale

**38**

1

**<u>SERVICE LIST</u>**

2

3    Seong H. Kim, Esq.
     Dylan Ruga, Esq.
4    Steptoe & Johnson, LLP
     2121 Avenue of the Stars
5    Suite 2800
     Los Angeles, California 90067
6    T: (310) 734-3232
     F: (310) 734-3231
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Seong H. Kim, State Bar No. 166604
Dylan Ruga, State Bar No. 235969
STEPTOE & JOHNSON LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067-5052
Telephone:  (310) 734-3200
Facsimile:  (310) 734-3300
Email:  skim@steptoe.com
Email:  druga@steptoe.com

Attorneys for Defendants and Counter-
Claimants ALLTRADE TOOLS LLC
(erroneously sued as "ALLTRADE TOOLS, LLC"),
ALLTRADE INC. (erroneously sued as
"ALLTRADE, INC."), and ANDRE LIVIAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARIN CORPORATION,<br><br>          Plaintiff,<br><br>     vs.<br><br>ALLTRADE, INC., a California corporation; ALLTRADE TOOLS, LLC, a California limited liability company; ANDRE LIVIAN, an individual,<br><br>          Defendants. | Case No.:  EDCV06-1394 VAP (OPx)<br><br>**DEFENDANT ALLTRADE TOOLS LLC'S RESPONSES TO PLAINTIFF LARIN CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| ALL TRADE TOOLS, LLC, a California limited liability company,<br><br>          Counter-Claimant,<br><br>     vs.<br><br>LARIN CORPORATION, a California corporation,<br><br>          Counter-Defendant. | |

-1-

**EXHIBIT**

**5**

DOC # CC-160838 V.1

40

| | |
|---|---|
| PROPOUNDING PARTY: | PLAINTIFF LARIN CORPORATION |
| RESPONDING PARTY: | DEFENDANT ALLTRADE TOOLS LLC |
| SET NO. | ONE |

## GENERAL RESPONSES AND OBJECTIONS

1.     Defendant Alltrade Tools LLC has not completed its discovery or investigation of the facts relating to this case or its preparation for trial.  The responses contained herein are based only upon the information and documents presently available to and known by Alltrade Tools LLC.  Nothing contained herein shall be used to preclude Alltrade Tools LLC from further research and investigation of the facts or from presentation of the results of that research and investigation to the Court and/or the trier of fact at any hearing or at the time of trial.

2.     The following responses are provided without prejudice to the right of Alltrade Tools LLC to produce and introduce at any hearing or at the time of trial subsequently discovered evidence relating to the proof of presently known material facts, and to produce and introduce all evidence whenever discovered relating to the proof of subsequently discovered material facts.  Alltrade Tools LLC reserves the right to refer to, conduct discovery with reference to, or offer into evidence at any hearing or at the time of trial, any and all documents and things notwithstanding the responses and objections interposed herein.

3.     To the extent that a Request has not been objected to, Alltrade Tools LLC has used reasonable diligence to obtain documents and things responsive to the Requests responded to herein, based on examination of those files that may reasonably be expected to yield such documents and things and interviews with those individuals reasonably expected to have such documents and things.  To the

DOC.# CC-160838 V.1

extent that the propounding party seeks to require Alltrade Tools LLC to do more than the foregoing, the Requests are objected to on the grounds that they are not relevant to the claims or defenses of any party to this action, and would subject Alltrade Tools LLC to oppression, harassment, and undue burden and expense not commensurate with any legitimate discovery need.

4.     Alltrade Tools LLC objects to each and every Request to the extent that they seek disclosure of information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and pursuant to any other applicable privilege or protection, or information otherwise protected from discovery.  Alltrade Tools LLC will not undertake to produce any such privileged or protected information, and nothing contained herein is intended as, or shall be deemed, a waiver of any attorney-client privilege, attorney work product protection, or any other applicable privilege.

5.     Alltrade Tools LLC objects to each and every Request to the extent they are overbroad, unduly burdensome, unreasonable, vexatious, harassing and oppressive, in that they seek information that is not relevant to the claims or defenses of any party to this action.  By responding to any of the Requests, Alltrade Tools LLC will not undertake to provide documents that are not relevant to the claims or defenses of any party to this action, and Alltrade Tools LLC expressly disavows any obligation or undertaking not interposed by the Federal Rules of Civil Procedure ("FRCP") or any other applicable law.

6.     Alltrade Tools LLC objects to each and every Request to the extent they seek information that is protected from disclosure by rights of privacy.

7.     To the extent that the Requests purport to require Alltrade Tools LLC to disclose documents or other materials constituting or containing, in whole or in part, confidential data, proprietary information, or non-public financial information relating or pertaining to Alltrade Tools LLC, its past or present employees, or its

42

DOC.# CC-160838 V.1

past or present companies, Alltrade Tools LLC objects to each and every Request on the grounds that they: (a) are overbroad, unreasonable, unduly burdensome, vexatious, oppressive and harassing; and (b) seek information that is protected from disclosure under federal and state law.

8.   Alltrade Tools LLC objects to the "Definitions And Instructions" to the extent that they are inconsistent with, and seek to impose obligations beyond, those imposed under the FRCP.

9.   Alltrade Tools LLC objects to each and every Request on the grounds that they are vague, ambiguous, uncertain and unintelligible, in that, among other reasons, the definition of "DEFENDANT" purports to require the disclosure of information from Alltrade Tools LLC's "attorneys, agents, and/or employees." Alltrade Tools LLC expressly disavows any obligation to respond to the Requests beyond those imposed by the FRCP, and except as otherwise set forth expressly herein, for purposes of further responding to the Requests, Alltrade Tools LLC will not undertake to provide information on behalf of any party, entity or person other than itself.

10.   No response contained herein, and no provision of information by Alltrade Tools LLC in response to any Request therein, is intended to be, nor shall it be deemed or construed as, an admission of the truth or correctness of any statement, characterization, conclusion, or other matter which may be contained in any Request contained therein.

11.   Alltrade Tools LLC objects to each and every Request to the extent that the information requested is at least equally available to Larin, or already in the possession, custody, or control of Larin or Larin's counsel.

12.   Alltrade Tools LLC hereby expressly reserves its right to supplement or amend its responses in the future should Alltrade Tools LLC discover additional documents or things that may be responsive to the Requests.

**43**   DOC.# CC-160838 V.1

13.    Each of the following specific responses and objections is subject to the foregoing General Responses and Objections, which shall be incorporated into each specific response (whether or not so stated in the specific response).

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.:**

Please produce documents indicating, evidencing or showing sales of the motorcycle saddle stool (example attached as Exhibit No. 1) by DEFENDANT from January 1, 2002 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is vague and ambiguous, overly broad, unduly burdensome, and harassing.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying documents that Alltrade Tools LLC believes are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2.:**

Please produce all shipment records of DEFENDANT for the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent

**44** DOC.# CC-160838 V.1

1 | that the term "shipment records" is vague and ambiguous.

2 | **REQUEST FOR PRODUCTION NO. 3.:**

3 |     Please produce all documents indicating, evidencing or showing the creation

4 | of all packaging for the motorcycle saddle stool (example attached as Exhibit No.

5 | 1) from January 1, 2002 through the present.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 3.:**

7 |     Alltrade Tools LLC objects to this request to the extent that the documents

8 | sought are confidential or subject to the attorney-client, work-product, or other

9 | applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

10 | that it is overly broad, unduly burdensome, harassing, and is not reasonably

11 | calculated to lead to the discovery of relevant evidence.

12 | **REQUEST FOR PRODUCTION NO. 4.:**

13 |     Please produce all documents indicating, evidencing or showing the creation

14 | of all written instructions for the motorcycle saddle stool (example attached as

15 | Exhibit No. 1) from January 1, 2002 through the present.

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4.:**

17 |     Alltrade Tools LLC objects to this request to the extent that the documents

18 | sought are confidential or subject to the attorney-client, work-product, or other

19 | applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

20 | that it is overly broad, unduly burdensome, harassing, and is not reasonably

21 | calculated to lead to the discovery of relevant evidence.

22 | **REQUEST FOR PRODUCTION NO. 5.:**

23 |     Please produce all written instructions for the motorcycle saddle stool

24 | (example attached as Exhibit No. 1) from January 1, 2002 through the present.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 5.:**

26 |     To the extent it understands this request, Alltrade Tools LLC will produce

27 | for inspection and copying all non-privileged responsive documents, if any, which

28 | are in its possession, custody, or control and have not already been produced.

**45**

1    **REQUEST FOR PRODUCTION NO. 6.:**

2         Please produce all documents indicating, evidencing or showing the source

3    and/or creation of all photographs on all boxes for the motorcycle saddle stool

4    (example attached as Exhibit No. 1) from January 1, 2002 through the present.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6.:**

6         Alltrade Tools LLC objects to this request to the extent that the documents

7    sought are confidential or subject to the attorney-client, work-product, or other

8    applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

9    that it is overly broad, unduly burdensome, harassing, and not reasonably

10   calculated to lead to the discovery of relevant evidence.

11        Subject to and without waiving these and any other objections, and to the

12   extent it understands this request, Alltrade Tools LLC will produce for inspection

13   and copying all non-privileged responsive documents, if any, which are in its

14   possession, custody, or control and have not already been produced.

15   **REQUEST FOR PRODUCTION NO. 7.:**

16        Please produce all documents indicating, evidencing or showing the source

17   and/or creation of all text on all boxes for the motorcycle saddle stool (example

18   attached as Exhibit No. 1) from January 1, 2002 through the present.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7.:**

20        Alltrade Tools LLC objects to this request to the extent that the documents

21   sought are confidential or subject to the attorney-client, work-product, or other

22   applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

23   that it is overly broad, unduly burdensome, harassing, and not reasonably

24   calculated to lead to the discovery of relevant evidence.

25        Subject to and without waiving these and any other objections, and to the

26   extent it understands this request, Alltrade Tools LLC will produce for inspection

27   and copying all non-privileged responsive documents, if any, which are in its

28   possession, custody, or control and have not already been produced.

**46** DOC.# CC-160838 V.1

**REQUEST FOR PRODUCTION NO. 8.:**

Please produce all documents indicating, evidencing or showing the creation of all advertising for the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges.  Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody, or control and have not already been produced.

**REQUEST FOR PRODUCTION NO. 9.:**

Please produce all documents indicating, evidencing or showing the creation of the design for the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges.  Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody, or control and have not already been produced.

-8-

**47** DOC.# CC-160838 V.1

**REQUEST FOR PRODUCTION NO. 10.:**

Please produce all advertising, marketing and/or promotional materials utilized for the sale, marketing and/or distribution of the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody, or control and have not already been produced.

**REQUEST FOR PRODUCTION NO. 11.:**

Please produce all documents indicating, evidencing or showing all communications between DEFENDANT, and/or any person on DEFENDANT's behalf, and any entity and/or individual with regard to the sale of the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges. Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection

**48**

1  and copying all non-privileged responsive documents, if any, which are in its

2  possession, custody, or control and have not already been produced.

3  **REQUEST FOR PRODUCTION NO. 12.:**

4  　　　Please produce all documents indicating, evidencing or showing all

5  communications between DEFENDANT, and/or any person on DEFENDANT's

6  behalf, and any entity and/or individual with regard to the marketing of the

7  motorcycle stool (example attached as Exhibit No. 1) from January 1, 2002

8  through the present.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12.:**

10  　　　Alltrade Tools LLC objects to this request to the extent that the documents

11  sought are confidential or subject to the attorney-client, work-product, or other

12  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

13  that it is overly broad, unduly burdensome, harassing, and not reasonably

14  calculated to lead to the discovery of relevant evidence.

15  　　　Subject to and without waiving these and any other objections, and to the

16  extent it understands this request, Alltrade Tools LLC will produce for inspection

17  and copying all non-privileged responsive documents, if any, which are in its

18  possession, custody, or control and have not already been produced.

19  **REQUEST FOR PRODUCTION NO. 13.:**

20  　　　Please produce all documents indicating, evidencing or showing all

21  communications between DEFENDANT, and/or any person on DEFENDANT's

22  behalf, and any entity and/or individual with regard to the distribution of the

23  motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002

24  through the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13.:**

26  　　　Alltrade Tools LLC objects to this request to the extent that the documents

27  sought are confidential or subject to the attorney-client, work-product, or other

28  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

**49**

1   that it is overly broad, unduly burdensome, harassing, and not reasonably

2   calculated to lead to the discovery of relevant evidence.

3          Subject to and without waiving these and any other objections, and to the

4   extent it understands this request, Alltrade Tools LLC will produce for inspection

5   and copying all non-privileged responsive documents, if any, which are in its

6   possession, custody, or control and have not already been produced.

7   **REQUEST FOR PRODUCTION NO. 14.:**

8          Please produce all documents indicating, evidencing or showing all

9   communications between DEFENDANT, and/or any person on DEFENDANT's

10  behalf, and any entity and/or individual with regard to the design of the motorcycle

11  saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the

12  present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14.:**

14         Alltrade Tools LLC objects to this request to the extent that the documents

15  sought are confidential or subject to the attorney-client, work-product, or other

16  applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

17  that it is overly broad, unduly burdensome, harassing, and not reasonably

18  calculated to lead to the discovery of relevant evidence.

19         Subject to and without waiving these and any other objections, and to the

20  extent it understands this request, Alltrade Tools LLC will produce for inspection

21  and copying all non-privileged responsive documents, if any, which are in its

22  possession, custody, or control and have not already been produced.

23  **REQUEST FOR PRODUCTION NO. 15.:**

24         Please produce all documents indicating, evidencing or showing gross

25  revenue received by DEFENDANT from the sale and/or distribution of the

26  motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002

27  through the present.

28

**50**   DOC.# CC-160838 V.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges.

Subject to and without waiving these and any other objections, and to the extent it understands this request, Alltrade Tools LLC will produce for inspection and copying all non-privileged responsive documents, if any, which are in its possession, custody, or control and have not already been produced.

**REQUEST FOR PRODUCTION NO. 16.:**

Please produce documents indicating, evidencing or showing net revenue received by DEFENDANT from the sale and/or distribution of the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges.  Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and the term "net revenue" is vague and ambiguous.

**REQUEST FOR PRODUCTION NO. 17.:**

Please produce all incorporation records of DEFENDANT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17.:**

No documents exist that are responsive to this Request.

**REQUEST FOR PRODUCTION NO. 18.:**

Please produce all documents indicating, evidencing or showing all monies paid to defendant Andre Livian by DEFENDANT from January 1, 2002 through the present.

**51** DOC.# CC-160838 V.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges.  Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.  Alltrade Tools LLC also objects to this request on the ground that production of the requested documents would violate the privacy interest of third-parties.

**REQUEST FOR PRODUCTION NO. 19.:**

Please produce all documents indicating, evidencing or showing all communications between DEFENDANT and/or DEFENDANT's representatives and any individual and/or entity which refers to plaintiff Larin Corporation from January 1, 2002 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges.  Alltrade Tools LLC also objects to this request to the extent that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of relevant evidence.

**REQUEST FOR PRODUCTION NO. 20.:**

Please produce all documents indicating, evidencing or showing all contracts and/or agreements between DEFENDANT and any individual and/or entity with regard to the sale, marketing and/or distribution of the motorcycle saddle stool (example attached as Exhibit No. 1) from January 1, 2002 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20.:**

Alltrade Tools LLC objects to this request to the extent that the documents sought are confidential or subject to the attorney-client, work-product, or other applicable privileges.

1    Subject to and without waiving these and any other objections, and to the

2    extent it understands this request, Alltrade Tools LLC will produce for inspection

3    and copying all non-privileged responsive documents, if any, which are in its

4    possession, custody, or control and have not already been produced.

5    **REQUEST FOR PRODUCTION NO. 21.:**

6    Please produce all documents indicating, evidencing or showing all contracts

7    and/or agreements between DEFENDANT and any individual and/or entity with

8    regard to the design of the motorcycle saddle stool (example attached as Exhibit

9    No. 1) from January 1, 2002 through the present.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21.:**

11   Alltrade Tools LLC objects to this request to the extent that the documents

12   sought are confidential or subject to the attorney-client, work-product, or other

13   applicable privileges.  Alltrade Tools LLC also objects to this request to the extent

14   that it is overly broad, unduly burdensome, harassing, and not reasonably

15   calculated to lead to the discovery of relevant evidence.

16   Subject to and without waiving these and any other objections, and to the

17   extent it understands this request, Alltrade Tools LLC will produce for inspection

18   and copying all non-privileged responsive documents, if any, which are in its

19   possession, custody, or control and have not already been produced.

20   **REQUEST FOR PRODUCTION NO. 22.:**

21   Please produce all documents which support DEFENDANT's denial of

22   Paragraph No. 51 of PLAINTIFF's Complaint.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22.:**

24   To the extent it understands this request, Alltrade Tools LLC will produce

25   for inspection and copying all non-privileged responsive documents, if any, which

26   are in its possession, custody, or control and have not already been produced.

27   **REQUEST FOR PRODUCTION NO. 23.:**

28   Please produce all documents which support DEFENDANT's contention in

1   DEFENDANT's Answer that "Alltrade, Inc. . . . no longer conducts any

2   business. . ."  (Answer at 1:11-12).

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23.:**

4         To the extent it understands this request, Alltrade Tools LLC will produce

5   for inspection and copying all non-privileged responsive documents, if any, which

6   are in its possession, custody, or control and have not already been produced.

7   **REQUEST FOR PRODUCTION NO. 24.:**

8         Please produce all documents which support DEFENDANT's contention in

9   DEFENDANT's Answer that "Alltrade Tools LLC sold stools to Sam's club [sic]

10  in individual boxes, which were resold at Sam's Club retail stores. . ." (Answer at

11  3:23-24).

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24.:**

13        To the extent it understands this request, Alltrade Tools LLC will produce

14  for inspection and copying all non-privileged responsive documents, if any, which

15  are in its possession, custody, or control and have not already been produced.

16  **REQUEST FOR PRODUCTION NO. 25.:**

17        Please produce all documents which support DEFENDANT's first

18  affirmative defense (Answer at 7:16-19).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25.:**

20        To the extent it understands this request, Alltrade Tools LLC will produce

21  for inspection and copying all non-privileged responsive documents, if any, which

22  are in its possession, custody, or control and have not already been produced.

23  **REQUEST FOR PRODUCTION NO. 26.:**

24        Please produce all documents which support DEFENDANT's second

25  affirmative defense (Answer at 7:20-24).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26.:**

27        To the extent it understands this request, Alltrade Tools LLC will produce

28  for inspection and copying all non-privileged responsive documents, if any, which

54

1  are in its possession, custody, or control and have not already been produced.

2  **REQUEST FOR PRODUCTION NO. 27.:**

3  Please produce all documents which support DEFENDANT's third

4  affirmative defense (Answer at 7:24-8:1).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27.:**

6  To the extent it understands this request, Alltrade Tools LLC will produce

7  for inspection and copying all non-privileged responsive documents, if any, which

8  are in its possession, custody, or control and have not already been produced.

9  **REQUEST FOR PRODUCTION NO. 28.:**

10  Please produce all documents which support DEFENDANT's fourth

11  affirmative defense (Answer at 8:2-5).

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28.:**

13  To the extent it understands this request, Alltrade Tools LLC will produce

14  for inspection and copying all non-privileged responsive documents, if any, which

15  are in its possession, custody, or control and have not already been produced.

16  **REQUEST FOR PRODUCTION NO. 29.:**

17  Please produce all documents which support DEFENDANT's fifth

18  affirmative defense (Answer at 8:6-9).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29.:**

20  To the extent it understands this request, Alltrade Tools LLC will produce

21  for inspection and copying all non-privileged responsive documents, if any, which

22  are in its possession, custody, or control and have not already been produced.

23  **REQUEST FOR PRODUCTION NO. 30.:**

24  Please produce all documents which support DEFENDANT's sixth

25  affirmative defense (Answer at 8:10-13).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30.:**

27  To the extent it understands this request, Alltrade Tools LLC will produce

28  for inspection and copying all non-privileged responsive documents, if any, which

1 | are in its possession, custody, or control and have not already been produced.

2 | **REQUEST FOR PRODUCTION NO. 31.:**

3 |     Please produce all documents which support DEFENDANT's seventh

4 | affirmative defense (Answer at 8:14-17).

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 31.:**

6 |     To the extent it understands this request, Alltrade Tools LLC will produce

7 | for inspection and copying all non-privileged responsive documents, if any, which

8 | are in its possession, custody, or control and have not already been produced.

9 | **REQUEST FOR PRODUCTION NO. 32.:**

10 |     Please produce all documents which support DEFENDANT's eighth

11 | affirmative defense (Answer at 8:18-21).

12 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 32.:**

13 |     To the extent it understands this request, Alltrade Tools LLC will produce

14 | for inspection and copying all non-privileged responsive documents, if any, which

15 | are in its possession, custody, or control and have not already been produced.

16 | **REQUEST FOR PRODUCTION NO. 33.:**

17 |     Please produce all documents which support DEFENDANT's ninth

18 | affirmative defense (Answer at 8:22-28).

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 33.:**

20 |     To the extent it understands this request, Alltrade Tools LLC will produce

21 | for inspection and copying all non-privileged responsive documents, if any, which

22 | are in its possession, custody, or control and have not already been produced.

23 | **REQUEST FOR PRODUCTION NO. 34.:**

24 |     Please produce all documents which support DEFENDANT's tenth

25 | affirmative defense (Answer at 9:1-5).

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 34.:**

27 |     To the extent it understands this request, Alltrade Tools LLC will produce

28 | for inspection and copying all non-privileged responsive documents, if any, which

1   are in its possession, custody, or control and have not already been produced.

2   **REQUEST FOR PRODUCTION NO. 35.:**

3       Please produce all documents which support DEFENDANT's first counter-

4   claim for relief (Counterclaim at 10:1-11:4).

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35.:**

6       Alltrade Tools LLC objects to this request on the grounds that the

7   documents requested are in Plaintiff's custody and control, and/or are equally

8   available to Plaintiff.

9   **REQUEST FOR PRODUCTION NO. 36.:**

10       Please produce all documents which support DEFENDANT's second

11   counter-claim for relief (Counterclaim at 11:5-12:6).

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36.:**

13       Alltrade Tools LLC objects to this request on the grounds that the

14   documents requested are in Plaintiff's custody and control, and/or are equally

15   available to Plaintiff.

16

17

18   Dated:  June 15, 2007          STEPTOE & JOHNSON LLP

19                            SEONG H. KIM

20

21                            By:_____

22                            Seong H. Kim

                            Attorneys for Defendants

23                            ALLTRADE TOOLS LLC, ALLTRADE INC.,

                            and ANDRE LIVIAN

24

25

26

27

28

DOC.# CC-160838 V.1

**PROOF OF SERVICE**
F.R.C.P. 5 / C.C.P. § 1013a(3)/ Cal. R. Ct. R. 2.260

I am a resident of, or employed in, the County of Los Angeles.  I am over the age of 18 and not a party to this action.  My business address is:  NOW Attorney/Messenger Service, 1301 West 2nd St., Suite 206, Los Angeles, CA 90026.

On **July 31, 2007,** I served the following listed document(s), by method indicated below, on the parties in this action:  **DEFENDANT ALLTRADE TOOLS LLC'S RESPONSES TO PLAINTIFF LARIN CORPORATION'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

*SEE ATTACHED SERVICE LIST*

☐ **BY U.S. MAIL**
By placing ☐ the original / ☐ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Steptoe & Johnson LLP, 2121 Avenue of the Stars, Suite 2800, Los Angeles, California 90067., following ordinary business practices.  I am readily familiar with Steptoe & Johnson LLP's practice for collection and processing of documents for mailing.  Under that practice, the document is deposited with the United States Postal Service on the same day as it is collected and processed for mailing in the ordinary course of business.

☒ **BY PERSONAL SERVICE**
☐ By personally delivering and handing the document(s) listed above to the person(s) identified on the attached service list.

☐ By personally delivering the document(s) listed above to the office address(es) as shown on the attached service list and leaving said document(s) with a clerk or other person in charge, or if no one is in charge leaving it in a conspicuous place in the office(s).

☐ By personally delivering the document(s) listed above to the address(es) as shown on the attached service list and leaving said document(s) with someone of suitable age and discretion residing at said address(es).

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on July 31, 2007 at Los Angeles, California.

_____
Type or Print Name

_____
Signature

1  Allen Hyman, Esq.
2  Law Offices of Allen Hyman
   10737 Riverside Drive
3  North Hollywood, California 91602
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
PROOF OF SERVICE

59