@ 032/043

LAW OFFICES OF

# ALLEN HYMAN

10737 RIVERSIDE DRIVE
NORTH HOLLYWOOD, CALIFORNIA 91602
(818) 763-6289 • (323) 877-3405
FAX (818) 763-4676
E MAIL ADDRESS: LAWOFFAH@AOL.COM

ALLEN HYMAN
CHRISTINE COVERDALE

October 30, 2007

Dylan Ruga, Esq.
Steptoe & Johnson, LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

<u>VIA FACSIMILE TRANSMISSION</u>
(310) 734-3229

Re:    <u>*Alltrade Inc.'s Responses To Larin's First Request*</u>
       <u>*For Production Central District Local Rule 37-1*</u>

Dear Mr. Ruga:

        I write with regard to Alltrade Inc.'s ("ALL-INC") July
31, 2007, Responses to LARIN's Request For Production, First Set,
Nos. 1-36.

        LARIN contends that ALL-INC's Responses are inadequate
and that ALL-INC's objections are improper, and were interposed
for delay.

        I set forth the deficiencies as follows as to each
Response:

        <u>ALL-INC's Response No. 1:</u>

        1. Though privileges are asserted, ALL-INC has not
provided a privilege log.

        2. The response is not complete in that ALL-INC states:
"...to the extent it understands the request...." Yet ALL-INC
did not indicate how it understood the request and therefore the
response is evasive.

        3. If there are no documents, the appropriate response
as required by the Rules was not provided.

S:\PC7\LARIN CORP\RUGA-ltr03A-103007pc.wpd

60

EXHIBIT
6

033/043

Dylan Ruga, Esq.
October 30, 2007
Page 2

ALL-INC's Response No. 2:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

ALL-INC's Response No. 3:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

ALL-INC's Response No. 4:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

ALL-INC's Response No. 5:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. ALL-INC has not identified what documents have been produced if any.  The response is evasive.

ALL-INC's Response No. 6:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request....,"  Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

S:\PCN\ARIN CORP\RUGA-ltr03A-103007pc.wpd

**61**

Dylan Ruga, Esq.
October 30, 2007
Page 3

3. If there are no documents the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No. 7:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No. 8:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No. 9:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

S:\PC\ALARIN CORP\RUGA-ltr03A-103007/pc.wpd

62

Dylan Ruga, Esq.
October 30, 2007
Page 4

### ALL-INC's Response Nos. 10-15:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No 16:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 17:

The response was evasive and the information sought is within the range of information that is appropriate for discovery under the Federal Rules.

### ALL-INC's Response No. 18:

The response was evasive and the information sought is relevant under the information allowed under the Federal Rules.

### ALL-INC's Response No. 19:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

S:\PC7\LARIN COLUM\UDA-R\#3A-103007pc.wpd

**63**

Dylan Ruga, Esq.
October 30, 2007
Page 5

3. If there are no documents, the appropriate response as required by the Rules was not provided.

ALL-INC's Response Nos. 20:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

ALL-INC's Response Nos. 21:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

ALL-INC's Response No. 22:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

ALL-INC's Response No. 23:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

64

Dylan Ruga, Esq.
October 30, 2007
Page 6

### ALL-INC's Response No. 24:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response No. 25:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response No. 26:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response Nos. 27-34:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response No. 35:

The response does not describe the documents and is patently evasive.

### ALL-INC's Response No. 36:

The response does not describe the documents and is patently evasive.

Dylan Ruga, Esq.
October 30, 2007
Page 7

### Summary

It is evident that the totality of the responses Nos.
1-36 were purposely evasive, interposed for delay.

In that you have imposed a requirement upon this office
of a privilege log, this office requests the same from your
office within seven (7) days.

This office intends to bring a motion for an order to
compel production and to compel supplemental responses on the
entirety of the 37 requests. Please advise as to any wish on
your part to avoid LARIN's motion.

The responses are particularly egregious in that this
office provided to you an additional period of time to respond.

Very truly yours,

Allen Hyman

AH:pc

S:\PC70\LARIN CORP\RUGA ltr#3A-103007pc..wpd

**66**

LAW OFFICES OF

ALLEN HYMAN
CHRISTINE COVERDALE

10737 RIVERSIDE DRIVE
NORTH HOLLYWOOD, CALIFORNIA 91602
(818) 763-6289 • (323) 877-3405
FAX (818) 763-4676
E-MAIL ADDRESS   LAWOFFAH@AOL.COM

November 2, 2007

Dylan Ruga, Esq.                          **VIA FACSIMILE TRANSMISSION**
Steptoe & Johnson, LLP                           (310) 734-3229
2121 Avenue of the Stars,
Suite 2800
Los Angeles, California 90067

Re:    *Larin Corp. v. Alltrade Tools LLC, et al.*

Dear Mr. Ruga:

### Protective Order

        Thank you for your prompt review and return of your signature with regard to the protective order, which this office is having filed today, with conformed copies delivered to the Magistrate Judge, with envelopes addressed to both your office and this office.

### Larin Motions As To
### Document Discovery Of Alltrade Tools

        You letter of today's date identifies Local Rule 37-1 requirements, and requests that this office withdraw the joint statement. I respond as follows:

        1.    The period of lapse of time from the date of response is of no consequence. Frankly the responses appear to be totally devoid of any good faith effort on the part of Alltrade Tools ("ATT").

        2.    In the second instance, I am not aware of your office providing a meet and confer as to Alltrade's latest motion, (the one presently pending) prior to providing the joint statement to this office.

        3.    And when I specifically offered a meet and confer as to the three remaining categories of documents, as to your

S:\PC7\LARIN CORP\RUGA-ltr#2-110207pc.wpd

67


EXHIBIT
7

Dylan Ruga, Esq.
November 2, 2007
Page 2

present motion, you refused to do so.

4.     And when I requested a short additional period of time to provide the remaining documents, you again refused to consider that request.

5.     As well, though this office has provided over 2300 pages of documents, the defendants have provided a total of 196 pages, though indicating they would provide documents responsive to twenty-three categories of documents.

6.     Finally, I suggest that one cannot but conclude, given the nature of the objections of ATT as to each category, that there was simply a lack of good faith response by ATT.

## Meet And Confer

1.     We did meet and confer on Wednesday, October 31, 2007, when I phoned your office and we discussed the letters indicating the concerns raised.

2.     As a result of our meet and confer and your representations to me, I have held off providing you joint stipulations as to Alltrade Inc.  You represented that Alltrade Inc. is not an operating company, apparently was not in business during the 2004 to present period, does not purchase, manufacture or sell any items, and is in essence a holding company with apparently no employees (at least during the applicable period of 2002 to the present).

3.     You state (fourth paragraph) that you "...are confident that all of the issues in your meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our client's money."

4.     You promised disclosure of the address and contact information of Gwen Mueller weeks ago and notwithstanding several letters requesting that information, have not done so.  I may move the Court for an Order that you fulfill your promise as to disclosure.

5.     In our meet and confer, I did indicate that numerous of the objections were without basis, and I suggested to you, given the numerous responses that ATT indicated it would

S:\PC7\LARIN CORP\RUGA-ltr#2-110207pc.wpd

**68**

Dylan Ruga, Esq.
November 2, 2007
Page 3


produce "...as Alltrade Tools understands the request...," that you identify which of the 196 pages were responsive to which request.

     6.   You stated that unless I provided you some authority requiring you to do so, you would not indicate which documents were responsive to which request.

     7.   I do not intend to withdraw the joint stipulations at this time, given that I find the responses indicate a lack of good faith.

     8.   If you wish some continuance, please call or write and inform this office what you specifically propose as to the deficiencies identified, because to date you have provided no proposal as to what you intend to resolve, and you have refused any suggestion that I have made.

<u>Conclusion</u>

     Given the past history and your letter of today that you will not participate in the joint statements, unless you indicate with some specificity what you propose, I may (but I am not stating that I will), undertake to file the motions this coming Tuesday, with a declaration of non-co-operation.

     But I am open to further proposals and suggestions and convenience, where you offer something definite as to the numerous deficiencies presented.


                Very truly yours,

                Allen Hyman


AH:pc

**69**

DECLARATION

## DECLARATION OF DYLAN RUGA

1.      I am an attorney at law licensed to practice before the State of California and before this Court. I am an associate with the law firm of Steptoe & Johnson LLP, attorneys of record for Alltrade, Inc., Alltrade Tools, LLC, and Andre Livian (collectively, "Alltrade" or "Defendants"). I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called as a witness, I would and could competently testify thereto.

2.      I received Plaintiff's Joint Stipulation on November 1, 2007, which is only two days after Plaintiff's counsel sent me a "meet and confer" regarding the same issues. A true and correct copy of Plaintiff's meet and confer letter is attached hereto as **Exhibit A**.

3.      I did not have an opportunity to respond to Plaintiff's meet and confer letter before I received Plaintiff's Joint Stipulation.

4.      On November 2, 2007, I sent Plaintiff's counsel a letter and offered to meet and confer in good faith to address Plaintiff's concerns. Specifically, I told Plaintiff's counsel that: "I am confident that all of the issues in your meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our clients' money. We are happy to meet with you, either in person or on the telephone, to discuss each response that you take issue with." A true and correct copy of my letter to Plaintiff's counsel is attached hereto as **Exhibit B**.

5.      I subsequently spoke with Plaintiff's counsel on the telephone and asked if he would withdraw the Joint Stipulations, or at least allow Alltrade Tools LLC to provide supplemental responses prior to filing Larin's motion to compel. Plaintiff's counsel asked me if I would withdraw Defendants' motion

///

///

1   for terminating sanctions.  I declined to do so, and then Plaintiff's counsel said

2   that he would therefore proceed with his motions as well.

3

4       I declare under penalty of perjury under the laws of the United States and

5   the State of California that the foregoing is true and correct.

6   Executed on November _____ 8 _____, 2007.

7

8                                                    Dylan Ruga

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUGA DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

EXHIBIT A

LAW OFFICES OF

# ALLEN HYMAN

ALLEN HYMAN
CHRISTINE COVERDALE

10737 RIVERSIDE DRIVE
NORTH HOLLYWOOD, CALIFORNIA 91602
(818) 763-6289 • (323) 877-3400
FAX (818) 763-4676
E-MAIL ADDRESS: LAWOFFAH@AOL.COM

October 30, 2007

Dylan Ruga, Esq.                           VIA FACSIMILE TRANSMISSION
Steptoe & Johnson, LLP                         (310) 734-3229
2121 Avenue of the Stars, Suite 2800
Los Angeles, California 90067

Re:   *Alltrade Inc.'s Responses To Larin's First Request*
      *For Production Central District Local Rule 37-1*

Dear Mr. Ruga:

        I write with regard to Alltrade Inc.'s ("ALL-INC") July
31, 2007, Responses to LARIN's Request For Production, First Set,
Nos. 1-36.

        LARIN contends that ALL-INC's Responses are inadequate
and that ALL-INC's objections are improper, and were interposed
for delay.

        I set forth the deficiencies as follows as to each
Response:

        ALL-INC's Response No. 1:

        1. Though privileges are asserted, ALL-INC has not
provided a privilege log.

        2. The response is not complete in that ALL-INC states:
"...to the extent it understands the request...." Yet ALL-INC
did not indicate how it understood the request and therefore the
response is evasive.

        3. If there are no documents, the appropriate response
as required by the Rules was not provided.

Dylan Ruga, Esq.
October 30, 2007
Page 2

### ALL-INC's Response No. 2:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 3:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 4:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 5:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. ALL-INC has not identified what documents have been produced if any.  The response is evasive.

### ALL-INC's Response No. 6:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request....,"  Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

S:\PC\LARIN CORP\RUGA-ltr01A-103007pc.wpd

Dylan Ruga, Esq.
October 30, 2007
Page 3

    3. If there are no documents the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No. 7:

    1. Though privileges are asserted, ALL-INC has not provided a privilege log.

    2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

    3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No. 8:

    1. Though privileges are asserted, ALL-INC has not provided a privilege log.

    2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

    3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No. 9:

    1. Though privileges are asserted, ALL-INC has not provided a privilege log.

    2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

    3. If there are no documents, the appropriate response as required by the Rules was not provided.

N:\PCTALARIN CORP\RUGA-ltr\PA-(6300)pc.wpd

Dylan Ruga, Esq.
October 30, 2007
Page 4

### ALL-INC's Response Nos. 10-15:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

### ALL-INC's Response No 16:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response was evasive.

### ALL-INC's Response No. 17:

The response was evasive and the information sought is within the range of information that is appropriate for discovery under the Federal Rules.

### ALL-INC's Response No. 18:

The response was evasive and the information sought is relevant under the information allowed under the Federal Rules.

### ALL-INC's Response No. 19:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...." Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

S:\PC7\LARIN COI\DR\UUA-10#3A-103007pc.wpd

Dylan Ruga, Esq.
October 30, 2007
Page 5

3. If there are no documents, the appropriate response as required by the Rules was not provided.

ALL-INC's Response Nos. 20:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...."  Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

ALL-INC's Response Nos. 21:

1. Though privileges are asserted, ALL-INC has not provided a privilege log.

2. The response is not complete in that ALL-INC states: "...to the extent it understands the request...."  Yet ALL-INC did not indicate how it understood the request and therefore the response is evasive.

3. If there are no documents, the appropriate response as required by the Rules was not provided.

ALL-INC's Response No. 22:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

ALL-INC's Response No. 23:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

S:\PCTV\AKIN CORP\RUGA ltr#5A 103007pe.wpd

Dylan Ruga, Esq.
October 30, 2007
Page 6

### ALL-INC's Response No. 24:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response No. 25:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response No. 26:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response Nos. 27-34:

ALL-INC's qualification "...to the extent it understands the request..." does not provide a proper request and is evasive.

### ALL-INC's Response No. 35:

The response does not describe the documents and is patently evasive.

### ALL-INC's Response No. 36:

The response does not describe the documents and is patently evasive.

Dylan Ruga, Esq.
October 30, 2007
Page 7

### Summary

It is evident that the totality of the responses Nos. 1-36 were purposely evasive, interposed for delay.

In that you have imposed a requirement upon this office of a privilege log, this office requests the same from your office within seven (7) days.

This office intends to bring a motion for an order to compel production and to compel supplemental responses on the entirety of the 37 requests. Please advise as to any wish on your part to avoid LARIN's motion.

The responses are particularly egregious in that this office provided to you an additional period of time to respond.

Very truly yours,

Allen Hyman

AH:pc

S:\PC\LARIN CORP\RUGA-ltr#3A-10300?px.wpd

Dylan Ruga, Esq.
October 30, 2007
Page 8


bcc: Allen Zhang



# T R A N S M I T T A L

To            :      Dylan Ruga, Esq.
                     Steptoe & Johnson, LLP

Facsimile No. :      (310) 734-3229

From          :      **Law Offices of Allen Hyman**

Date          :      October 30, 2007

Pages         :      10 (including cover sheet)

Re            :      *Alltrade Tools LLC's Responses To Larin's First*
                     *Request Local Rule 37-1*

CONFIDENTIALITY NOTICE: The documents accompanying this facsimile transmission contain privileged and confidential information. Do not disclose to, or discuss this information with, anyone other than those identified above. Unauthorized disclosure is strictly prohibited. If you receive this facsimile in error, please notify us by telephone immediately.

**Allen Hyman**
10737 Riverside Drive
North Hollywood, California
91602
Tel: (818) 763-6289
Fax: (818) 763-4676

EXHIBIT B

# STEPTOE & JOHNSON LLP

## ATTORNEYS AT LAW

Dylan Ruga
Tel 310.734.3228
Fax 310.734.3229
druga@steptoe.com

2121 Avenue of the Stars
Suite 2800
Los Angeles, CA 90067
Tel 310.734.3200
Fax 310.734.3300
steptoe.com

November 2, 2007

<u>Via Facsimile</u> and <u>U.S. Mail</u>

<u>Allen Hyman, Esq.</u>
Law Offices of Allen Hyman
10737 Riverside Drive
North Hollywood, California 91602

Re:     **Larin Corporation v. Alltrade Inc., et al.**

Dear Mr. Hyman,

I am in receipt of your two joint stipulations regarding Alltrade Tools, LLC's responses to Larin's first and second requests for production of documents. The purpose of this letter is to demand that you immediately withdraw the joint stipulations.

As you know, Alltrade Tools, LLC responded to this discovery three months ago--in July 2007. We heard no complaints until October 30, 2007, when you sent a "meet and confer" letter to address certain alleged inadequacies. Only two days later, you sent the joint stipulations in support of motions to compel.

As you know, Local Rule 37-1 provides that the meet and confer "shall take place in person." You have not fulfilled this requirement. Furthermore, the rule states that opposing counsel has 10 days in which to meet and confer. You, however, provided us with only two days.

In short, I am confident that all of the issues in your meet and confer letter and joint stipulations can be resolved amicably, without the need to burden the court or waste our client's money. We are happy to meet with you, either in person or on the telephone, to discuss each response that you take issue with.

Please advise by **5:00 p.m. today** whether you will agree to withdraw your joint stipulations and meet and confer in good faith to resolve these issues. If we do not hear from you, or if you refuse, we will oppose the motions and inform the court that you have failed to comply with the Local Rules.

STEPTOE & JOHNSON LLP

Allen Hyman, Esq.
November 2, 2007
Page 2

Of course, nothing contained in this letter is intended to waive any of our clients' rights, remedies or claims, all of which are expressly reserved.

Very truly yours,

Dylan Ruga

cc:    Seong Kim, Esq.
       Elisha Lawrence, Esq.

1   **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        I am employed in the County of Los Angeles, State of
    California.  I am over the age of 18 and not a party to the within
4   action.  My business address is 10737 Riverside Drive, North
    Hollywood, California 91602.

5

6        On November 13, 2007, I served the foregoing document
    described as **JOINT STIPULATION AS TO PLAINTIFF'S  MOTION TO COMPEL
    RESPONSES AND PRODUCTION OF DOCUMENTS WITH REGARD TO PLAINTIFF'S**
7   **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
    ALLTRADE TOOLS, LLC; AND FOR SANCTIONS; DECLARATION OF ALLEN**
8   **HYMAN; DECLARATION OF DYLAN RUGA** on the parties in this action by
    placing a copy thereof enclosed in a sealed envelope addressed as
9   follows:

10       **PLEASE SEE ATTACHED SERVICE LIST**

11  [ ]   (BY MAIL) to the addressees as indicated on the attached
            Service List, as follows:  I am "readily familiar" with the
12          firm's practice of collection and processing of
            correspondence for mailing.  Under that practice, it would
13          be deposited with the U.S. postal service on that same day
            with postage thereon fully prepaid at North Hollywood,
14          California in the ordinary course of business.  I am aware
            that on motion of the party served, service is presumed
15          invalid if postage cancellation date or postage meter date
            is more than one day after the date of deposit for mailing
16          in affidavit.

17  [X]   (BY PERSONAL SERVICE) I caused such envelope to be delivered
            by hand to the addressee as indicated on the attached
18          service list.

19  [ ]   (BY FACSIMILE) I sent such document via facsimile to
            the offices of the addressees as indicated on the attached
20          service list.

21  [ ]   (BY OVERNIGHT MAIL SERVICE)  I caused such document to be
            delivered via Overnight Mail to the addressees as indicated
22          on the attached service list.

23  [ ]   (STATE)  I declare that I am employed in the office of a
            member of the Bar of this Court at whose direction the
24          service was made.

25  [X]   (FEDERAL)  I declare that I am employed in the office of a
            member of the Bar of this Court at whose direction the
26          service was made.

27  Executed on November 13, 2007, at North Hollywood, California.

28

                                    _Rory P. Rentmeester_
                                    Rory P. Rentmeester

PC-10:C:\Documents and Settings\Rory Rentmeester\Desktop\CASES\Larin\Proof of Service.wpd

1

## __SERVICE LIST__

2

3  Seong H. Kim, Esq.
   Dylan Ruga, Esq.
   Steptoe & Johnson, LLP
4  2121 Avenue of the Stars, Suite 2800
   Los Angeles, CA   90067
5  T: (310) 734-3232
   F: (310) 734-3231
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28