1  | Seong H. Kim, State Bar No. 166604
   | (skim@steptoe.com)
2  | Dylan Ruga, State Bar No. 235969
   | (druga@steptoe.com)
3  | Steptoe & Johnson, LLP
   | 2121 Avenue of the Stars, Suite 2800
4  | Los Angeles, California 90067
   | Telephone: (310) 734-3200
5  | Facsimile: (310) 734-3231

6  | Attorneys for Defendants and Counter-
   | Claimants ALLTRADE TOOLS LLC
7  | (erroneously sued as "ALLTRADE TOOLS,
   | LLC"), ALLTRADE INC. (erroneously sued
8  | as "ALLTRADE, INC."), and ANDRE
   | LIVIAN
9  |

10 |

11 |                    UNITED STATES DISTRICT COURT

12 |               FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 |

14 | LARIN CORPORATION,                    Case No. EDCV06-1394 ODW (OPx)

15 |            Plaintiff,
                                          **DEFENDANTS ALLTRADE INC.**
16 |       v.                             **AND ANDRE LIVIAN'S**
                                          **MEMORANDUM OF POINTS AND**
17 | ALLTRADE, INC., a California          **AUTHORITIES IN SUPPORT OF**
   | corporation; ALLTRADE TOOLS, LLC,     **MOTION FOR SUMMARY**
18 | a California limited liability company; **JUDGMENT**
   | ANDRE LIVIAN, an individual,
19 |                                       **[Notice of Motion and Declarations**
   |            Defendants.               **of Dylan Ruga, Andre Livian and**
20 |                                       **Pamela Glines filed herewith;**
   | ALLTRADE TOOLS LLC, a California      **Defendants' Separate Statement of**
21 | limited liability company,            **Undisputed Facts and [Proposed]**
   |                                       **Order lodged herewith]**
22 |            Counter-Claimant,
                                          Judge:   Otis D. Wright II
23 |       v.                             Date:    February 11, 2008
                                          Time:    1:30 p.m.
24 | LARIN CORPORATION, a California,      Place:   Courtroom 11
25 |            Counter- Defendant.
                                          Disc. Cut-Off:   Feb. 4, 2008
26 |                                       Pretrial Conf:   March 24, 2008
27 |                                       Trial:           April 22, 2008
28 |

---

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................1

II.   STATEMENT OF FACTS ....................................................................1

    A.    Background of Larin and the Larin Stool ..............................1

    B.    Background of the 481249 Stool and the 481249 Box .......................2

    C.    The Scope of Larin's Claims ................................................3

III.  LEGAL STANDARD .........................................................................4

IV.   DISCUSSION......................................................................................4

    A.    Alltrade Inc. is Entitled to Summary Judgment Because the Undisputed Evidence Confirms That it Ceased All Business Activities Years Before the Product at Issue was Created................4

    B.    Andre Livian is Entitled to Summary Judgment Because the Undisputed Evidence Confirms That he Had no Role in the Design, Manufacture or Sale of the 481249 Stool or 481249 Box ..........................................................................................6

    C.    Alltrade Inc. and Mr. Livian are Entitled to Recover Their Attorneys' Fees Under 17 U.S.C. § 1117(a) Because Larin's Claims Against These Defendants Are Groundless ...........................7

    D.    Plaintiff's State Law Claims Also Fail ................................8

V.    CONCLUSION ...................................................................................9

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

Anderson v. Liberty Lobby, Inc.,
    477 U.S. 242 (1986) ................................................................................4

Cairns v. Franklin Mint Co.,
    115 F. Supp. 2d 1185 (C.D. Cal. 2000) ..................................................7

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986) ................................................................................4

Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,
    173 F.3d 725 (9th Cir. 1999)...................................................................6

Keenan v. Allan,
    91 F.3d 1275 (9th Cir. 1996)...................................................................4

Love v. Mail on Sunday,
    2007 WL 2709975 (C.D. Cal. Sept. 7, 2007)..........................................8

Murphy Tugboat Co. v. Shipowners & Merchants Towboat Co., Ltd.,
    467 F. Supp. 841 (N.D. Cal. 1979) .........................................................6

Societe Civile Succession Richard Guiono v. Beseder Inc.,
    2007 WL 3238703 (D. Ariz. Oct. 31, 2007).............................................7

Southland Sod Farms v. Stover Seed Co.,
    108 F.3d 1134 (9th Cir. 1997)..................................................................5

**STATE CASES**

Delfino v. Agilent Technologies, Inc.,
    145 Cal. App. 4th 790 (2006).................................................................5

Perez v. Van Groningen & Sons, Inc.,
    41 Cal. 3d 962 (1986).............................................................................5

## FEDERAL STATUTES

17 U.S.C. § 1117(a) ................................................................................................. 7

Fed. R. Civ. P. 56(c) ............................................................................................... 4

Fed. R. Civ. P. 56(e) ............................................................................................... 4

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**

## I.   __INTRODUCTION__

This lawsuit was filed by Larin Corporation ("Larin") against Alltrade Inc., Alltrade Tools LLC and Andre Livian.[1]  The gravamen of the Complaint is that the defendants allegedly engaged in false advertising under both state and federal law as a result of selling a stool in a box that Larin contends is confusingly similar to Larin's stool and box.

The undisputed evidence, however, reveals that Alltrade Inc. ceased selling any products in 2002—years before the allegedly wrongful stools and packaging were created.  Accordingly, Alltrade Inc. cannot be responsible for any of the wrongdoing and is entitled to summary judgment as a matter of law.

Furthermore, the undisputed evidence demonstrates that defendant Andre Livian ("Mr. Livian"), who is the managing member of Alltrade Tools LLC, had absolutely no involvement with the product or packaging at issue.  It follows that Mr. Livian cannot be held personally liable for any of the alleged wrongdoing and also is entitled to summary judgment as a matter of law.

## II.   __STATEMENT OF FACTS__

### A.   __Background of Larin and the Larin Stool__

According to the Complaint, Larin is a corporation that is involved in the manufacture and sale of a variety of products, including automotive equipment and accessories.  (Statement of Undisputed Facts in Support of Motion for Summary Judgment ("SUF") No. 1.)  In 2002, Larin first sold a product it refers to as the Larin Pneumatic Biker Seat (the "Larin Stool").  (SUF, No. 2.)  The Larin Stool always was sold in a box (the "Larin Box").  (SUF, No. 3.)

In 2004, the Larin Stool was sold in the Larin Box to, among other places, Sam's Club.  (SUF, No. 4.)  In 2005, Larin continued to sell its stool to Sam's Club and also began selling the same stool to Sam's Club's primary competitor, Costco Wholesale.  (SUF, No. 5.)  Costco sold the product at retail for

---

[1] This motion is brought only on behalf of defendants Alltrade Inc. and Andre Livian. Alltrade Tools LLC will file a separate motion for summary judgment at a later date.

__MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT__

1  approximately $85.99, whereas Sam's Club sold the product for $97.00—or
2  $11.00 more than Costco. (SUF, No. 6)  As a result, Sam's Club contacted Larin
3  and demanded that the wholesale price be reduced so that Sam's Club could
4  better compete with Costco. (SUF, No. 7).  Larin refused to drop its price and, as
5  a result, in *early June 2005* Sam's Club cancelled its remaining orders of the
6  Larin Stool. (SUF, No. 8.)  The last shipment of the Larin Stool to Sam's Club
7  was in September 2005. (SUF, No. 9.)

8  **B.   Background of the 481249 Stool and the 481249 Box**

9  Alltrade Inc. was formed in 1979. (SUF, No. 10.)  From 1979 until 2002,
10  Alltrade Inc.'s primary business was to develop, market and supply hand tools,
11  power tools, automotive accessories and related products. (SUF, No. 11.)

12  Alltrade Tools LLC was formed in 2002 and took over the operations of
13  Alltrade Inc., including the development, marketing and supply of hand tools,
14  power tools, automotive accessories and related products. (SUF, No. 12.)
15  Alltrade Inc. has had *no employees since 2002* and *ceased all sales activities*
16  once Alltrade Tools LLC was formed. (SUF, No. 13.)

17  Near the end of 2005, or in early 2006, co-defendant Alltrade Tools LLC
18  received a "buy list" from Sam's Club, which listed items that Sam's Club sought
19  to purchase for the 2006 holiday season. (SUF, No. 14.)  Included on this buy list
20  was a request for a "motorcycle stool." (SUF, No. 15.)  In March 2006,
21  representatives from co-defendant Alltrade Tools LLC attended the annual Sam's
22  Club buy trip in Shenzen, China and presented a prototype of a motorcycle stool
23  to Sam's Club. (SUF, No. 16.)

24  At the meeting in China, the Sam's Club buyer committed to purchase
25  approximately 20,000-25,000 motorcycles stools from Alltrade Tools LLC (the
26  "481249 Stool"). (SUF, No. 17.)  Alltrade Tools LLC shipped these products to
27  Sam's Club from August to December 2006 in individual boxes (the "481249

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**

1   Box"). (SUF, No. 18.) There have been no sales of the 481249 Stool in the
2   481249 Box since December 2006. (SUF, No. 19.)

3        Neither Alltrade Inc. nor Mr. Livian had any involvement in the design,
4   manufacture, or sale of the 481249 Stool or the 481249 Box. (SUF, No. 20.)

5   **C.    The Scope of Larin's Claims**

6        Larin claims that Defendants engaged in false advertising under state and
7   federal law because the 481249 Box is so similar to the Larin Box that consumers
8   will be misled. (SUF, No. 21.) Larin does _not_ claim that Defendants have
9   infringed any of Larin's alleged intellectual property, including any trade dress
10  that Larin may have in the Larin Stool or the Larin Box, any copyrights that Larin
11  may have in the Larin Box, or any patents that Larin may have in the Larin Stool.

12       Larin previously described the scope of its claim to the Court as follows:

13            The case is limited. During 2002 to 2006, Plaintiff
14       LARIN had developed, marketed, and sold at wholesale a
         distinct type of seat (stool), to certain retailers (Sam's Club and
15       Costco), in a LARIN-designed box with distinct advertisement
16       [sic] on the box, (coloring, design of the advertisement,
         pictures of persons using the stool in a club, in their garage, or
17       at a repair shop). LARIN sold its stool to retailers for resale in
18       the LARIN Box.

19            In 2006, ALLTRADE copied the LARIN stool, (made an
         inferior copy of the LARIN stool), and copied the exact
20       coloring, design, and composition of pictures of the LARIN
21       box and sold the ALLTRADE stool, in the ALLTRADE box to
         the same retail customers as LARIN, which LARIN asserted
22       caused customer confusion, and loss of good will of the
         LARIN stool.
23
24            **LARIN asserted ALLTRADE engaged in intentional
         false advertising by copying the LARIN advertising on
25       LARIN's box as compared to the ALLTRADE box.**

26  (SUF, No. 22) (internal citations omitted) (emphasis added).

27
28

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**

## III.   LEGAL STANDARD

As stated in Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Material facts are those that may affect the outcome of a case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine only if there is sufficient evidence for the fact finder to find for the non-moving party. Id.

The moving party bears the initial burden of presenting evidence that it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to demonstrate that there is a genuine issue of fact for trial.  In so doing, it "may not rest upon the mere allegations or denials of [that] party's pleadings, but . . . must set forth specific facts . . . ." Fed. R. Civ. P. 56(e). Accordingly, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996).  If the non-moving fails to meet its burden, the moving party is entitled to summary judgment as a matter of law.  Celotex, 477 U.S. at 323.

## IV.   DISCUSSION

### A.   Alltrade Inc. is Entitled to Summary Judgment Because the Undisputed Evidence Confirms That it Ceased All Business Activities Years Before the Product at Issue was Created

The elements for a claim of false advertising under the Lanham Act are: "(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant

1    caused its false advertising to enter interstate commerce; (5) the plaintiff has been

2    or is likely to be injured as a result of the false statement, either by direct

3    diversion of sales from itself to defendant or by a lessening of the goodwill

4    associated with its products." <u>Southland Sod Farms v. Stover Seed Co.</u>, 108 F.3d

5    1134, 1139 (9th Cir. 1997).

6        Here, Larin cannot satisfy any of the elements against Alltrade Inc. because

7    that company did not make *any* statement of fact in or on the 481249 Box. As

8    noted above, the undisputed evidence confirms that Alltrade Inc. <u>*ceased all sales*</u>

9    <u>*activities in 2002*</u> and has had <u>*no employees*</u> since that time. (SUF, Nos. 12, 13.)

10    The 481249 Box, however, was not created or sold until 2006. (SUF, No. 23.)

11    Alltrade Inc., therefore, had nothing to do with the product at issue in this

12    litigation; rather, the 481249 Box was created and sold exclusively by co-

13    defendant Alltrade Tools LLC. (SUF, No. 24.) It follows that Larin cannot

14    demonstrate that Alltrade Inc. is *primarily* liable for any acts of false advertising

15    that arise out of the 481249 Box.

16        Nor can Larin prove that Alltrade Inc. is *vicariously* liable for any alleged

17    wrongdoing. Larin does not (indeed, cannot) allege that Alltrade Inc. is the alter-

18    ego of Alltrade Tools LLC. Larin does, however, allege that "each of the three

19    (3) DEFENDANTS is . . . responsible for the unlawful acts as alleged, under the

20    doctrine of respondient [sic] superior." (SUF, No. 25.)

21        The doctrine of respondeat superior, however, applies only between an

22    employee and employer. The doctrine states that "an employer is vicariously

23    liable for his employee's torts committed within the scope of the employment."

24    <u>Delfino v. Agilent Technologies, Inc.</u>, 145 Cal. App. 4th 790, 812 (2006); <u>Perez</u>

25    <u>v. Van Groningen & Sons, Inc.</u>, 41 Cal. 3d 962, 967 (1986).

26        Here, there is no employer/employee relationship between Alltrade Inc., on

27    the one hand, and Alltrade Tools LLC or any of the employees of Alltrade Tools

28

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**

1   LLC, on the other hand.  Indeed, the undisputed evidence confirms that Alltrade
2   Inc. has had *no employees since 2002.*  (SUF, No. 13.)

3       The only *possible* way for Alltrade Inc. to be held vicariously liable in this
4   action is if Mr. Livian (Alltrade Inc.'s President and CEO, and Alltrade Tools
5   LLC's managing member) engaged in some tortious conduct within the scope of
6   his employment at Alltrade Inc.  As explained below, however, Mr. Livian was
7   not involved in any manner in the design, manufacture or sale of the 481249 Box
8   or 481249 Stool.  Mr. Livian, therefore, committed no tort.  It follows that
9   Alltrade Inc. cannot be liable under the doctrine of respondeat superior.

10      Alltrade Inc. is neither *primarily* liable nor *vicariously* liable for any of the
11  acts alleged in Larin's Complaint.  It follows that Alltrade Inc. is entitled to
12  summary judgment as a matter of law.

13      **B.      Andre Livian is Entitled to Summary Judgment Because the**
14              **Undisputed Evidence Confirms That he Had no Role in the**
15              **Design, Manufacture or Sale of the 481249 Stool or 481249 Box**

16      Mr. Livian did not personally have any involvement in the design,
17  manufacture or sale of the 481249 Stool or the 481249 Box.  (SUF, No. 26.).  The
18  only *possible* basis for Mr. Livian's liability, therefore, is premised on his
19  capacity as a managing member of Alltrade Tools LLC.

20      Officers and directors (or, in this case, managing members) are personally
21  liable for torts committed by the entity only if the individual authorizes, directs or
22  participates in the tort.  Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,
23  173 F.3d 725, 734 (9th Cir. 1999).  "Courts have, however, consistently stated
24  that a corporate executive will not be held vicariously liable, merely by virtue of
25  his office, for torts of his corporation.  *Personal liability must be founded upon*
26  *specific acts by the individual officer or director*."  Murphy Tugboat Co. v.
27  Shipowners & Merchants Towboat Co., Ltd., 467 F. Supp. 841, 852 (N.D. Cal.
28  1979) (emphasis added) (internal citations omitted).

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**

1   Here, the undisputed evidence is that Mr. Livian did **not** authorize, direct,
2   or participate in the alleged wrongdoing.  (SUF, No. 27.)  To the contrary, the
3   *undisputed* evidence demonstrates that Mr. Livian was not personally involved in
4   any of the decisions to design, create, manufacture or sell the 481249 Box or the
5   481249 Stool.  (SUF, No. 26)  It follows that Mr. Livian is not personally liable
6   for any of the alleged wrongdoing and is entitled to summary judgment as a
7   matter of law.

8        **C.**    **Alltrade Inc. and Mr. Livian are Entitled to Recover Their**
9                 **Attorneys' Fees Under 17 U.S.C. § 1117(a) Because Larin's**
10                **Claims Against These Defendants Are Groundless**

11      The Lanham Act provides that "[t]he court in exceptional cases may award
12  reasonable attorney fees to the prevailing party." 17 U.S.C. § 1117(a).  The Ninth
13  Circuit has interpreted this language to mean that an award of fees should be
14  awarded to a defendant if the case "is *either* groundless, unreasonable, vexatious,
15  *or* pursued in bad faith." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th
16  Cir. 2002) (emphasis in original).

17      Here, Larin's claims against Alltrade Inc. and Mr. Livian are absolutely
18  groundless and lack any basis in law or fact.  The undisputed evidence is clear
19  that these defendants had no participation in any of the alleged wrongdoing, but
20  Larin refused to drop its claims.  (SUF, Nos. 20, 23, 24, 26, 27, 28)  Courts
21  routinely grant attorneys' fees to defendants under similar circumstances. See,
22  e.g., Cairns v. Franklin Mint Co., 115 F. Supp. 2d 1185, 1189 (C.D. Cal. 2000)
23  ("[T]he false advertising claim was . . . unreasonable because plaintiffs should
24  have either not brought the claim in the first instance, or voluntarily dismissed it
25  when it was clear that there was no evidence to support it.  Defendants are
26  entitled to recover attorneys' fees for defending this claim."); Societe Civile
27  Succession Richard Guiono v. Beseder Inc., 2007 WL 3238703, at *13 (D. Ariz.
28  Oct. 31, 2007) (awarding attorneys' fees to a defendant who prevailed on

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**

1 | summary judgment because "Plaintiff introduced virtually no evidence to support
2 | [its Lanham Act] claim."); <u>Love v. Mail on Sunday</u>, 2007 WL 2709975, at *6
3 | (C.D. Cal. Sept. 7, 2007) (awarding attorneys' fees to a defendant who
4 | successfully defended a claim under the Lanham Act because "Plaintiff stated
5 | absolutely no allegations against these Defendants by which they (as opposed to
6 | ANL) could be held responsible for the creation or distribution of the allegedly
7 | infringing material.").

8 |      Based on the foregoing, Alltrade Inc. and Mr. Livian are entitled to recover
9 | their attorneys' fees in this action.  These defendants will submit detailed
10 | evidence of the fees incurred upon request from the Court.

11 | **D.**    **Plaintiff's State Law Claims Also Fail**

12 |      In addition to its Lanham Act claim, Plaintiff also asserts that defendants
13 | Alltrade Inc. and Mr. Livian committed California common-law unfair
14 | competition and violated California Business & Professions Code §§ 17200 and
15 | 17500.  The Ninth Circuit has explained on several occasions that these state-law
16 | claims are "substantially congruent" with the Lanham Act claim and therefore rise
17 | or fall with each other.  <u>Cleary v. News Corp.</u>, 30 F.3d 1255, 1262-63 (9th Cir.
18 | 1994) ("This Circuit has consistently held that state common law claims of unfair
19 | competition and actions pursuant to California Business and Professions Code §
20 | 17200 are 'substantially congruent' to claims under the Lanham Act.").  It follows
21 | that Plaintiff's state-law claims fail for the reasons discussed above.
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**

1    **V.    CONCLUSION**

2         For the reasons set forth above, defendants Alltrade Inc. and Mr. Livian

3    respectfully request that the Court grant summary judgment in their favor and

4    award them their reasonable attorneys' fees.

5

6    Dated:  January 17, 2008            STEPTOE & JOHNSON, LLP

7

8                                         By:_____
                                          Seong H. Kim
9                                         Dylan Ruga
10                                        Attorneys for Defendants ALLTRADE
                                          TOOLS LLC, ALLTRADE INC., and
11                                        ANDRE LIVIAN, and Counter-Claimant
12                                        ALLTRADE TOOLS LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -

**MEM. OF P&A IN SUPPORT OF MOT. FOR SUMMARY JUDGMENT**