```
ALLEN HYMAN, ESQ. (CBN: 73371)
CHRISTINE COVERDALE, ESQ. (CBN: 195635)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
P: (818) 763-6289 or (323) 877-3405
F: (818) 763-4676
Email: lawoffah@aol.com

Attorneys for Plaintiff,
LARIN CORPORATION
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARIN CORPORATION, | ) Case No. EDCV 06-1394 ODW (OPx) |
|   Plaintiff, | ) **EX PARTE APPLICATION TO THE COURT** |
|   v. | ) **TO RECONSIDER ITS ANNOUNCED** |
| ALLTRADE, INC., a California corporation; ALLTRADE TOOLS, LLC, a California limited liability company; ANDRE LIVIAN, an individual, | ) **DECISION OF FRIDAY, APRIL 18, 2008** |
|   Defendants. | ) |

By Ex Parte Application, plaintiff Larin Corporation, ("LARIN"), applies to the Court to reconsider its announced decision at the Friday, April, 18, 2008, A.M. telephone conference where the Court indicated, that the "whole case was over," and directed that defendants' counsel prepare an order or other papers to that effect.

The Court's Order of April 17, 2008, attached as Exhibit No. 1 indicates (Page 3, last paragraph):

> "...On reconsideration, Defendant Alltrade
> Tools LLC's Motion for Summary Judgment is

> GRANTED. Plaintiff's counsel has indicated that he is not prepared to go forward with the trial on any other theory of unfair competition, such as false advertising. If that is indeed the case, then the court would have no alternative but to enter judgment in favor of defendants...."

At the telephonic hearing on April 18, 2008, plaintiff's counsel did indicate that plaintiff was prepared to proceed with a false advertising claim.

As set forth in this application, and the accompanying declaration of Allen Hyman, with regard to its false advertising claim, plaintiff need only rely upon the same witnesses that are listed on the joint witness list and the same documentary evidence as identified on the present joint exhibit list to proceed.

To the extent that at the April 18, 2008 telephone conference the Court believed or construed that plaintiff needed to add additional witnesses, or include additional documents, such is not the case.

## **Reliance and Due Process**

The Court on March 19, 2008 had initially denied defendants' motion for summary judgment as to plaintiff's claim for trade dress infringement. LARIN therefore prepared its pretrial documents as asserting its claim of trade dress infringement, and intentional trade dress infringement, based upon the status of the case as of the time of submission of the pretrial papers.

<u>On Thursday, April 3, 2008</u>, two business days prior to the April 7, 2008 scheduled pretrial conference, the defendants file an ex parte application for reconsideration of the Court's denial of MSJ 2, based only upon the alleged conduct of plaintiff's counsel in two other courts.

Plaintiff LARIN's pretrial papers, the proposed pretrial conference order, the testimony to be elicited, and the jury instructions, were submitted as based upon the fact that the Court had denied defendants' MSJ 2.  The Court then on April 14, 2008, considers the April 3, 2008 Ex Parte for reconsideration of defendants' MSJ 2 as to estoppel, and on April 17, 2008 grants defendants' application which Order is served on April 18, 2008.

As plaintiff LARIN's counsel attempted to indicate at the telephone conference hearing on Friday, April 18, 2008, LARIN is prepared to proceed to trial on its claim of False Advertising based only upon the witnesses and evidence identified on the witness list and the exhibit list.

All that need be done is for the parties to prepare a modified pretrial conference order, jury instructions and verdict as to the false advertising claim, and modify to the extent necessary, the testimony of the same witnesses identified.

Plaintiff LARIN respectfully suggests that those modifications can be made within several days, and that the Court can then hold a further pretrial conference and set the matter for trial on plaintiff's claim of false advertising.

Plaintiff LARIN contends it has sufficient evidence to establish a prima facie case of false advertising.

Plaintiff LARIN asserts that in opposition to the MSJ 2, LARIN indicated statements of additional fact, that there was some evidence that defendants had used photographs of the LARIN stool in advertising the ALLTRADE product, such evidence coming from the testimony of defendants' graphic arts designer who created the ALLTRADE boxes.

1    It is well established that Section 43(a), false
2 advertising, is found where the defendants, used photographs of
3 plaintiff LARIN's product to sell the defendants' products.
4 <u>Sublime Productions, Inc. v. Gerber Productions Inc.</u>, 579 F.Supp.
5 248, 223 U.S.P.Q. 383 (S.D.N.Y. 1984), found that defendants' use
6 of plaintiff's product and a photo of it to solicit sales of
7 defendants' different products is false advertising under Section
8 43(a), 3 <u>McCarthy On Trademarks</u> 27.08(1)(b).

9    If the jury finds intentional conduct of false
10 advertising, that is an intent to deceive, plaintiff can establish
11 false advertising through defendants' intent and circumstantial
12 evidence to that effect.

13    There has been no ruling on the merits of plaintiff's
14 false advertising claim, and the Court in its denial of the MSJ 2,
15 indicated that it was not addressing the merits.  The Court's Order
16 of April 17, 2008, found only estoppel as to plaintiff LARIN's
17 claim of trade dress infringement.

18    On April 15, 2008, defendants' counsel presented
19 extensive argument, displaying a jury instruction as to false
20 advertising, asserting that the false advertising claim that
21 defendants' counsel believed was at issue had the same elements as
22 that of trade dress infringement, but that the evidentiary burden
23 was higher in that plaintiff had to demonstrate actual deception.

24    Plaintiff indicated on April 18, 2008, that plaintiff did
25 wish to proceed, asserting false advertising.  And the Court
26 (possibly believing that plaintiff had to include additional
27 witnesses, or add additional documents, not yet identified in the
28 pretrial papers), held that plaintiff LARIN should not be allowed

to do so.

Plaintiff LARIN need not add any additional witnesses, nor any additional documents, other than what is identified in the witness list or exhibit list presented.

Plaintiff LARIN therefore respectfully requests that the Court vacate its oral order dismissing plaintiff's claim, for what is now "false advertising," allow plaintiff to amend the pretrial conference order to assert the false advertising claim, and submit jury instructions and a proposed verdict to that effect, and proceed to trial on that claim.

Respectfully Submitted,

LAW OFFICES OF ALLEN HYMAN

DATED: April 22, 2008        By:    /s/ Allen Hyman, Esq.
                                    Allen Hyman, Esq.
                                    Attorneys for Plaintiff,
                                    LARIN CORPORATION