1  Seong H. Kim, State Bar No. 166604
   (skim@steptoe.com)
2  Dylan Ruga, State Bar No. 235969
   (druga@steptoe.com)
3  Steptoe & Johnson, LLP
   2121 Avenue of the Stars, Suite 2800
4  Los Angeles, California 90067
   Telephone:  (310) 734-3200
5  Facsimile:  (310) 734-3231

6  Attorneys for Defendants and Counter-
   Claimants ALLTRADE TOOLS LLC
7  (erroneously sued as "ALLTRADE TOOLS,
   LLC"), ALLTRADE INC. (erroneously sued
8  as "ALLTRADE, INC."), and ANDRE
   LIVIAN
9

10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| 13  LARIN CORPORATION, | Case No. EDCV06-1394 ODW (OPx) |
| 14         Plaintiff, | **DEFENDANTS' NOTICE OF <u>EX PARTE</u> APPLICATION AND <u>EX PARTE</u> APPLICATION FOR AN ORDER TO SHOW CAUSE WHY ALLEN HYMAN SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH COURT'S ORDER; DECLARATION OF DYLAN RUGA IN SUPPORT THEREOF**  [[PROPOSED] Order Lodged Herewith]  Date:     n/a  Time:     n/a  Judge:    Otis D. Wright II  Courtroom: 11 |
| 15     v. | |
| 16  ALLTRADE, INC., a California corporation; ALLTRADE TOOLS, LLC, a California limited liability company; ANDRE LIVIAN, an individual, | |
| 17 | |
| 18 | |
| 19         Defendants. | |
| 20  ALLTRADE TOOLS LLC, a California limited liability company, | |
| 21 | |
| 22         Counter-Claimant, | |
| 23     v. | |
| 24  LARIN CORPORATION, a California, | |
| 25         Counter-Defendant. | |

26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**Please take notice** that defendants Alltrade, Inc., Alltrade Tools, LLC and Andre Livian (collectively, "Defendants") hereby move the Court, located at Courtroom 11 in the United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012, before the Honorable Otis D. Wright II, for an <u>ex parte</u> Order, pursuant to L.R. 7-19, for Mr. Hyman to show cause in writing why he should not be held in contempt.

This motion is made following notice to Plaintiff's counsel pursuant to L.R. 7-19, which took place on December 26, 2008. A copy of this Ex Parte Application has been sent via facsimile to Plaintiff's counsel at the following address:

> Allen Hyman, Esq. and Christine Coverdale, Esq.
> Law Offices of Allen Hyman
> 10737 Riverside Drive
> North Hollywood, CA 91602
> Phone: (818) 763-6289
> Fax:   (818) 763-4676

This motion is based upon this Notice, the Memorandum of Points and Authorities, the [PROPOSED] Order submitted herewith, the Declaration of Dylan Ruga and exhibits thereto, the pleadings, files and records in this case and such further evidence and oral argument as may be presented by Defendants prior to or at the hearing on this application.

Dated: December 29, 2008

STEPTOE & JOHNSON, LLP

By: /s/
Seong H. Kim
Dylan Ruga
Attorneys for Defendants ALLTRADE TOOLS LLC, ALLTRADE INC., and ANDRE LIVIAN, and Counter-Claimant ALLTRADE TOOLS LLC

DEFENDANTS' NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR OSC RE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Sadly, some things never change. Over six months have passed since the Court disposed of this case but Plaintiff's counsel, Allen Hyman, continues to act defiantly by ignoring a direct order from this Court.

On July 11, 2008, the Court issued an order granting Defendants' motion for attorneys' fees under 28 U.S.C. § 1927 (the "Order"). Pursuant to the Order, Mr. Hyman had ninety (90) days to pay $6,840 to Defendants. The deadline passed months ago, and Defendants still have not received payment from Mr. Hyman.

On December 26, 2008, Defendants' counsel sent an email to Mr. Hyman reminding him of his obligation and asking for written confirmation that the order would be satisfied. Mr. Hyman did not respond to this email.

Through the instant application, Defendants request that the Court order Mr. Hyman to Show Cause in writing, by no later than January 5, 2009, why he should not be held in contempt for violating the Order.

## II. LEGAL STANDARD

"In a civil contempt action, the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *Federal Trade Comm'n v. Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004); *Go-Video, Inc. v. Motion Picture Ass'n of America*, 10 F.3d 693, 695 (9th Cir. 1993).

## III. DISCUSSION

### A. Mr. Hyman Violated a Specific and Definite Order of the Court

There is no doubt that Mr. Hyman violated a specific and definite order of the Court. Indeed, the Order required Mr. Hyman to pay Defendants $6,840 within ninety (90) days of July 11, 2008. (Declaration of Dylan Ruga filed herewith ("Ruga Decl."), ¶ 2, Ex. A.) The deadline for payment, therefore, was October 9,

2008. To date, however, neither Defendants nor Defendants' counsel has received the payment. (*Id.* at ¶ 3.)

On December 26, 2008, Defendants' counsel sent Mr. Hyman an email reminding him of his obligation and asking for written confirmation that the payment would be forthcoming. (Ruga Decl., ¶ 4, Ex. B.) The email warned that Defendants would seek a contempt order if confirmation was not received:

> This email constitutes notice that, if by Monday, December 29th at 5:00 p.m., we do not have confirmation from you that payment will be made within the next 7 days, we will immediately file an ex parte application to enforce the Court's Orders and/or for an OSC re contempt.

(Ruga Decl., ¶ 4, Ex. B.) Mr. Hyman did not respond to this email. (*Id.*, ¶ 5.)

### B. Mr. Hyman Should be Ordered to Show Cause in Writing Why he Should Not Be Held in Contempt

For the reasons set forth above, Defendants have satisfied their burden of demonstrating that Mr. Hyman violated a specific Order of the Court. The burden now shifts to Mr. Hyman to demonstrate why he should not be held in contempt. *Enforma Natural Prods.*, 362 F.3d at 1211; *Go-Video*, 10 F.3d at 695.

Defendants respectfully request that the Court order Mr. Hyman to show cause in writing, by no later than January 5, 2009, why he should not be held in contempt for violating the Order.

### C. Sanctions Are Appropriate if Mr. Hyman is Found in Contempt

If the Court finds that Mr. Hyman is in contempt for failing to comply with the Order, Defendants respectfully that the Court issue sanctions. At a minimum, these sanctions should include reimbursement of Defendants' attorneys' fees incurred in preparing the instant motion. Additional sanctions, however, may be appropriate in the Court's discretion.

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant the instant ex parte application and order Mr. Hyman to show cause in writing, by no later than January 5, 2009, why he should not be held in contempt for failure to comply with the Order. If the Court finds that Mr. Hyman is in contempt, Defendants request that the Court issue sanctions that include, at a minimum, reimbursement of Defendants' attorneys' fees incurred in preparing the instant motion.

Dated: December 29, 2008

STEPTOE & JOHNSON, LLP

By: _____
Seong H. Kim
Dylan Ruga
Attorneys for Defendants ALLTRADE TOOLS LLC, ALLTRADE INC., and ANDRE LIVIAN, and Counter-Claimant ALLTRADE TOOLS LLC

# DECLARATION OF DYLAN RUGA

I, Dylan Ruga, declare as follows:

1. I am an attorney at law licensed to practice before the State of California and before this Court. I am an associate with the law firm of Steptoe & Johnson LLP, attorneys of record for Alltrade, Inc., Alltrade Tools, LLC, and Andre Livian (collectively, "Defendants"). I have personal knowledge of the matters stated herein, except where stated on information and belief, and if called as a witness, I would and could competently testify thereto.

2. On July 11, 2008, the Court granted Defendants' motion for attorneys' fees pursuant to 28 U.S.C. § 1927 (the "Order"). The Order required Mr. Hyman to pay Defendants $6,840 within ninety (90) days of July 11, 2008. A true and correct copy of the Order is attached hereto as Exhibit A.

3. To date, Defendants' counsel has not received any payment from Mr. Hyman. I am informed and believe that Defendants have not received payment.

4. On December 26, 2008, I sent Mr. Hyman an email reminding him of his obligation and asking for written confirmation that the payment would be forthcoming. A true and correct copy of my email is attached hereto as Exhibit B.

5. Mr. Hyman did not respond to my December 26, 2008 email.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on December 29, 2008.

Dylan Ruga

DEFENDANTS' NOTICE OF EX PARTE APPLICATION AND EX PARTE APPLICATION FOR OSC RE