O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 06-01394 ODW (OPx) | Date | October 28, 2010 |
|---|---|---|---|
| Title | *Larin Corp. v. Alltrade, Inc., et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not present | Not present | |

**Proceedings (In Chambers):**   **Order DENYING Defendants'** *Ex Parte* **Application for an Order to Show Cause Why Plaintiff Should Not Be Held in Contempt for Failure to Comply with Court-Ordered Cost Award [406]**

     Currently before the Court is Defendants Alltrade, Inc., Alltrade Tools, LLC and Andre Livian's (collectively, "Defendants") October 22, 2010 *Ex Parte* Application for an Order to Show Cause Why Plaintiff, Larin Corporation ("Plaintiff"), Should Not Be Held in Contempt for Failure to Comply with Court-Ordered Cost Award. (Dkt. # 406.)  Having considered the arguments made in support of the instant Motion, the Court deems this matter appropriate for decision without oral argument  *See* FED. R. CIV. P. 78; L.R. 7-15.  For the following reasons, the Court **DENIES** Defendants' *Ex Parte* Application.

     "*Ex parte* motions are rarely justified." *Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 490 (C.D.Cal. 1995).  In bringing an *ex parte* motion, a movant must present evidence that shows "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Id.* at 492.  In addition, "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.*  This requires "more than a showing that the other party is the sole wrongdoer." *Id.* at 493. Here, Defendants have not only failed to *convince* the Court that either irreparable prejudice would occur should this particular issue be heard according to regularly-noticed motion procedures or that they are without excusable fault for the present situation, but have completely bypassed any *mention* of the standard they are required to meet.  In other words, the Court cannot conclude that Defendants are entitled to the *ex parte* relief that they request because they neglected to present *any* evidence that might justify the expedited consideration of their questions.

     In any event, the Court would be disinclined to grant Defendants' the requested relief at this time.  Given the reversal, albeit partial, of the final judgment on which the costs taxed were based, and the remand of an issue to this Court for further litigation and adjudication, the parties'

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 06-01394 ODW (OPx) | Date | October 28, 2010 |
|---|---|---|---|
| Title | *Larin Corp. v. Alltrade, Inc., et al.* | | |

entitlement to or responsibility for costs would similarly seem unresolved. *See Gray v. First Winthrop Corp.*, 989 F.2d 1564, 1574 (9th Cir. 1993) (reversing and remanding case for further proceedings and directing that "[c]osts [] be based upon the final judgment" resulting from that renewed consideration); *Kniespeck v. Unum Life Ins. Co. of Am.*, 2009 WL 3320289, at *1 (E.D. Cal. 2009) (quoting *United States v. Munsingwear*, 340 U.S. 36, 40-41 (1950) (explaining that Federal Rule of Civil procedure "60(b)(5) provides that the court may relieve a party from a final judgment . . . 'based on an earlier judgment that has been reversed or vacated,'" and that the appellate court's reversal of a district court judgment "clearly prevents it from 'spawning any legal consequences,' by an award of . . . costs to a party who has no longer prevailed").

Accordingly, the Court **DENIES** Defendants' *Ex Parte* Application for an Order to Show Cause Why Plaintiff Should Not Be Held in Contempt for Failure to Comply with Court-Ordered Cost Award. The Court reserves consideration of the propriety of a cost award for a date following the conclusion of these proceedings, at which time a prevailing party might be ascertainable. The parties then may *fully* and *appropriately* address any pertinent questions.[1]

IT IS SO ORDERED.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |

---

[1] In consideration of the procedural appropriateness in which the Court believes and for which Plaintiff's counsel so strenuously argues (see Docket # 408), Plaintiff's *Further* Opposition with Regard to *Ex Parte* Application (Dkt. # 412) shall hereby be **STRICKEN** from the record as having been filed without first seeking leave of this Court.